| | |
|---|---|
| 1 | Quarles & Brady LLP<br>Firm State Bar No. 00443100<br>Renaissance One<br>Two North Central Avenue<br>Phoenix, Arizona 85004-2391<br>TELEPHONE 602.229.5200 |
| 2 | |
| 3 | |
| 4 | James A. Ryan (#009253)<br>James.Ryan@quarles.com<br>Lauren E. Stine (#025083)<br>Lauren.Stine@quarles.com |
| 5 | |
| 6 | MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 701-7074 |
| 7 | |
| 8 | |
| 9 | Lucia Nale (Pro Hac Vice)<br>lnale@mayerbrown.com<br>Thomas V. Panoff (Pro Hac Vice)<br>tpanoff@mayerbrown.com |
| 10 | |
| 11 | *Attorneys for Defendants CitiMortgage, Inc. and CR Title Services, Inc.* |
| 12 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION | NO. MDL Docket No. 09-2119-JAT |
| THIS DOCUMENT RELATES TO:<br>Lacy J. Dalton, et al. No. 3:09-cv-00534 (D. Nev.) | **DEFENDANTS CITIMORTGAGE, INC. AND CR TITLE SERVICES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS [#188] AND JOINDER IN THE REPLY MEMORANDA FILED BY FREDDIE MAC AND FANNIE MAE; GMAC MORTGAGE; NATIONAL CITY; AND MERS.** |
| Lacy J. Dalton, et al.,<br>Plaintiffs,<br>vs.<br>CitiMortgage, Inc., et al.,<br>Defendants. | |

QB\118100.00020\9438677.1

Defendants CitiMortgage, Inc. ("CitiMortgage") and CR Title Services, Inc. ("CR Title"), by and through undersigned counsel, hereby submit this reply in support of their motion [#188] to dismiss plaintiffs' Complaint ("Complaint" or "Compl.") [#1] and join in the replies in support of the motions to dismiss filed by defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal National Mortgage Association ("Fannie Mae"); GMAC Mortgage, LLC ("GMAC"); National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc. (collectively, "National City"); and Mortgage Electronic Systems, Inc. and MERSCORP, Inc. (collectively, "MERS").[1]

As CitiMortgage and CR Title demonstrated in their opening memorandum, plaintiffs' Complaint is grossly deficient as a matter of law. Plaintiffs' memorandum in opposition confirms this fact. The central theory of liability underlying plaintiffs' entire case—as in the six other virtually identical and overlapping cases brought by the same plaintiffs' counsel—is that deeds of trust listing MERS as the lender's nominee or beneficiary are purportedly void ab initio. CitiMortgage and CR Title proved in their opening memorandum (at 6-9) that this far-fetched theory has no basis in law nor fact. Indeed, this Court recently rejected this very theory offered by plaintiffs and dismissed plaintiffs' entire case with prejudice. *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009). For the reasons stated more fully below, this Court should do the same and dismiss plaintiffs' Complaint as to CitiMortgage and CR

---

[1] CitiMortgage and CR Title's motion to dismiss was filed in the District of Nevada on November 3, 2009. Pursuant to the Judicial Panel on Multidistrict Litigation's Order of December 7, 2009 [#252] transferring this case to the District of Arizona, CitiMortgage and CR Title hereby file their reply brief in this Court. CitiMortgage and CR Title understand that additional defendants have filed or will be filing reply memoranda in support of their motions to dismiss. To the extent those memoranda raise additional grounds that would also warrant dismissal of CitiMortgage and CR Title from this case, CitiMortgage and CR Title join in those memoranda and incorporate them herein by reference.

Title with prejudice.[2]

I. **Plaintiffs Apply The Incorrect Legal Standard.**

As an initial matter, plaintiffs ask the Court to apply a legal standard that was squarely rejected by the Supreme Court over two years ago. Plaintiffs assert that a motion to dismiss "should only be granted if it appears to a certainty that plaintiff is not entitled to relief under any state of facts which could be proved in support of the claim." Opp. at 5 (quotations omitted, emphases in original). Plaintiffs apparently fail to realize, however, that the Supreme Court discarded the "no set of facts" standard upon which they rely. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) ("Conley's 'no set of facts' language is best forgotten as an incomplete, negative gloss on an accepted pleading standard."). The Ninth Circuit has expressly held that the Conley "no set of facts" standard is no longer the standard to be applied by district courts in evaluating a motion to dismiss. *Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*, 532 F.3d 963, 971 (9th Cir. 2008) ("In *Twombly*…the Supreme Court 'retired' the familiar language derived from Conley").

The Supreme Court recently elaborated on Twombly's plausibility standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), holding that Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The Supreme Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949-50. Nevertheless, plaintiffs seek just

---

[2] In what can only be described as yet another attempt at forum shopping by plaintiffs' counsel, plaintiff Jean Merkelbach originally was a named plaintiff in this purported class action but then withdrew from this case [#211] in order to file a virtually identical case in Nevada state court. Plaintiff Merkelbach's state court case has since been removed to the District of Nevada. *See Dalby, et al. v. CitiMortgage, Inc., et al.*, No. 3:09-cv-00659-RCJ (VPC). In addition, the case has been identified by defendants as a potential "tag-along" case suitable for transfer to the District of Arizona as part of this MDL proceeding.

that. They ask the Court to allow costly and unduly burdensome discovery on defendants in a desperate attempt to find support for their implausible theories of liability. Opp. at 9 ("following discovery Plaintiffs will be able to set forth the specific facts" required under Rules 8(a)(2) and 9(b)). The Supreme Court firmly held in *Twombly* and *Iqbal* that this type of skeletal pleading is insufficient. It should not be tolerated in this case either.

II. **Plaintiffs' Claims For Wrongful Foreclosure (Count I) And Conspiracy To Commit Wrongful Foreclosure (Count III) Fail As A Matter Of Law.**

CitiMortgage and CR Title demonstrated in their opening memorandum (at 4-6) that a cause of action for wrongful foreclosure cannot lie against CitiMortgage, CR Title, or any of the other defendants because plaintiffs have admitted that they all are in default on their mortgage loans and have thus breached the terms of their loan agreements. *Ernestburg v. Mortgage Investors Group, et al.*, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009). Because there is no actionable underlying tort of wrongful foreclosure, plaintiffs' count for conspiracy to commit wrongful foreclosure also necessarily fails as a matter of law. *Grisham v. Philip Morris USA,* 403 F.3d 631, 635 (9th Cir. 2000); *Paul Steelman Ltd. v. HKS, Inc.*, 2007 WL 295610, at *3 (D. Nev. Jan. 26, 2007) ("having concluded that Plaintiff's claim of tortious interference is not actionable as pleaded, Steelman's civil conspiracy claim must also fail") (citing *Sahara Gaming Corp. v. Culinary Workers Union Local* 226, 984 P.2d 164, 165 (Nev. 1999)).

Plaintiffs do not dispute in their opposition that they have defaulted on their loans and breached the terms of their loan agreements. Opp. at 6-8. Instead, they hope that the Court will overlook this fatal deficiency in Counts I and III, and instead be swayed by plaintiffs' baseless rhetoric that defendants were not able to foreclose because MERS was named as the lender's nominee on plaintiffs' deeds of trust. *Id.* at 7. Plaintiffs' argument is beside the point. Regardless of who was able to foreclose on plaintiffs' homes, plaintiffs cannot maintain a cause of action for wrongful foreclosure because they have repeatedly admitted in their Complaint, open court and their opposition brief, that they have breached the terms of their loans. In any event, as CitiMortgage and CR Title

proved in their opening memorandum, plaintiffs' argument that they may maintain a claim for wrongful foreclosure is patently false and rests on a theory (i.e., listing MERS as the lender's nominee on the deed of trust purportedly voids the security instrument) that has roundly been rejected by courts around the country. Mot. at 4-6, 9. Indeed, in *Cervantes*, this Court rejected plaintiffs' same implausible assertions regarding the use of MERS on deeds of trust and the MERS system. *Cervantes*, 2009 WL 3157160, at *10-12.

Plaintiffs' reliance in their opposition (at 7-8) on *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983) and *Ernestburg*, *supra*, is misguided. Both cases clearly hold that the tort of wrongful foreclosure will lie only if "no breach of condition or failure of performance existed on the mortgagor or trustor's part." *Collins*, 662 P.2d at 623; *Ernestburg*, 2009 WL 160241, at *6. The cases do not hold—as plaintiffs' improperly argue—that a plaintiff is relieved from satisfying the required elements of the tort if the wrong entity initiates the foreclosure.³ At bottom, plaintiffs have admitted that they cannot satisfy the key element of their cause of action—that they have abided by all the terms of their mortgage loans—and thus their claim for wrongful foreclosure fails as a matter of law, as does their derivative claim of conspiracy to commit wrongful foreclosure. *See Grisham*, 403 F.3d at 635.

### III.   Plaintiffs Cannot Maintain A Claim For Unjust Enrichment (Count II).

As noted in CitiMortgage and CR Title's opening memorandum (at 6), plaintiffs' claim for unjust enrichment is fundamentally deficient because each of the plaintiffs who had a loan involving CitiMortgage or CR Title has admitted that an express, written contract exists that governs each parties' obligations under the loan. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) ("[A]n action based on a theory

---

³ Contrary to plaintiffs' assertion (Opp. at 9), *Coward v. First Magnus Fin. Corp.*, 2009 WL 3367398 (D. Nev. Oct. 14, 2009), does not excuse a plaintiff from satisfying the required elements of the tort of wrongful foreclosure if an improper entity forecloses. *Coward* merely holds that a plaintiff may proceed with the tort if the wrong entity forecloses, assuming that the borrower has satisfied all of his obligations under the loan contract. *Id.* at *8.

of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."). Rather than acknowledge this incurable defect in Count II, plaintiffs again hope that the Court will overlook it and instead plaintiffs devote two pages of their opposition brief to meandering and irrelevant arguments about "bail out funds" from the federal government. Opp. at 9-11. Plaintiffs' argument about federal bail out funds is nothing but a smokescreen. The fact remains that each of the plaintiffs with ties to CitiMortgage or CR Title has admitted the existence of express, written contracts governing the terms of their loans. Compl. ¶¶ 138q; 138rr; 138xx. As such, their count for unjust enrichment is plainly barred by Nevada law. *Leasepartners*, 942 P.2d at 187.

IV. **Plaintiffs' Count For Conspiracy To Commit Fraud By Creation, Operation And Use Of The MERS System (Count IV) Is Baseless And Should Be Dismissed With Prejudice As This Court Ruled In Cervantes.**

Perhaps recognizing the baseless nature of Count IV, plaintiffs do not address in their opposition brief the underlying merits of their claim alleging a conspiracy related to the MERS system. This is not surprising since this Court dismissed the same conspiracy count with prejudice in Cervantes, as noted above. Given plaintiffs' silence, CitiMortgage and CR Title simply refer the Court to their discussion of Count IV in their opening memorandum (at 6-9) where they demonstrate the complete lack of merit in Count IV.[4]

V. **Plaintiffs' Admit That Their Claims For Injunctive Relief (Count V) and Declaratory Relief (Count VI) Are Not Causes of Action.**

---

[4]   Avoiding any substantive discussion of the merits of Count IV, plaintiffs instead argue in conclusory fashion (Opp. at 11) that they have satisfied the particularity requirement of Rule 9(b) for Count IV. As demonstrated in Section VI, infra, plaintiffs' argument misses the mark. Plaintiffs cannot come close to meeting the particularity requirement of Rule 9(b), as Judge Robert C. Jones (D. Nev.) has already emphasized in this case. Plaintiffs' reliance in their opposition (at 12) on Rogers v. Am. Brokers Conduit, 2009 WL 3584323 (D. Utah Oct. 26, 2009) is ironic. In Rogers, the court granted defendants' motion to dismiss because the complaint was "largely devoid of details" and "ma[de] a number of broad allegations against no party in particular." *Id.* at *2. It is that same fundamental deficiency that warrants dismissal of plaintiffs' Complaint in the present case as well.

Plaintiffs concede that Counts V (Injunctive Relief) and VI (Declaratory Relief) are not independent causes of action. Opp. at 12-13. To the extent plaintiffs nonetheless believe they are entitled to injunctive or declaratory relief, they are wrong. Because all of plaintiffs' underlying causes of action are without merit, injunctive or declaratory relief also is improper. *Brady v. State Bar of California*, 533 F.2d 502, 503 (9th Cir. 1976) ("Having failed to state any claim for relief, appellant had no basis for any injunctive relief"); *Florea v. United States*, 2008 WL 2699689, at *2-3 (D. Nev. June 30, 2008) ("The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction....").

## VI.   Plaintiffs Lack Standing As To CitiMortgage And CR Title.

Rather than address any of the law cited by CitiMortgage and CR Title in their opening memorandum demonstrating that the approximately 70 remaining plaintiffs (other than David and Kay Dahl, Charise and Todd Roberts, or Dimitritza Toromonova) lack standing to sue CitiMortgage and CR Title, plaintiffs instead copy-and-paste vague allegations referring to "defendants" generally. This plainly is insufficient. The Ninth Circuit has emphasized that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). Indeed, Judge Jones already acknowledged during the October 9, 2009 preliminary injunction hearing that plaintiffs' Complaint is insufficient under Rule 9(b): "I agree with you on that one. Under Rule 9 [plaintiffs' counsel] hasn't satisfied the requirement. I agree with you on that." Ex. A to #188, October 9, 2009 Hearing Transcript at 108:24-109:1. Because plaintiffs fall far short of the requirements of Rule 9(b) and have not alleged any facts connecting the more than 70 remaining plaintiffs to CitiMortgage or CR Title, no "traceability" exists between the purported injury of those plaintiffs and CitiMortgage or CR Title. Accordingly, those plaintiffs lack standing and their claims against CitiMortgage and CR Title should be

dismissed as a matter of law pursuant to Rule 12(b)(1). *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961-62 (9th Cir. 2004); *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004).

\* \* \*

WHEREFORE, for the reasons stated above and in CitiMortgage and CR Title's opening brief, and the reasons more fully set forth in the opening and reply briefs filed by defendants Freddie Mac and Fannie Mae, GMAC, National City and MERS, plaintiffs' Complaint should be dismissed with prejudice as to CitiMortgage and CR Title.

RESPECTFULLY SUBMITTED this 23rd day of December, 2009.

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606

By:  Lucia Nale (Pro Hac Vice)
     Thomas V. Panoff (Pro Hac Vice)

- AND -

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By /s/ James A. Ryan
    James A. Ryan
    Lauren Elliott Stine

*Attorneys for Defendants CitiMortgage, Inc. and CR Title Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2009, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel being registered to receive Electronic Filing.

/s/  Maria Marotta