Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

James A. Ryan (#009253)
James.Ryan@quarles.com
Lauren E. Stine (#025083)
Lauren.Stine@quarles.com

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

Lucia Nale (Pro Hac Vice)
lnale@mayerbrown.com
Thomas V. Panoff (Pro Hac Vice)
tpanoff@mayerbrown.com

*Attorneys for Defendant CitiMortage, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: Mortgage Electronic Registration Systems (MERS) Litigation, | MDL Docket No. 09-2119-JAT |
| THIS DOCUMENT RELATES TO: | |
| Jonathan E. Robinson, et al. C.A. No. 2:10-cv-630, | **CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND JOINDER IN CERTAIN OTHER DEFENDANTS' MOTIONS TO DISMISS** |
| Jonathan E. Robinson, et al., Plaintiffs, v. GE Money Bank, et al., Defendants. | (Oral Argument Requested) |

QB\118100.00020\10104742.1

Pursuant to this Court's January 15, 2010 Practice and Procedure Order ("Procedure Order") [#25] and March 22, 2010 Remand Order ("Remand Order") [#146], defendant CitiMortgage, Inc. ("CitiMortgage"), by and through its undersigned counsel, hereby submits this motion to dismiss plaintiffs' First Amended Complaint ("FAC" or "Complaint") [No. 2:09-cv-630, #3] under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). CitiMortgage also hereby joins the motions to dismiss filed by defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal National Mortgage Association ("Fannie Mae"); Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS"); and GMAC Mortgage, LLC ("GMAC").[1]

I.   **BACKGROUND**

Given this Court's involvement in *Cervantes v. Countrywide Home Loans, Inc.*, No. 2:09-cv-517 and the MDL proceedings, it is well aware of the overall factual background of this case and the five other related, overlapping putative class actions brought by the same plaintiffs' counsel. Pursuant to the Court's Remand Order, CitiMortgage is a defendant in three counts before this Court in *Robinson*: Count VIII (Conspiracy to Commit Fraud Related to the MERS System); Count X (Injunctive Relief); and Count XI (Declaratory Relief).

Every court to have considered the merits of plaintiffs' theories of liability in these related cases has rejected them outright, including this Court in *Cervantes* (granting motions to dismiss), Judge Edward C. Reed, Jr. in *Lopez*, *Goodwin* and *Green* (granting motions to dismiss) and Judge Robert C. Jones in *Dalton* (denying plaintiffs' motion for preliminary injunction). This Court should do the same here. Even after amendment, plaintiffs' entire case is based on the same misguided, implausible and undefined MERS

---

[1]   CitiMortgage understands that additional defendants have filed or will be filing motions to dismiss. To the extent those motions raise additional grounds that also would warrant dismissal of CitiMortgage from this case, CitiMortgage joins in those motions and those motions are incorporated herein by reference.

conspiracy theory. The fatal legal deficiencies in plaintiffs' case remain and plaintiffs still improperly attempt to lump CitiMortgage in with numerous other defendants without *any* specific allegations as to CitiMortgage. This is plainly insufficient under well-settled law as well as the Supreme Court's recent holdings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Having amended their complaint in this case and the five other overlapping putative class actions, it is clear that plaintiffs are unable to maintain any viable causes of action against CitiMortgage. Accordingly, plaintiffs' Complaint should be dismissed *with prejudice* as to CitiMortgage since any amendment would be futile.

**II.    MOTION TO DISMISS STANDARD**

Fed. R. Civ. P. 12(b)(6) provides that a Court should dismiss a complaint for "failure to state a claim upon which relief can be granted." According to the Supreme Court, "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3. The Supreme Court went on to clarify in *Iqbal* that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. It emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and that such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 555-56).

Under Rule 9(b), plaintiffs have an even higher pleading standard in all averments of fraud, especially in a multi-defendant case such as this. The Ninth Circuit has repeatedly emphasized that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when

suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citation omitted); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) ("membership in an association does not render an association's members automatically liable" for a conspiracy); *N. Cal. Pharm. Assoc. v. United States*, 306 F.2d 379, 388-89 (9th Cir. 1962) (trade association membership "does not mean, however, that every member of the Association, by reason of his membership alone, becomes a co-conspirator").

In addition, pursuant to Rule 12(b)(1), a complaint must be dismissed for "lack of subject-matter jurisdiction" where, as here, the complaint fails to demonstrate the requisite standing. In order to establish subject-matter jurisdiction, a plaintiff must demonstrate, among other items, standing against *each* defendant. *Warth v. Seldin*, 422 U.S. 490, 502 (1975). If a plaintiff cannot satisfy the standing requirement as to each defendant, the complaint must be dismissed as to that particular defendant. *See Gayer v. City of Phoenix*, 2009 WL 32410, at *4 (D. Ariz. Jan. 5 2009) (Teilborg, J.) (dismissing complaint for lack of standing where plaintiff "failed to demonstrate that his alleged injury is traceable to Defendants").

### III.   ARGUMENT

#### A.   Plaintiffs Lack Standing Against CitiMortgage.

The Supreme Court has long emphasized that a plaintiff must establish standing under Article III of the United States Constitution in order to invoke the subject matter jurisdiction of the federal courts. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *Warth*, 422 U.S. at 498. In order to establish standing, a plaintiff must demonstrate:

> [f]irst . . . an 'injury in fact'- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' Second . . . a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and

not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The causal connection between the plaintiff's purported injury and the defendant—the "traceability" element—must be sufficiently alleged in the plaintiff's complaint. *Id*. Without standing, a complaint must be dismissed under Rule 12(b)(1). *Raines v. Byrd*, 521 U.S. 811, 819 (1997). This constitutional rule applies with equal force in class actions. *Easter v. American West Financial*, 381 F.3d 948, 961-62 (9th Cir. 2004) ("Here, no named plaintiff can trace the alleged injury in fact—payment of usurious interest rates—to all of the Trust Defendants, but only to the Trust Defendant that holds or held that plaintiff's note. As to those trusts which have never held a named plaintiff's loan, Borrowers cannot allege a traceable injury and lack standing.").

Plaintiffs' sprawling 275-paragraph, 74-page Complaint does not contain a *single* unique allegation as to CitiMortgage tying it to the allegedly unlawful conduct. Indeed, the only specific allegation as to CitiMortgage is the lone paragraph in the "Parties and Standing" section of the Complaint identifying CitiMortgage. Compl. ¶ 24. There is no allegation linking CitiMortgage to the origination or servicing of any of the specific loans identified in the Complaint. Plaintiffs cannot bootstrap liability against CitiMortgage based on the alleged conduct of other defendants for loans with which CitiMortgage had no involvement. Plaintiffs fall far short of their constitutional burden of establishing causality, traceability and redressability between their purported injuries and defendant CitiMortgage. *Lujan*, 504 U.S. at 560-61. Accordingly, plaintiffs' Complaint should be dismissed under 12(b)(1) against CitiMortgage for lack of subject matter jurisdiction.

### B. There Is No Basis To Pierce The Corporate Veil Of Mortgage Electronic Registration Systems, Inc. Or MERSCORP, Inc.

Similar to plaintiffs' misguided attempt to impose liability on CitiMortgage based on the alleged conduct of other defendants, plaintiffs' misplaced attempt to allege liability against CitiMortgage based on its status as a "shareholder of MERSCORP, Inc." (Compl. ¶ 24) should be rejected by the Court. Plaintiffs' Complaint does not contain any allegation about piercing the corporate veil of Mortgage Electronic Registration Systems, Inc., let alone MERSCORP, Inc. (the actual corporation of which CitiMortgage is a shareholder). Even if plaintiffs' Complaint did contain such allegations, the Supreme Court has stressed that the "doctrine of piercing the corporate veil…is the rare exception, applied in the case of fraud or certain other exceptional circumstances." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003); *see also McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1094 (9th Cir. 2003) (declining to pierce corporate veil, noting that "corporate liability is not the same as shareholder liability").

Nonetheless, plaintiffs apparently seek to pierce two corporate veils—first that of Mortgage Electronic Registration Systems, Inc. and then that of MERSCORP, Inc.—without any allegation as to why the Court should disregard the corporate form. Plaintiffs' argument has no basis in law nor fact and should be rejected by this Court, just as the federal district court in Delaware did when presented with the same issue. *Trevino v. MERSCORP, Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008). In *Trevino*, the plaintiffs urged the court to disregard the corporate form of Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. in order to hold the shareholder defendants (including many of the current defendants) liable under an alter ego theory of liability based on allegations of fraud. The Court refused to do so. It held that the plaintiffs' complaint could not "support an inference that the Shareholder Defendants are using 'an independent corporation' to 'defeat the ends of justice, to perpetuate fraud, to accomplish

QB\118100.00020\10104742.1

a crime, or otherwise evade the law." *Id.* at 529 (citations omitted). According to the court, "MERS was established for a *legitimate* purpose." *Id.* at 530 (emphasis in original). As in *Trevino*, there is simply no basis to set aside the corporate form of either Mortgage Electronic Registration Systems, Inc. or MERSCORP, Inc. Accordingly, all of plaintiffs' counts based on purported shareholder liability fail as a matter of law.

### C. Count VIII (Conspiracy To Commit Fraud Related to the MERS System) Is Baseless And Should Be Dismissed With Prejudice As This Court Ruled In *Cervantes*.

The central theory behind Count VIII—and indeed, plaintiffs' entire case—is plaintiffs' erroneous belief that residential deeds of trust listing MERS as the lender's nominee or beneficiary are void *ab initio*. According to plaintiffs, MERS is "a sham 'beneficiary' in the original deeds of trust" (Compl. ¶ 194b) and the purported reason for listing MERS as such was "for the unlawful purpose of making it difficult or impossible for Plaintiffs… to identify and hold responsible the persons and entities responsible for the unlawful actions" of defendants. *Id.* ¶ 194c. Courts have roundly rejected plaintiffs' far-fetched theory and upheld the validity of MERS. *See, e.g., Orzoff v. MERS*, 2009 WL 4643229, at *6 (D. Nev. March 26, 2009) ("Plaintiff has cited no authority that is controlling upon this Court that holds MERS cannot have standing as a nominee beneficiary in connection with a nonjudicial foreclosure proceeding" and noting that "[t]his Court has previously determined that MERS does have such standing" and that "[c]ourts around the country have held the same"); *Farahani v. Cal-Western Recon. Corp.*, 2009 WL 1309732, at *2-3 (N.D. Cal. May 8, 2009) (rejecting challenge to non-judicial foreclosure on MERS deed of trust); *Elias v. HomeEQ Servicing*, 2009 WL 481270, at *1 (D. Nev. Feb. 25, 2009) ("The recorded deeds of trust, notices of foreclosure, and trustee's deed upon sale confirms the standing of . . . MERS to foreclose upon [plaintiff]'s default."). This Court should do the same and dismiss Count VIII as a matter of law.

QB\118100.00020\10104742.1

This Court dismissed *with prejudice* in *Cervantes* an almost identical version of the same implausible conspiracy claim that plaintiffs assert here. *Cervantes*, 2009 WL 3157160, at *10-12. As this Court emphasized in *Cervantes* in rejecting plaintiffs' conspiracy theory:

- Plaintiffs have failed to state a viable claim for relief for conspiracy to commit fraud under Rule 12(b)(6). At its core, Plaintiffs' claim for conspiracy to commit fraud is an attack on the MERS system. However, because Plaintiffs claim that the MERS system is a fraud fails as a matter of law, Plaintiffs' claim for conspiracy to commit fraud based upon the MERS system likewise must fail. *Id.* at 10.

- Plaintiffs' allegations would foreclose the very splitting of a promissory note from a deed of trust. Such an approach, of course, would intrude into the realm of third-party beneficiary contracts, as well as assignments and delegations. More importantly, Plaintiffs have failed to allege what effect, if any, listing the MERS system as a "sham" beneficiary on the deed of trust had upon their obligations as borrowers. Plaintiffs do not allege that they were somehow induced to enter into their loans on the basis that MERS was a genuine and not a "sham" beneficiary. *Id.*

- The Court fails to see how the MERS system commits a fraud upon Plaintiffs. Plaintiffs' argument that MERS is a "sham" beneficiary is unconvincing. Otherwise, any situation where a beneficiary obtains less than the full rights possessed by the entity or person granting the beneficiary status would likewise result in a "sham" beneficiary. *The fact that MERS does not obtain such rights as to collect mortgage payments or obtain legal title to the property in the event of non-payment does not transform MERS' status into a "sham."* *Id.* (emphasis added).

- For the reasons articulated above, *the Court finds that Defendants representations to Plaintiffs that MERS would serve as the beneficiary under the deed of trust was not a false representation and, even if such a representation was false, the Court finds that it was not material.* Furthermore, Plaintiffs have failed to adequately allege that Defendants' representations concerning the MERS system—including serving as the beneficiary under the deeds of trust—induced them to rely upon such representations and, in so doing, Plaintiffs have suffered injuries that resulted from the false representations. *At most, Plaintiffs find the MERS system to be disagreeable and inconvenient to them as consumers. Such complaints, however, do not arise to the level of fraud, much*

*less a conspiracy to commit fraud. Id.* at 11 (emphasis added). Plaintiffs' MERS conspiracy theory in this case does not differ in any material respect from the same misguided conspiracy theory they asserted in *Cervantes*. As in Cervantes, this Court should reject plaintiffs' conspiracy theory and dismiss Count VIII *with prejudice.*

### D. Count X (Injunctive Relief) And Count XI (Declaratory Relief) Are Not Causes Of Action, As This Court Already Ruled [#146 at 8-9], And Should Therefore Be Dismissed.

As this Court held in its Remand Order (at 8-9), neither Count X (Injunctive Relief) nor Count XI (Declaratory Relief) are independent causes of action, but rather requests for relief. Because plaintiffs' primary causes of action fail as a matter of law, so do Counts X and XI. *Brady v. State Bar of California*, 533 F.2d 502, 503 (9th Cir. 1976) ("Having failed to state any claim for relief, appellant had no basis for any injunctive relief"); *Florea v. United States*, 2008 WL 2699689, at *2-3 (D. Nev. June 30, 2008) ("The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction….").

### IV. CONCLUSION

For over a year, the same plaintiffs' counsel has advocated the same implausible theories of liability in this case and at least five additional, nearly-identical putative class actions based on nothing other than conclusory, unsupported assertions. As this Court has already ruled in *Cervantes*, and as Judges Reed and Jones ruled in *Lopez*, *Green*, *Goodwin* and *Dalton*, none of plaintiffs' theories of liability has any merit. Plaintiffs' amended Complaint does not change this fact and confirms that any further attempt at amendment would be futile.

\* \* \*

WHEREFORE, for the reasons stated herein, and for the reasons stated in the motions to dismiss in which CitiMortgage joins, plaintiffs' Complaint should be

dismissed *with prejudice* as to CitiMortgage.

     RESPECTFULLY SUBMITTED this 6th day of April, 2010.

                     MAYER BROWN LLP
                     71 South Wacker Drive
                     Chicago, Illinois 60606

                     By:  Lucia Nale (Pro Hac Vice)
                          Thomas V. Panoff (Pro Hac Vice)

                     - AND -

                     QUARLES & BRADY LLP
                     Renaissance One
                     Two North Central Avenue
                     Phoenix, AZ  85004-2391


                     By /s/  James A. Ryan
                         James A. Ryan
                         Lauren Elliott Stine

                     *Attorneys for Defendant CitiMortgage, Inc.*

QB\118100.00020\10104742.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2010, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel being registered to receive Electronic Filing.

/s/ Maria Marotta

-11-

QB\118100.00020\10104742.1