Howard N. Cayne (Admitted *Pro Hac Vice*)
David B. Bergman (Admitted *Pro Hac Vice*)
David D. Fauvre (Admitted *Pro Hac Vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  202-942-5000
Facsimile:  202-942-5999

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, NW
Washington, DC 20552
Telephone:  202-414-3800
Facsimile:  202-414-6504

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re Mortgage Electronic | ) | |
| Registration Systems (MERS) Litigation | ) | MDL Docket No. 09-2119-JAT |
| _____ | ) | ALL CASES |

### MOTION OF THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FANNIE MAE AND FREDDIE MAC TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Intervenor Defendant the

Federal Housing Finance Agency ("FHFA")[1] as Conservator for the Federal National

---

[1] In its capacity as Conservator, FHFA has intervened in six cases pending in the MDL. *See* Order, In Re Mortgage Elec. Registration Sys. (MERS) Litig., No. 2:09-md-02119 (D. Ariz. Mar. 11, 2010) (granting FHFA's motion to intervene in *Dalton v. Citimortgage, Inc.*, No. 2:10-cv-00081 (D. Ariz.), *Green v. Countrywide Home Loans, Inc.*, No. 2:10-cv-00080 (D. Ariz.), *Robinson v. GE Money Bank*, No. 4:09-cv-00227 (D. Ariz.), and *Vargas v. Countrywide Home Loans*, Inc., No. 2:09-cv-02616 (D. Ariz.)); Order, *Lopez v. Executive Tr. Servs.*, No. 3:09-cv-00180 (D. Nev. Jan. 13, 2010) (granting FHFA's motion to intervene); Order, *Goodwin v. Executive Tr. Servs.*, No. 3:09-cv-00306 (D. Nev. Jan. 11, 2010) (same).  The Ninth Circuit granted FHFA's motion to intervene in the appeal of this Court's dismissal of a related MERS matter. *See* Order, *Cervantes v. Countrywide Home Loans, Inc.*, No. 09-17364 (9th Cir. Mar. 12, 2010).

Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage

Corporation ("Freddie Mac") hereby moves to dismiss with prejudice each of the

Plaintiffs' Complaints which are consolidated before this Court pursuant to the Multi-

District Litigation Panel Order dated December 7, 2009 and this Court's Order dated

March 23, 2010 (Docket No. 211).[2]

April 6, 2010

Respectfully submitted,
ARNOLD & PORTER LLP

 s/  Howard N. Cayne
Howard N. Cayne (*Pro Hac Vice*)
David B. Bergman (*Pro Hac Vice*)
David D. Fauvre (*Pro Hac Vice*)
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  202-942-5000
Facsimile:  202-942-5999
Howard.Cayne@aporter.com

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G St., NW
Washington, DC 20552
Telephone:  202-414-3800

*Attorneys for the FEDERAL HOUSING
FINANCE AGENCY AS CONSERVATOR OF
FANNIE MAE AND FREDDIE MAC*

---

[2] Those cases are: *Dalton v. Citimortgage, Inc.*, CV 10-0081-PHX-JAT (D. Ariz.);
*Goodwin v. Executive Tr. Servs.*, CV 10-0079-PHX-JAT (D. Ariz.); *Green v.
Countrywide Home Loans, Inc.*, CV 10-0080-PHX-JAT (D. Ariz.); *Lopez v. Executive Tr.
Servs.*, CV 10-0078-PHX-JAT (D. Ariz.); *Robinson v. GE Money Bank*, No. CV 09-227-
TUC-JAT (D. Ariz.); *Vargas v. Countrywide Home Loans*, Inc., CV 09-02616-PHX-JAT
(D. Ariz.).

Howard N. Cayne (Admitted *Pro Hac Vice*)
David B. Bergman (Admitted *Pro Hac Vice*)
David D. Fauvre (Admitted *Pro Hac Vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone:  202-942-5000
Facsimile:  202-942-5999

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, NW
Washington, DC 20552
Telephone:  202-414-3800
Facsimile:  202-414-6504

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re Mortgage Electronic | ) | |
| Registration Systems (MERS) Litigation | ) | MDL Docket No. 09-2119-JAT |
| | ) | ALL CASES |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FANNIE MAE AND FREDDIE MAC TO DISMISS

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ........................................................................................................... 1

    A.    The Federal Housing Finance Agency ........................................................ 1

    B.    The Appointment Of FHFA As Conservator Of Fannie Mae And Freddie Mac ................................................................................................ 2

    C.    Plaintiffs' Complaints .................................................................................. 3

ARGUMENT ............................................................................................................... 4

    A.    HERA Bars Courts From Taking Any Action To Restrain Or Affect The Exercise of the Powers of the Conservator ........................................... 5

    B.    The Power To Preserve The Value Of Assets In Default Is A Statutory Power Afforded To FHFA As Conservator ................................. 7

    C.    Section 4617(f) Applies Even If The Exercise Of Private Contract Rights On Behalf Of The Conservator Were Not In Accordance With State Law ................................................................................................ 9

    D.    The Relief Plaintiffs Request Would Impermissibly Restrain Or Affect The Conservator's Exercise Of Its Powers To Preserve And Conserve Assets In Default ........................................................................ 14

CONCLUSION ........................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*281-300 Joint Venture v. Onion*,
938 F.2d 35 (5th Cir. 1991) ..................................................................... 7, 8

*Abbott Building Corp. v. United States*,
951 F.2d 191 (9th Cir. 1991) ...................................................................14

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)...............................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................4

*Cervantes v. Countrywide Home Loans, Inc.*,
No. CV 09-517-PHX-JAT, 2009 WL 3157160 (Sept. 24, 2009)..................4

*Conroy v. FDIC*,
No. 95-11658-GAO, 1995 WL 598961 (D. Mass. Sept. 15, 1995).............13

*Costa v. Resolution Trust Corp.*,
789 F. Supp. 43, 44 (D. Mass. 1991) .................................................. 12, 13

*Daniels v. Baritz*,
2003 WL 21027238 (E.D. Pa. April 30, 2003)...............................................5

*Darden v. Resolution Trust Corp.*,
No. 393-cv-13, 1995 WL 1945486 (N.D. Miss. June 25, 1995) ..................13

*Esther Sadowsky Testamentary Trust v. Syron*,
639 F. Supp. 2d 347 (S.D.N.Y. 2009) .................................................. 5, 6

*Furgatch v. Resolution Trust Corp.*,
No. 93-20304, 1993 WL 149084 (N.D. Cal. Apr. 30, 1993) ................... 7, 13

*Gross v. Bell Sav. Bank PA SA*,
974 F.2d 403 (3d Cir. 1992) .......................................................................9

*Hindes v. FDIC*,
137 F.3d 148 (3d Cir. 1998) .....................................................................15

*In re Fed. Home Loan Mortgage Corp. Derivative Litig.*,
   643 F. Supp. 2d 790 (E.D. Va. 2009) .................................................................. 5, 6, 15

*In re Fed. Nat'l Mortgage Ass'n. Secs., Derivative, and "ERISA" Litig.*,
   629 F. Supp. 2d 1 (D.D.C. 2009) .................................................................................. 5, 6

*In re Landmark Land Co.*,
   973 F.2d 283 (4th Cir. 1992) ....................................................................................... 7, 8

*In re Mortgage Electronic Registration Systems (MERS) Litigation*,
   No. 2:09-md-02119-JAT (Order, Mar. 23, 2010)...........................................................3

*Jones v. Bock*,
   549 U.S. 199 (2007)........................................................................................................4

*Kuriakose v. Fed. Home Loan Mortgage Corp.*,
   No. 08-cv-7281, 2009 WL 4609591 (S.D.N.Y. Dec. 7, 2009).................................. 5, 6

*Lloyd v. FDIC*,
   22 F.3d 335 (1st Cir. 1994)............................................................................................8

*Nat'l Trust for Historic Pres. v. FDIC*,
   21 F.3d 469 (D.C. Cir. 1994).......................................................................................11

*Port Auth. of New York & New Jersey v. Arcadian Corp.*,
   189 F.3d 305 (3d Cir. 1999) ..........................................................................................5

*Ramos v. NDEX West, LLC*,
   No. 1:09-cv-0190, 2009 WL 1675911 (E.D. Cal. June 1, 2009)...................................8

*Rosa v. Resolution Trust Corp.*,
   752 F. Supp. 1231 (D.N.J. 1990).................................................................................10

*Rosa v. Resolution Trust Corp.*,
   938 F.2d 383 (3d Cir. 1991) ............................................................................... 7, 9, 10

*Sahni v. Am. Diversified Partners*,
   83 F.3d 1054 (9th Cir. 1996) .........................................................................................6

*Save Our Wetlands, Inc. v. Louisiana*,
   No. 95-4221, 1996 WL 194924 (E.D. La. Apr. 19, 1996) ..........................................15

*Sharpe v. FDIC*,
   126 F.3d 1147 (9th Cir. 1997) ................................................................................. 7, 11

*St. George Maronite Catholic Church v. Green*,
   No. SA-94-CA-334, 1994 WL 763743 (W.D. Tex. July 25, 1994) ............................13

*Sunshine Dev., Inc. v. FDIC*,
   33 F.3d 106 (1st Cir. 1994)............................................................................................8

*Telematics Int'l., Inc. v. NEMLC Leasing Corp.*,
   967 F.2d 703 (1st Cir. 1992)................................................................................... 6, 12

*Tillman v. Resolution Trust Corp.*,
   37 F.3d 1032 (4th Cir. 1994) .......................................................................................8

*Volges v. Resolution Trust Corp.*,
   32 F.3d 50 (2d Cir. 1994) ...................................................................................... 11, 12

*Ward v. Resolution Trust Corp.*,
   996 F.2d 99 (5th Cir. 1993) .................................................................................. 6, 9, 10

## STATUTES

12 U.S.C. § 1821(j) ............................................................................................... passim

12 U.S.C. § 4501 ...........................................................................................................1

12 U.S.C. § 4513 ...........................................................................................................1

12 U.S.C. § 4617 ................................................................................................... passim

Financial Institutions Reform, Recovery and Enforcement Act of 1989,
   12 U.S.C. § 1811 *et seq.* ..............................................................................................6

Housing and Economic Recovery Act of 2008,
   Pub. L. No. 110-289, 122 Stat. 2654 ...........................................................................1

National Historic Preservation Act, 16 U.S.C. §§ 470f, 470h-2(a) ..................................11

## RULES

FED. R. CIV. P. 12(b)(6) ............................................................................................. 4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

The relief sought by Plaintiffs – to enjoin foreclosures of properties secured by a deed of trust naming MERS as the beneficiary as nominee of the lender – is prohibited by federal statute.  The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, precludes courts from taking any action that would "restrain or affect" the exercise of the powers of the Federal Housing Finance Agency ("FHFA" or the "Conservator") as Conservator of Fannie Mae and Freddie Mac (sometimes herein the "Enterprises"), including the power to "preserve and conserve" the assets of the Enterprises.  12 U.S.C. § 4617(f).  A court action preventing or impeding MERS, Fannie Mae, or Freddie Mac from foreclosing on assets secured by deeds of trust naming MERS as the beneficiary as nominee of the lender would impermissibly "restrain or affect" the Conservator from carrying out its statutory mandate to preserve and conserve those assets.

## BACKGROUND

### A.     The Federal Housing Finance Agency

FHFA serves as the primary regulatory and oversight authority for Fannie Mae, Freddie Mac, and the Federal Home Loan Bank System.  12 U.S.C. § 4501 *et seq*. Among its "principal duties," FHFA is charged with examining the financial safety and soundness and overall risk management practices of Fannie Mae and Freddie Mac "to ensure that [the Enterprises] operate[] in a safe and sound manner, including maintenance of adequate capital and internal controls."  *Id*. § 4513(a)(1)(B)(i).  In establishing FHFA, Congress granted the Director of FHFA the authority to place the Enterprises into

conservatorship or receivership "for the purpose of reorganizing, rehabilitating, or winding up the affairs of [the Enterprises]." *See id.* § 4617(a)(2).

### B.     The Appointment Of FHFA As Conservator Of Fannie Mae And Freddie Mac

On September 6, 2008, pursuant to the authority granted under HERA, and after determining that the Enterprises could not "continue to operate safely and soundly and fulfill their critical public mission,"[3] the Director of FHFA placed Fannie Mae and Freddie Mac under the conservatorship of FHFA.[4]  *See* 12 U.S.C. § 4617(a).

In its capacity as Conservator, FHFA is vested with broad statutory powers to act *on behalf of and through* the Enterprises.  Pursuant to 12 U.S.C. § 4617(b)(2)(A)(i), upon its appointment as Conservator, FHFA "immediately succeed[ed]" to "all rights, titles, powers, and privileges of [the Enterprises], and of any stockholder, officer, or director of [the Enterprises] . . . ."  In addition, pursuant to 12 U.S.C. § 4617(b)(2)(B)(i), FHFA is empowered as Conservator to:

> take over the assets of and operate [the Enterprises] with all the powers of the shareholders, the directors, and the officers of [the Enterprises] and conduct all business of [the Enterprises].

FHFA is entitled to exercise these powers to "preserve and conserve the assets and property of [the Enterprises]," *id.* § 4617(b)(2)(B)(iv), and may "provide by contract for

---

[3] Statement of FHFA Dir. James B. Lockhart, at 5 (Sept. 7, 2008), *available at* http://www.ustreas.gov/press/releases/reports/fhfa_statement_090708hp1128.pdf.

[4] *Id.* at 5-6.

assistance in fulfilling any function[s], activit[ies], action[s], or dut[ies]" as Conservator, *id.* § 4617(b)(2)(B)(v). Furthermore, FHFA is statutorily empowered to:

- "collect all obligations and money due [the Enterprises]," *id.* § 4617(b)(2)(B)(ii);

- "perform all functions of [the Enterprises]," *id.* § 4617(b)(2)(B)(iii);

- "take such action as may be [] necessary to put [the Enterprises] in a sound and solvent condition; and [] appropriate to carry on the business of the [the Enterprises] and preserve and conserve the assets and property of [the Enterprises]," *id.* § 4617(b)(2)(D)(i)-(ii);

- "transfer or sell any asset or liability of [the Enterprises] in default, and [] do so without any approval, assignment, or consent with respect to such transfer or sale," *id.* § 4617(b)(2)(G);

- "exercise all powers and authorities specifically granted to conservators . . . and such incidental powers as shall be necessary to carry out such powers," *id.* § 4617(b)(2)(J)(i); and

- "take any action authorized by this section, which the Agency determines is in the best interests of [the Enterprises] or the Agency," *id.* § 4617(b)(2)(J)(ii).

To provide the Conservator with the broadest possible latitude to operate the Enterprises and preserve and conserve their assets without interference, Congress expressly barred courts from taking "*any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator . . . .*" *Id.* § 4617(f) (emphasis added).

### C.   Plaintiffs' Complaints

For each of the subject Complaints, this Court retained a number of counts related to the formulation and/or operation of MERS. See *In re Mortgage Electronic Registration Systems (MERS) Litigation*, 2:09-md-02119-JAT (Order, Mar. 23, 2010) (Docket No. 211). In each case, Plaintiffs seek broad injunctive and declaratory relief,

requesting the Court to prohibit foreclosures or the transfer or assignment of the deeds of trust of Plaintiffs and similarly situated class members.  *See, e.g., Goodwin v. Executive Tr. Servs.*, CV 10-0079-PHX-JAT (D. Ariz.), First Amended Compl. at 75 (Dkt. No. 47).

## ARGUMENT

The relief sought by Plaintiffs in their various complaints – to enjoin the foreclosure or transfer of any property with a Deed of Trust listing MERS as the beneficiary as nominee of the lender – would impermissibly restrain and affect the exercise of the powers and functions of the Conservator in contravention of 12 U.S.C. § 4617(f).

As this court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Cervantes v. Countrywide Home Loans, Inc.*, No. CV 09-517-PHX-JAT, 2009 WL 3157160, *1 (Sept. 24, 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, plaintiffs must state "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim.  *Twombly*, 550 U.S. at 555-56.  Where factual allegations are "merely consistent with" liability, they "stop[] short of the line between [the inadequate] possibility and [the required] plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

Where it is evident from the pleadings that relief cannot be granted, dismissal under Rule 12(b)(6) for failure to state a claim is appropriate.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Rule 12(b)(6) "is designed to screen out cases where a complaint states

4

a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could [possibly] be granted." *Daniels v. Baritz*, 2003 WL 21027238, at *6 (E.D. Pa. April 30, 2003) (quoting *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999)).

### A.    HERA Bars Courts From Taking Any Action To Restrain Or Affect The Exercise of the Powers of the Conservator

The plain language of HERA expressly prohibits courts from taking "any action to restrain or affect the exercise of powers or functions of the [FHFA] as a conservator or a receiver."  12 U.S.C. § 4617(f).  Section 4617(f) "constrains the Court" in situations in which the requested relief "would be inconsistent with the Conservator's exercise of its statutory powers."  *Esther Sadowsky Testamentary Trust v. Syron*, 639 F. Supp. 2d 347, 350 (S.D.N.Y. 2009).  Every court to interpret HERA has recognized that "[t]he court lacks jurisdiction to adjudicate matters which may restrict the FHFA's ability to exercise [its] powers,"[5] and that "[t]his ban [on judicial interference] is an essential part of HERA's comprehensive scheme for conservatorships and receiverships."  *Sadowsky*, 639 F. Supp. 2d at 351.

---

[5] *Kuriakose v. Fed. Home Loan Mortgage Corp.*, No. 08-cv-7281, 2009 WL 4609591, at *9 (S.D.N.Y. Dec. 7, 2009).  *See also In re Fed. Nat'l Mortgage Ass'n. Secs., Derivative, and "ERISA" Litig.*, 629 F. Supp. 2d 1, 4 n.4 (D.D.C. 2009) ("HERA explicitly prohibits" courts from "tak[ing] action that would 'restrain or affect' FHFA's discretion" (quoting 12 U.S.C. § 4617(f))); *In re Fed. Home Loan Mortgage Corp. Derivative Litig.*, 643 F. Supp. 2d 790, 799 (E.D. Va. 2009) ("HERA provides that 'no court may take any action to restrain or affect the exercise of power or functions of the [FHFA] as a conservator or a receiver.'" (alteration in original) (quoting 12 U.S.C. § 4617(f))).

Similarly, courts have interpreted 12 U.S.C. § 1821(j), the nearly identical provision of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 *et seq.*, to bar judicial action that would interfere with the broad powers of the Federal Deposit Insurance Corporation ("FDIC") and the Resolution Trust Corporation ("RTC") as conservator or receiver of a failed institution.[6] *See Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) (The identical provision of FIRREA is "[e]ssential . . . to carry out . . . basic functions as a receiver free from judicial restraint," and "bars restraint by the courts on the statutory powers of the FDIC when it acts as receiver.") (citing *In re Landmark Land Co.*, 973 F.2d 283, 290 (4th Cir. 1992); *Ward v. Resolution Trust Corp.*, 996 F.2d 99, 102-04 (5th Cir. 1993); and *Telematics Int'l., Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 705 (1st Cir. 1992)).

---

[6] HERA mirrors the language of FIRREA in almost all respects, and the courts that have analyzed FHFA's powers under HERA have relied on cases invoking similar or identical provisions of FIRREA. *See Kuriakose*, 2009 WL 4609591, at *9 ("In analyzing the limits of the Court's authority under § 4617(f), the Court may turn to precedent relating to the nearly identical anti-injunction statute under [FIRREA]."); *In re Fed. Home Loan Mortgage Corp. Derivative Litig.*, 643 F. Supp. 2d at 795 ("[T]he Court is persuaded by decisions that have reached the same conclusion when interpreting [FIRREA], whose provisions regarding the powers of federal bank receivers and conservators are substantially identical to those of HERA."); *In re Fed. Nat'l Mortgage Ass'n Secs., Derivative, and "ERISA" Litig.*, 629 F. Supp. 2d at 3 (relying on analysis from *Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998), which "confronted a similar provision in [FIRREA], which, for the first time, vested in the FDIC 'all rights, titles, powers, and privileges' of shareholders when a bank entered FDIC receivership." (quoting 12 U.S.C. § 1821(d)(2)(A)(i))); *Sadowsky*, 639 F. Supp. 2d at 350 ("The Court finds persuasive the Report's analogy to the statutory language and interpretation of [FIRREA].").

**B.     The Power To Preserve The Value Of Assets In Default Is A Statutory Power Afforded To FHFA As Conservator**

In determining whether a court is barred from taking action that would restrain or affect the exercise of FHFA, the "only relevant question" is "whether the conservator . . . is carrying out a statutory function or power."  *See Furgatch v. Resolution Trust Corp.*, No. 93-20304SW, 1993 WL 149084, at *2 (N.D. Cal. Apr. 30, 1993) (citing *In re Landmark Land Co.*, 973 F.2d 283 (4th Cir. 1992); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383 (3d Cir. 1991); *281-300 Joint Venture v. Onion*, 938 F.2d 35, 39 (5th Cir. 1991)).[7]  Because the power to preserve the value of assets under the control of the Conservator is afforded to FHFA, the relief sought by Plaintiffs is barred by HERA.

In its capacity as Conservator of Fannie Mae and Freddie Mac, FHFA is vested with broad statutory authority to "preserve and conserve" the Enterprises' assets and to restore the Enterprises to "a sound and solvent condition."  12 U.S.C. § 4617(b)(2)(B)(iv), (D)(i).  In the exercise of these duties as Conservator, FHFA is empowered to "take any such action as may be [] necessary to put [the Enterprises] in a sound and solvent condition," *id* § 4617(b)(2)(D)(i), including "perform[ing] all functions

---

[7] *See also Sharpe v. FDIC*, 126 F.3d 1147, 1155 (9th Cir. 1997) (noting that FIRREA prohibits judicial review of "'the exercise of powers or functions' Congress gave to the FDIC" and "bar[s] injunctive relief [except] when the FDIC has acted beyond, or contrary to, its statutorily prescribed, constitutionally permitted, powers or functions") (citations omitted).

of [the Enterprises]," *id.* § 4617(b)(2)(B)(iii), and "collect[ing] all obligations and money due [the Enterprises]," *id.* § 4617(b)(2)(B)(ii).

The power to preserve the value of assets under its control, including through foreclosure of assets in default, is fundamental to the Conservator's statutory duty to "preserve and conserve" the assets of the Enterprises.  In analogous circumstances, federal courts have uniformly held that foreclosure authority is critical to the FDIC and the RTC as conservator or receiver under FIRREA, and that the identically worded statute 12 U.S.C. § 1821(j) bars judicial interference with that function.  *See, e.g.*, *281-300 Joint Venture*, 938 F.2d at 39 ("[C]ourts lack the ability to enjoin nonjudicial foreclosures that are within the statutory powers of the RTC as conservator or receiver."); *Sunshine Dev., Inc. v. FDIC*, 33 F.3d 106, 112 (1st Cir. 1994) (noting that FIRREA's "broad array of powers easily encompasses the grant of a general power to foreclose on properties that the failed institution held as collateral"); *Lloyd v. FDIC*, 22 F.3d 335, 336 (1st Cir. 1994) (FIRREA provides the FDIC "the power as receiver to foreclose on the property of a debtor."); *Tillman v. Resolution Trust Corp.*, 37 F.3d 1032, 1036 (4th Cir. 1994) ("It is abundantly clear that the RTC is authorized to pursue its foreclosure of Tillman's property and that the courts may not interfere by entering any injunction to halt the sale."); *Ramos v. NDEX West, LLC*, No. 1:09-cv-00190, 2009 WL 1675911, at *3 (E.D. Cal. June 1, 2009) (holding that because "courts lack jurisdiction to enjoin or restrain the FDIC's exercise of its powers as a Receiver or Conservator" pursuant to FIRREA, "[t]his court is similarly without power to enjoin FDIC's attempts to foreclose on Plaintiff's property").

The enumerated powers in FIRREA granting the FDIC the power to foreclose on assets without judicial interference are equally afforded to FHFA pursuant to HERA. HERA and FIRREA grant substantially identical powers to "collect all obligations and money due [the Enterprises]," 12 U.S.C. § 4617(b)(2)(B)(ii), "preserve and conserve the assets and property of [the Enterprises]," § 4617(b)(2)(B)(iv), "perform all functions of [the Enterprises]," § 4617(b)(2)(B)(iii), "transfer or sell any asset or liability of [the Enterprises] in default, and [] do so without any approval, assignment, or consent with respect to such transfer or sale," § 4617(b)(2)(G), and exercise "such incidental powers as shall be necessary to carry out such powers," § 4617(b)(2)(J)(i).  Accordingly, the power to preserve the value of assets under its control – and to foreclose on those assets if necessary – is a "statutory function or power" of the Conservator protected by 12 U.S.C. § 4617(f).

**C.      Section 4617(f) Applies Even If The Exercise Of Private Contract Rights On Behalf Of The Conservator Were Not In Accordance With State Law**

For all of the reasons stated in the motions of the other Defendants in this matter, Plaintiffs' contention that the operation of private contracts granting MERS authority as beneficiary as nominee of the lender on Plaintiffs' loans violates state law is incorrect. But even accepting Plaintiffs' incorrect premise, enjoining foreclosures of properties secured by those deeds of trust naming MERS as the beneficiary as nominee of the lender is precluded by 12 U.S.C. § 4617(f).  *See Rosa*, 938 F.2d at 397-98; *Ward*, 996 F.2d at 104; *Gross v. Bell Sav. Bank PA SA*, 974 F.2d 403, 407-08 (3d Cir. 1992).

9

As numerous courts have recognized in a wide variety of contexts, alleged violations of state and federal law do *not* provide a court with jurisdiction to interfere with a conservator or receiver's exercise of its statutory functions.  In *Rosa v. Resolution Trust Corp.*, 752 F. Supp. 1231 (D.N.J. 1990) ("Rosa I"), for example, beneficiaries of an ERISA pension plan sought to enjoin the RTC as conservator from terminating their plan because such action would allegedly violate state and federal laws.  After the district court granted injunctive relief, *Rosa I*, 752 F. Supp. at 1240, the RTC immediately appealed to the Third Circuit, arguing that 12 U.S.C. § 1821(j) barred the district court's holding.  938 F.2d at 397.  The Third Circuit vacated the decision below, holding instead that the plain language of 12 U.S.C. § 1821(j) bars injunctive relief against the RTC as conservator, regardless of alleged violations of other laws:

> We understand [plaintiffs'] argument to be that, while RTC as conservator and receiver is authorized to run the affairs of a troubled institution . . . it is only authorized to run them in a legal manner. . . . We find no such limitation in the language of § 1821(j).  Furthermore, plaintiffs' . . . interpretation would undermine the purpose of the statute, namely, to permit RTC as conservator or receiver to function without judicial interference that would restrain or affect the exercise of its powers.

*Id.*

Similarly, in *Ward*, plaintiff sought to enjoin the RTC from finalizing a property sale to a third party, claiming injunctive relief was proper because the conservator conducted the bid process in a manner contrary to applicable law.  996 F.2d at 103.  In affirming the district court's denial of injunctive relief, the Fifth Circuit held that because "disposing of assets of [a failed enterprise] is a quintessential statutory power of the

10

RTC," injunctive relief is barred by 12 U.S.C. § 1821(j) "even if the RTC improperly or unlawfully exercise[s] an authorized power or function."  *Id.*; *see also Nat'l Trust for Historic Pres. v. FDIC*, 21 F.3d 469, 472 (D.C. Cir. 1994) (Wald, J., concurring) (finding no jurisdiction to enjoin sale of historic building despite allegations that such sale would violate the National Historic Preservation Act, 16 U.S.C. §§ 470f, 470h-2(a), and observing that "the statute would appear to bar a court from acting in virtually all circumstances."); *Sharpe*, 126 F.3d at 1154 ("[T]he fact that the RTC's actions might violate some other provision of law does not render the anti-injunction provision [of 12 U.S.C. § 1821(j)] inapplicable.") (internal quotation omitted).[8]

Most pertinent to this matter, alleged violations of state and federal law do *not* permit a court to interfere with a conservator or receiver's efforts to foreclose on assets within the conservator or receiver's control.  For example, in *Volges v. Resolution Trust Corp.*, 32 F.3d 50, 51 (2d Cir. 1994), a homeowner sought to enjoin a foreclosure action initiated by the RTC, asserting that foreclosure would constitute a breach of the contract entered into between the homeowner and the RTC.  The plaintiff's complaint "sought to enjoin the RTC from 'auctioning off, selling or otherwise transferring the mortgages.'"

---

[8] The court in *Sharpe* ultimately held that because FIRREA dictates that the FDIC may void or repudiate contracts "only through the [statutorily] prescribed mechanism," the FDIC's failure to follow that statutorily provided mechanism for repudiating a contract was not a "statutorily authorized function" of the receiver.  *Sharpe*, 126 F.3d at 1155. Unlike the receivership procedures set forth in FIRREA that dictated the manner in which the receiver in *Sharpe* was statutorily required to repudiate a contract, HERA does not limit the circumstances or procedures under which the Conservator may exercise its power to foreclose on assets in default.

*Id*.  The Second Circuit vacated the district court's grant of injunctive relief, holding that "[t]he fact that the sale might violate Volges's state law contract rights does not alter [the statutory bar on court action].  As several courts have held, the fact that the RTC's actions might violate some other provision of law does not render [12 U.S.C. § 1821(j)] inapplicable."  *Id*. at 52.  The court made clear that the bar on court action applies regardless of the strength of the underlying state law claims:  "the district court did not have jurisdiction to enjoin the RTC from carrying out the planned disposition *regardless of Volges's ultimate chance of success on his contract claim*."  *Id*. at 53 (emphasis added).

Similarly, in *Telematics*, plaintiffs sought to enjoin a foreclosure on the grounds that an underlying assignment of the asset was invalid.  967 F.2d at 705.  The First Circuit held that 12 U.S.C. § 1821(j) barred the district court from granting an injunction to halt the foreclosure because doing so would "clearly restrain or affect the FDIC in the exercise of its powers as receiver to collect moneys due and to realize upon the assets of [the lessor]."  *Id.* at 705-06.  The *Telematics* court reasoned that "[i]f such an injunction were permissible, creditors would be able to secure judicial review, in advance, of every action that the FDIC proposed to take, regardless of whether that action was clearly within the FDIC's statutory authority."  *Id*. at 706.

Numerous other courts are in accord, recognizing that a conservator or receiver's foreclosure efforts cannot be restrained or affected, even in the face of alleged wrongdoing.  For example, in *Costa v. Resolution Trust Corp.*, 789 F. Supp. 43, 44 (D. Mass. 1991), the plaintiffs sued to enjoin the RTC as receiver from foreclosing on

12

their property on the ground that the loans were allegedly affected by fraud.  The court

found it lacked jurisdiction to grant such relief, despite the alleged violation of applicable

state law, observing:

> The present case is not one in which the [RTC] is asserting
> some power beyond those granted to it as a conservator or
> receiver.  Rather, it is a case in which the [RTC] has begun to
> exercise a power as conservator or receiver to realize the
> value of security for debts owing to the [RTC] in this
> capacity, and *the plaintiff is asking the court to restrain the
> exercise of that power on the ground that RTC is exercising it
> in a manner that is not in compliance with applicable state
> law*.  The injunction must be denied because this court is
> precluded by statute from granting the relief sought.

*Id*. (emphasis added); *see also Conroy v. FDIC*, No. 95-11658-GAO, 1995 WL 598961, 3

(D. Mass. Sept. 15, 1995) ("even assuming the FDIC violated the Truth in Lending Act,

rescission of the mortgage and an injunction preventing foreclosure would not be

remedies within the power of this Court"); *St. George Maronite Catholic Church v.

Green*, No. SA-94-CA-334, 1994 WL 763743, at *4, 7 (W.D. Tex. July 25, 1994) (even

where plaintiff claimed a contract was void "as a result of fraud, a breach of good faith

and fair dealing, and deceptive trade practices," 12 U.S.C. § 1821(j) barred the court from

granting injunctive relief); *Darden v. Resolution Trust Corp.*, No. 393CV13-D-D, 1995

WL 1945486, at *3 (N.D. Miss. June 25, 1995) ("[T]his court has no jurisdiction to

rescind the contract for sale between RTC and the [third party]" notwithstanding

allegations that it was void *ab initio.*); *Furgatch,* 1993 WL 149084, at *2 (finding no

jurisdiction to enjoin foreclosure sale despite allegations that state statute regarding the

notice of default and sale was not satisfied and observing that "[i]njunctive relief is . . .

13

unavailable even in the face of allegations that the conservator or receiver has acted wrongfully or illegally.").[9]

> ### D.   The Relief Plaintiffs Request Would Impermissibly Restrain Or Affect The Conservator's Exercise Of Its Powers To Preserve And Conserve Assets In Default

FHFA's ability to carry out its central statutory mandate as Conservator to preserve and conserve the value of the assets of the Enterprises in default would be restrained and affected by the relief Plaintiffs seek: namely, to enjoin foreclosures on deeds of trust that give MERS the right to foreclose as the beneficiary as nominee of the lender.  MERS is listed as the beneficiary in many deeds of trust held by Fannie Mae and Freddie Mac.[10]  In those instances, MERS often acts as the nominee of Fannie Mae and Freddie Mac, and when those Enterprise assets are in default, foreclosure is sometimes brought in the name of MERS or the servicer of the loan.  Granting the relief sought in

---

[9] Nothing in *Abbott Bldg. Corp. v. United States*, 951 F.2d 191, 195 (9th Cir. 1991) contravenes application of the jurisdictional bar of section 4617(f) of HERA.  In *Abbott*, the court considered whether to affirm dismissal of a claim against the Federal Savings and Loan Insurance Corporation ("FSLIC") for lack of subject matter jurisdiction based on a provision of a predecessor statute to FIRREA similar to 12 U.S.C. § 4617(f).  The court, in dicta, noted that it had jurisdiction to determine whether the third-party trustee to a single foreclosure sale through which the FSLIC purchased a property had given adequate notice under state law.  *Id.*  The court noted that it was merely determining the property rights of a third-party and stated that the statute could still bar claims that a receiver "had done an act in an improper manner" if the exercise of the receiver's powers would be affected.  *Id.*  Here, the issue before the court is whether the relief sought by Plaintiffs – to prospectively enjoin foreclosure or assignment of the deeds of trust of a nationwide class of borrowers – restrains or affects the exercise of the statutory powers of the Conservator to preserve and conserve the assets of the Enterprises.

[10] Fannie Mae or Freddie Mac (or their loan servicer) hold the notes for the mortgages that they purchase on the secondary mortgage market from originating lenders.

the Complaints and enjoining MERS from foreclosing or assigning its rights under the deeds of trust to another party will frustrate the ability of Fannie Mae and Freddie Mac to realize the value of any mortgage secured by a deed of trust in which MERS is named as a beneficiary.  Preventing MERS, Fannie Mae, and Freddie Mac from foreclosing on assets owned by the Enterprises and under the control of the Conservator would impair the value of those assets and would undoubtedly restrain and affect the exercise of the power of the Conservator to preserve the value of the assets under its control through transfer, assignment, or foreclosure.

The bar on court action that restrains or affects the exercise of the powers or functions of the Conservator applies equally to relief directed at a third party and not at the Conservator directly.  That is, "[a] court action can 'affect' a conservator even if, as in the cases at bar, the litigation is not directly aimed at the conservator itself."  *See In re Fed. Home Loan Mortgage Corp. Derivative Litig.*, 643 F. Supp. 2d at 799.  In such circumstances, "the statute, by its terms, can preclude relief even against a third party . . . where the result is such that the relief 'restrain[s] or *affect[s]* the exercise of powers or functions of the [FDIC] as a conservator . . . .  After all, an action can 'affect' the exercise of powers of an agency without being aimed directly at it."  *Hindes v. FDIC*, 137 F.3d 148, 160 (3d Cir. 1998) (emphasis in original); *see Save Our Wetlands, Inc. v. Louisiana*, No. 95-4221, 1996 WL 194924, at *3 (E.D. La. Apr. 19, 1996) ("[S]uch broad and all-encompassing language [contained in 12 U.S.C. § 1821(j) of FIRREA] evidences an intent by Congress to prohibit any interference, whether directly or indirectly . . . .").

15

Here, the relief sought by Plaintiffs, although directed in the first instance at MERS, would undoubtedly affect and restrain the exercise of the Conservator's power to preserve and conserve the assets of the Enterprises.  Accordingly, because FHFA as Conservator of Fannie Mae and Freddie Mac has the statutory power to preserve the value of Enterprise assets in default, including the ability to delegate foreclosure activities to a nominee, 12 U.S.C. § 4617(f) bars this Court from granting the injunctive relief requested by Plaintiffs.

## **CONCLUSION**

For the reasons stated above, this Court should dismiss the Plaintiffs' Complaints to the extent they seek declaratory or injunctive relief that would restrain or affect the exercise of the powers or functions of the Conservator.

April 6, 2010

Respectfully submitted,
ARNOLD & PORTER LLP

 s/  Howard N. Cayne
Howard N. Cayne (*Pro Hac Vice*)
David B. Bergman (*Pro Hac Vice*)
David D. Fauvre (*Pro Hac Vice*)
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  202-942-5000
Facsimile:  202-942-5999
Howard.Cayne@aporter.com

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, NW
Washington, DC 20552

*Attorneys for the FEDERAL HOUSING*
*FINANCE AGENCY AS CONSERVATOR OF*
*FANNIE MAE AND FREDDIE MAC*

16

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of April, 2010, a copy of the foregoing Motion Of The Federal Housing Finance Agency As Conservator Of Fannie Mae And Freddie Mac To Dismiss was filed electronically.  I understand that all parties to this action will be served by operation of this Court's electronic filing system.

                                         /s/ David D. Fauvre
                                         David D. Fauvre
                                         ARNOLD & PORTER LLP
                                         555 Twelfth Street, N.W.
                                         Washington, DC 20004
                                         Telephone:  202-942-5000
                                         Facsimile:  202-942-5999
                                         E-mail:  David.Fauvre@aporter.com