**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation<br>_____<br>This Order Applies to:<br>CV 10-217-PHX-JAT<br>CV 10-218-PHX-JAT<br>CV 10-219-PHX-JAT<br>CV 10-268-PHX-JAT<br>CV 10-401-PHX-JAT<br>CV 10-413-PHX-JAT<br>CV 10-415-PHX-JAT<br>CV 10-455-PHX-JAT<br>_____ | MDL DOCKET NO. 09-2119-JAT<br>**ORDER** |

Before the Court are Plaintiffs' motions for leave to file amended complaints in the above-captioned member cases (Doc. 508, 515, 524, 525, 526, 530, 564, 573) and Plaintiffs' motions to remand three cases, *Mesi v. Washington Mutual, F.A., et al.*, CV 10-218-PHX-JAT, *Youngren v. Ownit Mortgage Solutions, Inc., et al.*, CV 10-219-PHX-JAT, and *Huynh v. First National Bank of Nevada, et al.,* CV 10-217-PHX-JAT, back to state court (Doc. 521, 639, 640). Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "MERS") filed a response to all eleven motions (Doc. 676). Defendant Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") filed a response (Doc. 673) opposing the motion for leave regarding *Lee v. Sierra Pacific Mortgage Co., et al.*, 10-268-PHX-JAT. Defendant Bank of America, N.A. filed responses to the motion for leave and the motion to remand regarding *Mesi* (Doc. 669, 814). Defendants Countrywide Bank, FSB,

Countrywide Home Loans, Inc., Countrywide Financial Corp., Lisa Klimenko, Bank of America Corporation, N.A., Recontrust Company, N.A. filed a response to the motion for leave regarding *Gillespie v. Countrywide Bank, FSB, et al.*, CV 10-413-PHX-JAT (Doc. 670). Defendants Countrywide Home Loans, Inc., Kumud Patel, Countrywide Financial Corp., Bank of America Corporation, N.A., Recontrust Company, N.A. filed a response to the motion for leave regarding *Huck v. Countrywide Home Loans, Inc., et al.*, CV 10-401-PHX-JAT (Doc. 671). Defendants Countrywide Home Loans, Inc., Recontrust Company, N.A., Countrywide Financial Corp., and Bank of America Corporation, N.A. filed a response to the motion for leave regarding *Caffee v. First National Bank of Nevada, et al.*, CV 10-415-PHX-JAT (Doc. 672).[1] Defendant Litton Loan Servicing LP ("Litton") filed responses to the motion for leave and the motion to remand regarding *Youngren* (Doc. 714, 716). Defendants Chase Home Finance LLC ("Chase") and First Horizon Home Loans ("First Horizon") each filed a response to the motion for leave regarding *Barlow v. BNC Mortgage, Inc., et al.*, CV 10-455-PHX-JAT (Doc. 726, 728). The Plaintiffs in *Mesi* filed a reply in support of their Motion to Remand (Doc. 882).

## I. Background

The above-captioned eight cases, *Barlow, Caffee*, *Gillespie*, *Huck*, *Huynh*, *Lee*, *Mesi*, and *Youngren* were all initiated in Nevada state court. Defendants removed the cases to federal court and, at least in some cases, the Plaintiffs immediately moved to remand the cases to state court, but were denied.[2] The eight cases were then transferred to this Court as part of the MERS MDL. Pursuant to the Judicial Panel on Multidistrict Litigation's orders, this Court has undertaken to determine which claims related to the operation and formation

---

[1] The various defendants who filed the responses at Docket 669-672 and 814 will be collectively referred to as "Bank of America."

[2] For example, in *Caffee v. First National Bank of Nevada, et al.* Plaintiff Sabrina M. Caffee filed the Motion to Remand to State Court just ten days after Defendants filed the Petition for Removal. CV 10-415-PHX-JAT, Doc. 26-1 at 4. The Court does not have access to the complete docket from the Nevada courts in some of the cases, but it appears that Plaintiffs immediately sought remand in most of these cases.

- 2 -

of MERS and were to remain as part of the MDL, and which claims were not so related and remanded to the transferor courts. As to *Huynh*, *Lee*, *Mesi*, and *Youngren*, the Court has already made the determination of remand status (Doc. 409), but as to *Barlow*, *Caffee*, *Gillespie*, and *Huck*, remand status has not been determined.

On April 4, 2010, Plaintiffs in *Barlow*, *Caffee*, *Gillespie*, and *Huck* joined the plaintiffs in fifteen other member cases, all represented by the same counsel, in filing a Renewed Motion to Remand to the Judicial Court in and for the State of Nevada County of Origin (Doc. 253). The motion sought remand for lack of subject matter jurisdiction despite the fact that the complaints all contained reference to federal law violations such as the Truth in Lending Act. To accomplish this feat, the motion purported to "withdraw" these federal claims and then, alleging that there is an insufficient amount in controversy to sustain diversity jurisdiction, moved for remand. The Court denied the motion, without prejudice, as an improperly framed effort to amend the pleadings (Doc. 368).

On May 10, 2010, Litton filed a motion to dismiss the case (Doc. 453). On May 24, 2010, Plaintiff Youngren filed a Motion to Amend/Correct Complaint (Doc. 515), and on May 26, 2010, Plaintiff Youngren filed a Response in Opposition and Renewed Motion to Remand to State Court (Doc. 521). Plaintiffs' motions for leave to amend in the other seven cases were filed between May 24, 2010 and May 29, 2010. Plaintiffs' two other motions to remand to state court were filed on June 6, 2010.

## II. Motions for Leave to File Amended Complaints

### *A. Legal Standard*

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise a party may amend the party's pleading only by leave of court or by written

- 3 -

> consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a)(1-2). While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*); "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The Supreme Court of the United States has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see SmithKline Beecham*, 245 F.3d at 1052; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citation omitted). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Additionally, a court must consider whether approving the amendment implicates the court's subject matter jurisdiction. *Payne v. Parkchester N. Condos.*, 134 F.Supp. 2d 582, 584 (S.D.N.Y. 2001). If plaintiffs are authorized to drop all of their federal claims, then the court may, in its discretion, remand the case or, under extraordinary circumstances, retain the state claims under supplemental jurisdiction. In making the determination whether to remand, the court must weigh "the values of judicial economy, convenience fairness, and comity" and "whether the plaintiffs have tried to manipulate the forum." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & 357 (1988)). Courts are divided on whether plaintiffs' tactically striking their federal claims after removal for purpose of securing remand amounts to manipulation. Some courts have found tactical striking to be pure forum manipulation. *See*, *e.g.*, *Lyster v. First Nationwide Bank Fin.*, 829 F.Supp. 1163, 1165 (N.D. Cal. 1993) ("the first amended complaint may not be used to defeat the removal of plaintiff's case to federal court"); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1477 (2010) ("a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action"). However, the Ninth Circuit has found this tactic not intrinsically manipulative:

> The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straightforward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir.1995), *overruled on other grounds by Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *see also*, *e.g.*, *Chow v. Hirsch*, No. C-98-4619, 1999 WL 144873, at *5 (N.D. Cal. Feb. 22, 1999) (Plaintiff did not attempt to "manipulate" the forum when she "made a strategic decision to concentrate on her state law claims in an attempt to have them heard in state court."). Thus, in the Ninth Circuit, a plaintiff's motion for leave to amend that strategically strikes federal claims is not

manipulative "unless there is reason to believe that the inclusion of federal claims was to put the defendants through the removal-remand procedure," *Popov v. Countrywide Financial Corp.*, No. CIV 09-2780 GEB EFB PS, 2009 WL 5206679, at *3 (E.D. Cal. Dec. 18, 2009).

### *B. Analysis*

All parties agree that Plaintiffs need leave of court to amend their pleadings. Most defendants do not oppose to the motions for leave to amend.[3] However, Sierra Pacific opposes the Motion for Leave to Amend filed in *Lee* and Litton opposes the Motion for Leave to Amend filed in *Youngren*. Both oppositions argue that the proposed amendments are futile in that none of the claims in the proposed amended complaints would survive a motion to dismiss under Rule 12(b)(6). (Doc. 716 at 5-14; Doc. 673 at 5-9.) At this point, given the extremely liberal policy in favor of amendments and Plaintiffs' clear aim of securing remand to state court, the Court will not consider the futility arguments. However, this decision is made without prejudice to the parties filing 12(b)(6) motions on these grounds should the cases not ultimately be remanded to state court.

Additionally, Litton also opposes the motion for leave to amend as "a bad faith attempt to destroy the Court's jurisdiction." (Doc. 716 at 4.) Litton argues that "amendments offered for the purpose of destroying removal jurisdiction are made in bad faith, and should be denied." *Id.* (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987) (affirming a district courts denying leave to amend where plaintiff added additional defendants to destroy diversity) and *Sorosky v. Burroughs* Corp., 826 F.2d 794, 805 (9th Cir. 1987) (affirming a district court denying leave to amend where the plaintiff added another defendant to destroy diversity). Litton has overstated the rule and offered inapposite citations. While some attempts to amend the complaint and destroy the court's basis for subject matter jurisdiction are made in bad faith, not all such amendments are

---

[3] "MERS does not object to Plaintiff's Motions to Amend." (Doc. 676 at 3.) Similarly, Bank of America "takes no position with respect to the [Motions for Leave to Amend]" (Doc. 669 at 2; Doc. 670 at 2; Doc. 671 at 2; Doc. 672 at 2), Chase "does not necessarily oppose the Motion to Amend to withdraw claims" (Doc. 726 at 2), and First Horizon also "takes no position" (Doc. 728 at 2).

intrinsically manipulative. *Baddie*, 64 F.3d at 491. If the tactical decision to drop federal claims is made at the outset of the federal proceedings, and there is no evidence that the federal claims were initially included to drag the litigation through the removal-remand procedure, then the court may grant the motion for leave to amend.

In *Youngren*, Plaintiff has moved to amend at an early stage of the case, before any discovery has been conducted. There is no indication that proceeding in state court would be wasteful or duplicative because there is no showing that any court or party has yet invested substantial resources into this case. Additionally, there is no evidence that Plaintiff initially included the federal claims to bait Defendants into the removal-remand yo-yo. Taking all pertinent factors into account, the scales tip in favor of granting Plaintiff's motion to amend.

As the same reasoning applies and no other parties have opposed Plaintiffs' seven other motions for leave to amend, the Court will also grant these motions.[4]

### III. Motions to Remand to State Court

*A. Legal Standard*

It is clear and unambiguous under federal case law that an MDL transferee court may remand a tag-along case to state court. The Judicial Panel on Multidistrict Litigation ("Panel") has concluded repeatedly that "pending motions to remand [MDL-transferred actions] to their respective state courts can be presented to and decided by the transferee judge." *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F.Supp.2d 1377, 1378 (J.P.M.L. 2002); *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 290 F.Supp.2d 1376, 1378 (J.P.M.L. 2003); *In re Prof'l Hockey Antitrust Litig.*, 369 F.Supp. 1117 (J.P.M.L. 1975). This rule differs from the rule for remands to a transferor court, which may only be effected by the Panel. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6.

---

[4] The Motion for Leave to Amend in *Barlow* will be denied as to Defendant BNC Mortgage Inc. due to the automatic stay installed as part of BNC's bankruptcy proceedings. The motion will be granted as to all other defendants.

- 7 -

When all federal claims in a removed action are dismissed, the Court is not required to remand the case to state court. Whether a case is subject to removal based on federal question is determined by the allegations in the complaint at the time of removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

Generally, under 28 U.S.C. § 1367, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c) (2010). While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values "of economy, convenience, fairness, and comity." *Allen v. City of Los Angeles*, 92 F.3d 842, 846 (9th Cir. 1996). However, in the ordinary case, when all claims over which the district court has original jurisdiction have been dismissed before trial, the remaining state law claims will be remanded to state court. *Carnegie-Mellon*, 484 U.S. at 350 n. 7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

*B. Analysis*

In Plaintiffs' Motions for Leave to Amend, Plaintiffs are clearly attempting to dismiss all of their federal claims in order for the Court to remand these actions to state court pursuant to 28 U.S.C. § 1367 (c)(3). The Court will grant the motions to amend, as discussed above, and finds that it may exercise its discretion to grant the motions to remand.

However, the Court is not satisfied with the briefing on several issues pertaining to the motions to remand. This shortcoming is due, in part, to the fact that the motions to

amend had not been granted when these motions to remand to state court were filed. Thus, none of the Defendants have squarely addressed whether Plaintiffs' proposed amended complaints contain any claims over which this Court retains original jurisdiction. Litton and Bank of America have apparently failed to brief this issue because the motion to amend had not yet been granted and the earlier complaints were still operative (Doc. 714 at 3-4, Doc. 814 at 3-5). MERS, meanwhile, incorrectly interpreted the amended complaints as focusing "entirely on issues unrelated to the operation and formation of MERS and involve loan origination issues" (Doc. 676 at 3). Thus, the Court will allow supplemental briefing on whether federal question jurisdiction or diversity jurisdiction exists under the amended complaints in *Mesi*, *Youngren*,[5] and *Huyhn*, or whether any fraudulent joinder has occurred. Defendants may file additional briefing opposing one or more of the motions by August 27, 2010. Plaintiffs may file additional briefing supporting their respective motions by September 6, 2010.

Several defendants in *Huynh*, *Mesi*, and *Youngren* have not filed any response to Plaintiffs' various Motions to Remand to State Court. The non-responding defendants should be aware that the deadline for responding to these motions passed weeks ago. Therefore, to the extent these defendants fail to serve and file responses to these motions by August 27, 2010, the Court will deem this non-compliance as consent to the summary granting of the motion pursuant to Local Rule of Civil Procedure 7.2(i).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motions (Doc. 508, 515, 524, 525, 526, 530, 564) for leave to file amended complaints in the above-captioned member cases (*Caffee*, *Gillespie*, *Huck*, *Huynh*, *Lee*, *Mesi*, and *Youngren*) is GRANTED. Plaintiffs may, within three days of the date of this Order, file their amended complaints as attached to their Motions for Leave to Amend.

---

[5] Litton argues that Plaintiff has conceded complete diversity in *Youngren*, but the Proposed Amended Complaint in *Youngren* contains two named Nevada defendants (Doc. 515-1 at 5-6).

**IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 573) for leave to file an amended complaint in *Barlow* is DENIED as to Defendant BNC Mortgage Inc. due to the automatic stay in place, but is GRANTED as to all other Defendants. Plaintiff may, within three days of the date of this Order, file an amended complaint.

**IT IS FURTHER ORDERED** that Defendant Litton Loan Servicing LP's Motion to Dismiss (Doc. 453) is DENIED AS MOOT.

**IT IS FURTHER ORDERED**, with regards to Plaintiffs' Motions (Doc. 521, 639, 640) to remand *Mesi*, *Youngren*, and *Huynh* to state court, the Court will allow the parties to file additional briefing. Defendants may file additional briefing opposing one or more of the motions by August 27, 2010. Plaintiffs may file additional briefing supporting their respective motions by September 6, 2010.

DATED this 16th day of August, 2010.

_James A. Teilborg_
United States District Judge