1   **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   IN RE Mortgage Electronic Registration)    MDL DOCKET NO. 09-2119-JAT
    Systems (MERS) Litigation              )
10  _____)   **ORDER**
                                           )
11  This Order Applies to:                 )
                                           )
12  CV 09-2616-PHX-JAT                      )
    CV 10-78-PHX-JAT                        )
13  CV 10-79-PHX-JAT                        )
    CV 10-80-PHX-JAT                        )
14  CV 10-81-PHX-JAT                        )
    CV 10-630-PHX-JAT                       )
15  _____)

16

17          In the initial Practice and Procedure Order (Doc. 25), this Court set for the briefing

18  schedule for six above-captioned actions transferred by the Panel's initial CTO.

19          On August 24, 2010, this Court heard oral argument on sixty-five motions to dismiss

20  pertaining to these six member cases.  The motions are as follows:

21          **Motions regarding *Vargas, et al. v. Countrywide Home Loans, et al.*,**

22                        **CV 09-2616-PHX-JAT:**

23          (1) Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint and

24  Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 262);

25          (2) GE Money Bank's Motion to Dismiss Plaintiffs' First Amended Class Action

26  Complaint (Doc. 285);

27

28

(3) Motion of Defendants National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc. to Dismiss Count Seven of the First Amended Complaint (Doc. 292);

(4) Defendant MortgageIT, Inc.'s Motion to Dismiss First Amended Complaint and Joinder in Certain Other Defendants' Motion to Dismiss (Doc. 299);

(5) JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint [#5 in *Vargas*] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 309);

(6) Certain Defendants' Motion to Dismiss First Amended Class Action Complaint (Doc. 314);

(7) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 324).

**Motions regarding *Lopez, et al. v. Executive Trustee Services, LLC, et al.*,**

**CV 10-78-PHX-JAT:**

(8) Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [#59-1] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 260);

(9) GE Money Bank's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 281);

(10) Motion of Defendants National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc. to Dismiss Counts Five and Six of the Second Amended Complaint (Doc. 291);

(11) Motion to Dismiss Second Amended Complaint Against T.D. Service Company (Doc. 297);

(12) JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [#419 in *Lopez*] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 308);

(13) Certain Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #316);

1   (14) National Default Servicing Corp.'s Motion to Dismiss for Failure to State a
2   Claim for Relief or, in the Alternative for More Definite Statement and/or to Strike Portions
3   of Second Amended Complaint (Doc. 318);

4   (15) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems,
5   Inc.'s Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 331).

6   **Motions regarding *Goodwin, et al. v. Executive Trustee Services, LLC, et al.*,**
7   **CV 10-79-PHX-JAT:**

8   (16) Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint
9   [#45-1] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 259);

10  (17) Defendant Deutsche Bank National Trust Company's Motion to Dismiss
11  Plaintiffs' Second Amended Class Action Complaint (Doc. 266);

12  (18) Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Second Amended
13  Complaint (Doc. 268);

14  (19) Defendant Western Progressive Trustee LLC's Motion to Dismiss Second
15  Amended Complaint (Doc. 269);

16  (20) American Home Mortgage Servicing, Inc.'s Motion to Dismiss Plaintiffs' Second
17  Amended Class Action Complaint (Doc. 278);

18  (21) GE Money Bank's Motion to Dismiss Plaintiffs' Second Amended Class Action
19  Complaint (Doc. 282);

20  (22) Defendant Litton Loan Servicing LP's Motion to Dismiss Second Amended Class
21  Action Complaint (Doc. 286);

22  (23) Motion of Defendants National City Bank, National City Mortgage, National
23  City Corporation and PNC Financial Services Group, Inc. to Dismiss Counts Six and Seven
24  of the Second Amended Complaint (Doc. 290);

25  (24) WMC Mortgage Corp.'s Motion to Dismiss Plaintiffs' Second Amended Class
26  Action Complaint (Doc. 296);

27  (25) Motion to Dismiss Second Amended Complaint Against T.D. Service Company
28  (Doc. 298);

(26) Motion to Dismiss Second Amended Complaint Against I.B. Property Holdings, L.L.C. (Doc. 300);

(27) Aztec Foreclosure Corporation and National Default Servicing Corp.'s Motion to Dismiss for Failure to State a Claim for Relief (Doc. 304);

(28) JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [#443 in *Goodwin*] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. #305);

(29) Bank of New York's Motion to Dismiss (Doc. 310);

(30) Certain Defendants' Motion to Dismiss (Doc. 320);

(31) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 327);

(32) Defendant MTC Financial, Inc. dba Trustee Corp's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint for Failure to State a Claim for Relief, or, Alternatively, Motion for Summary Judgment (Doc. 479).

**Motions regarding *Green, et al. v. Countrywide Home Loans, Inc., et al.*,**

**CV 10-80-PHX-JAT:**

(33) Citimortgage, Inc. and CR Title Services, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [#35] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 257);

(34) American Home Mortgage Servicing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 279);

(35) GE Money Bank's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 283);

(36) Defendant Litton Loan Servicing LP's Motion to Dismiss First Amended Class Action Complaint (Doc. 287);

(37) Motion of Defendants National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc. to Dismiss Counts Two, Three and Four of the First Amended Complaint (Doc. 294);

(38) The Bank of New York Mellon's Motion to Dismiss Plaintiffs' First Amended Complaint [#35] and Joinder In Certain Other Defendants' Motions to Dismiss (Doc. 302);

(39) JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint [#35] and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 307);

(40) NdeX West, LLC's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 317);

(41) National Default Servicing Corp.'s Motion to Dismiss for Failure to State a Claim for Relief, or, in the Alternative for More Definite Statement and/or to Strike Portions of the First Amended Complaint (Doc. 312);

(42) Certain Defendants' Motion to Dismiss (Doc. 321);

(43) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 333).

**Motions regarding *Dalton, et al. v. Citimortgage, Inc., et al.*,**

**CV 10-81-PHX-JAT:**

(44) Citimortgage, Inc. and CR Title Services, Inc.'s Motion to Dismiss Plaintiffs' Complaint and Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 258);

(45) Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiffs' Class Action Complaint and Joinder in the Motion to Dismiss Filed by Defendant American Home Mortgage Servicing, Inc. (Doc. 267);

(46) American Home Mortgage Servicing, Inc.'s Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 277);

(47) GE Money Bank's Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 284);

(48) T.D. Service Company's Renewed Motion to Quash Service of Summons and Complaint and Renewed Motion to Dismiss Class Action Complaint (Doc. 293);

(49) Motion of Defendants National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc. to Dismiss Counts Two, Three and Four of the Complaint (Doc. 295);

1   (50) JPMorgan Chase Bank, N.A., EMC Mortgage Corporation, and California

2   Reconveyance Company's Motion to Dismiss Plaintiffs' Complaint and Joinder in Certain

3   Other Defendants' Motions to Dismiss (Doc. 306);

4   (51) Defendant MetLife Bank, N.A.'s Motion to Dismiss and Joinder in GMAC

5   Mortgage, LLC's Motion to Dismiss and Certain Defendants' Motion to Dismiss Filed By

6   Bank of America, N.A., et al. (Doc. 319);

7   (52) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems,

8   Inc.'s Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 325);

9   (53) Certain Defendants' Motion to Dismiss (Doc. 328);

10   (54) Cal-Western Reconveyance Corporation's Motion to Dismiss Class Action

11   Complaint, or in the Alternative for a More Definite Statement; Motion to Strike Portions of

12   Class Action Complaint (Doc. 423).

13   **Motions regarding *Robinson, et al. v. Citimortgage, Inc., et al.*,**

14   **CV 10-630-PHX-JAT**:

15   (55) Citimortgage, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint and

16   Joinder in Certain Other Defendants' Motions to Dismiss (Doc. 261);

17   (56) GE Money Bank's Motion to Dismiss Plaintiffs' First Amended Class Action

18   Complaint (Doc. 280);

19   (57) Motion of Defendants National City Bank, National City Mortgage, National

20   City Corporation and PNC Financial Services Group, Inc. to Dismiss Count Eight of the First

21   Amended Complaint (Doc. 288);

22   (58) JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended

23   Complaint [#91 in *Robinson*] and Joinder in Certain Other Defendants' Motions to Dismiss

24   (Doc. 303);

25   (59) Certain Defendants' Motion to Dismiss Plaintiff's First Amended Complaint

26   (Doc. 311);

27   (60) Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems,

28   Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 326).

**Motions addressing multiple cases:**

(61) Motion of the Federal Housing Finance Agency as Conservator of Fannie Mae and Freddie Mac to Dismiss (Doc. 264) (Concerning all six);

(62) Motion of Defendants GMAC Mortgage, LLC, Executive Trustee Services, Inc., and Homecomings Financial, LLC to Dismiss All Plaintiffs' Claims Retained by the Court in these Six Cass Actions (Doc. 276) (Concerning all six);

(63) Motion to Dismiss Plaintiffs' Complaints Filed by Defendants Aurora, Old Republic, and Saxon (Doc. 289) (Concerning *Goodwin*, *Green*, and *Dalton*);

(64) Motion to Dismiss By Shareholder Defendants (Doc. 315) (Concerning all six);

(65) Motion to Dismiss Plaintiffs' Complaints Filed by Quality Loan Service Corporation (Doc. 343) (Concerning *Goodwin*, *Green*, and *Dalton*).

## I. BACKGROUND

On April 1, 2009, Plaintiff Alfonso Vargas filed a putative class action. *Vargas, et al. v. Countrywide Home Loans, et al.*, CV 09-2616-PHX-JAT, Doc. 1.  On July 27, 2009, a First Amended Class Action Complaint was filed.  *Id.*, Doc. 5.  In its March 23, 2010 Order, this Court retained jurisdiction over Plaintiffs' Seventh Claim and Eleventh Claim for Relief, which pertain to the formation and operation of MERS.  All other claims for relief were remanded to the United States District Court for the Central District of California.

On April 8, 2009, Plaintiff Josefa Lopez filed a putative class action. *See Lopez, et al. v. Executive Trustee Services, LLC, et al.*, CV 10-78-PHX-JAT, Doc. 1.  On May 4, 2009, a First Amended Class Action Complaint was filed adding nine plaintiffs. *See id.*, Doc. 35. Plaintiffs filed a Second Amended Complaint on February 3, 2010.  Doc. 59.[1]  In its March 23, 2010 Order, this Court retained jurisdiction over Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for relief, which pertain to the formation and operation

---

[1] Unless otherwise noted, all docket numbers refer to the docket of *In re Mortgage Electronic Registration Systems*, MDL Docket No. 09-2119-JAT.

of MERS.  All other claims for relief were remanded to the United States District Court for the District of Nevada.

On June 9, 2009, Plaintiff Aleta Goodwin, along with several other plaintiffs, filed a putative class action in the District of Nevada. *Goodwin, et al. v. Executive Trustee Services, LLC, et al.*, CV 10-79-PHX-JAT, Doc. 1.  On June 24, 2009, a First Amended Class Action Complaint was filed, adding six additional plaintiffs. *See id.*, Doc. 47.  On January 8, 2010, Judge Reed of the District of Nevada granted Defendants' Motions to Dismiss (along with other defendants. motions to dismiss) and granted Plaintiffs leave to amend their complaint. *Goodwin v. Executive Trustee Services, LLC*, No. 3:09-CV-306-ECR-PAL, 2010 WL 234786 (D. Nev. Jan. 8, 2010), at \*9-\*10.  In particular, Judge Reed dismissed the unjust enrichment claim because Plaintiffs had entered into express, written contracts and thus could not state a claim. *Id.* at \*7-\*8. Judge Reed noted that he lacked jurisdiction over the claims that were transferred to this Court. *Id.* at \*10.  On January 29, 2010, Plaintiffs filed the Second Amended Class Action complaint. Doc. 45-1.  In an order dated March 23, 2010, this Court retained the Third, Fourth, Sixth, and Seventh Claims for Relief and parts of the Second, Eighth, and Ninth Claims for Relief that relate to the formation or operation of MERS.  All other claims for relief were remanded to the United States District Court for the District of Nevada.

On July 10, 2009, Plaintiff Joseph Green, along with 30 others, filed a putative class action. *Green, et al. v. Countrywide Home Loans, Inc., et al.*, CV 10-80-PHX-JAT, Doc. 1. On January 8, 2010, Judge Reed of the District of Nevada granted all defendants' motions to dismiss and denied Plaintiffs leave to amend their complaint. See Doc. 283-1.  In this Court's March 23, 2010 Order, this Court retained jurisdiction over the First, Third and Fourth Claims for Relief and parts of the Second, Fifth, and Sixth Claims for Relief as they relate to the formation and operation of MERS.  All other claims for relief were remanded to the United States District Court for the District of Nevada.

On September 14, 2009, Plaintiff Lacy J. Dalton, along with over eighty other plaintiffs, filed a putative class action in the District of Nevada. *Dalton, et al. v.*

1    *Citimortgage, Inc., et al.*, CV 10-81-PHX-JAT, Doc 1.  In an order dated March 23, 2010,

2    this Court retained claims for relief 1, 3 and 4, retained-in-part claims for relief 2, 5 and 6 to

3    the extent they involved allegations involving the function or operation of MERS.  All other

4    claims for relief were remanded to the United States District Court for the District of Nevada.

5          On April 21, 2009, Plaintiffs Jonathan Robinson and Sally Robinson-Burke filed this

6    lawsuit, asserting multiple statutory and common law claims.  *Robinson-Burke, et al. v. GE*

7    *Money Bank, et al.*, CV 09-227-TUC-JMR, Doc. 1.  On June 19, 2009, Plaintiffs filed the

8    First Amended Class Action Complaint, which added two new plaintiffs.  *See id.*, Doc. 91.

9    In an order dated March 23, 2010, this Court retained the Eighth Claim for Relief, and parts

10   of the Tenth and Eleventh Claims for Relief which related to formation and operation of

11   MERS in a separately captioned action, *Robinson, et al. v. GE Money Bank, et al.*, CV 10-

12   630-PHX-JAT.  All other claims for relief were remanded to the Honorable Judge John M.

13   Roll of the United States District Court for the District of Arizona.

14         Defendants have now filed the above listed sixty-five motions to dismiss.  Nearly all

15   seek to dismiss Plaintiffs' complaints for failure to state a claim under Rule 12(b)(6) and

16   some also advance other theories.  As all six class action complaints share nearly identical

17   causes of action, the Court will group similar claims together and address the 12(b)(6)

18   motions pertaining to each set of claims.

19                                    **II. LEGAL STANDARD**

20         "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim." *Navarro*

21   *v. Block,* 250 F.3d 7129, 732 (9th Cir.2001).  "To survive a motion to dismiss, a complaint

22   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

23   plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

24   *Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a

25   'probability requirement,' but it asks for more than a sheer possibility that a defendant has

26   acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.  "Where a complaint pleads facts that are

27   'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

28   and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

1   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

2   detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to

3   relief requires more than labels and conclusions, and a formulaic recitation of the elements

4   of the cause of action will not do." *Twombly,* 550 U.S. at 545 (internal quotations, citations

5   and alterations omitted). "Determining whether a complaint states a plausible claim for relief

6   . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

7   experience and common sense.  But where the well-pleaded facts do not permit the court to

8   infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

9   'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule.

10  Civ. P. 8(a)(2)) (citation omitted).

11  Under Rule 9(b), plaintiffs have an even higher pleading standard in all allegations

12  of fraud, especially in multi-defendant cases such as these.  The Ninth Circuit has repeatedly

13  emphasized that "Rule 9(b) does not allow a complaint to merely lump multiple defendants

14  together but require[s] plaintiffs to differentiate their allegations when suing more than one

15  defendant . . . and inform each defendant separately of the allegations surrounding his alleged

16  participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citation

17  omitted); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) ("membership

18  in an association does not render an association's members automatically liable" for a

19  conspiracy); *N. Cal. Pharm. Ass'n v. United States*, 306 F.2d 379, 388-89 (9th Cir. 1962)

20  (trade association membership "does not mean, however, that every member of the

21  Association, by reason of his membership alone, becomes a coconspirator").

### III. WRONGFUL FORECLOSURE

23  Plaintiffs assert claims for wrongful foreclosure in *Goodwin*, *Lopez*, *Green*, and

24  *Dalton*.  Each claim fails to state a claim as a matter of law for at least two reasons.

25  *A. Failure to Allege Lack of Default*

26  First, Nevada law is clear that "[a]n action for the tort of wrongful foreclosure will lie

27  if the trustor or mortgagor can establish at the time the power of sale was exercised or the

28  foreclosure occurred, no breach of condition or failure of performance existed on the

mortgagor or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Ernestburg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) (internal citations and quotations omitted). The plaintiff must establish that they were not "in default when the power of sale was exercised." *Id.* (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)). Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised. *Collins*, 662 P.2d at 623.

*Green* Plaintiffs admit that they have breached their loan obligations: "Borrower/Plaintiffs did not pay the payments agreed in the 'Note' . . ." Doc. 35, ¶ 92. In *Lopez*, Plaintiff Lopez "was unable to continue making payments" and a Notice of Default was recorded.  Doc. 59-1, ¶¶ 58, 63.  In fact, the *Lopez* Amended Complaint admits that every named plaintiff had been defaulted or was otherwise behind in their payments.  Doc. 59-1, ¶¶ 71, 79, 88, 99, 109, 118.  Similarly, the *Dalton* complaint alleges that at least one plaintiff could "no longer pay the payments" (*see* 10-81-PHX-JAT, Doc. 2, ¶ 138 (a)) and does not make any allegation that any plaintiff made the payments agreed upon under the terms of their loans.  The *Goodwin* Second Amended Complaint alleges that at least one plaintiff "ceased making payments" (*see* Doc. 54-4, ¶ 134 (b)) and does not make any allegation that any plaintiff made the payments agreed upon under the terms of their loans. By failing to plead that their loans are not in default, all of Plaintiffs' claims for wrongful foreclosure are barred as a matter of law and will be dismissed for failure to state a claim. Further, for many of the claims in these actions, Plaintiffs do not allege that the power of sale has been exercised.  For these plaintiffs, these claims for wrongful foreclosure are premature and not actionable.

### B. MERS and MERS-appointed trustees have power to foreclose

Even if Plaintiffs' claims for wrongful foreclosure were not barred by their failure to plead absence of default, Plaintiffs' claims suffer other deficiencies.  Plaintiffs have failed to allege facts upon which the Court could draw the reasonable inference that the foreclosure trustees were not properly appointed and thus lacked the power to exercise the power of sale.

1   Plaintiffs' "split the note" theory has been recognized by several courts in are particular
2   context and to a limited extent.   MERS has been found to be less than a traditional
3   beneficiary in that it holds the deed of trust, but not the accompanying mortgage note and the
4   payments made on account of such loans.   *See In re Hawkins*, No. BK-S-07-13593-LBR,
5   2009 WL 901766 (Bankr. D. Nev. Mar. 31, 2009).   This splitting of the note from the deed
6   of trust does affect the parties' legal rights and thus, when MERS or a participant in the
7   MERS system has needed a Court to grant affirmative relief—for example, when it needs
8   relief from an automatic stay in a bankruptcy court—Courts have not granted that relief.   *See*
9   *In re Hawkins* (denying relief from automatic state in bankruptcy proceedings); *In re Vargas*,
10  396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) (same); *Bellistri v. Ocwen Loan Servicing, L.L.C.*,
11  284 S.W.3d 619 (Mo. Ct. App. 2009) (denying relief to a foreclosure trustee appointed by
12  MERS for lack of "interest" in the property).

13      However, the situation in the cases before the Court differ in one important respect:
14  they concern non-judicial foreclosures under Nevada law.   "Defendants do not need to
15  produce the note to the property in order to proceed with a non-judicial foreclosure." *Urbina*
16  *v. Homeview Lending Inc.*, 681 F. Supp. 2d 1254 (D. Nev. 2009) (dismissing Plaintiffs'
17  allegations that Defendants did not possess the original note); *see also Mansour v.*
18  *Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009) (rejecting
19  similar "show me the note" argument under Arizona's non-judicial foreclosure law and
20  collecting cases with similar holdings).

21      Plaintiffs further argue that when "the note is split from the deed of trust, then the note
22  becomes unsecured and a person holding only the note lacks the power to foreclose and a
23  person holding only a deed of trust suffers no default because only the holder of the note is
24  entitled to payment on it." *See, e.g.*, *Dalton* Complaint, CV 10-81-PHX-JAT, Doc. 3 at 18.
25  Plaintiffs, however, fail to allege any facts in their amended complaint that would support
26  such a theory.   Indeed, the deeds of trust state that MERS will serve as the nominee for the
27  original lender as well as the original lender's successors and assigns. *See, e.g.*, the Casas-
28  Martinez Deed of Trust, Doc. 352 at 25. Thus, from the very language of the deeds of trust,

1  to which Plaintiffs agreed in entering into their home loan transaction, MERS is still acting

2  as the nominee for the current holder of the promissory note.  Plaintiffs have failed to allege

3  any facts suggesting that MERS is not the nominee of the current owner of the promissory

4  note; nor do Plaintiffs allege any facts supporting their assertion that the promissory note and

5  the deed of trust have been bifurcated.  Plaintiffs have not cited any legal authority where the

6  naming of MERS—and the consequent "splitting of the note"—was cause to enjoin a

7  non-judicial foreclosure as wrongful.  Indeed Nevada case law universally holds that these

8  deeds are enforceable.  *See Orzoff v. MERS*, No. 2:08-cv-01512, 2009 WL 4643229, at *6

9  (D. Nev. Mar. 26, 2009) ("Plaintiff has cited no authority that is controlling upon this Court

10  that holds MERS cannot have standing as a nominee beneficiary in connection with a

11  nonjudicial foreclosure proceeding under Nevada law. This Court has previously determined

12  that MERS does have such standing."); *Vazquez v. Aurora Loan Servs.*, No 2:08-cv-01800,

13  slip op. at 2 (D. Nev. Mar. 30, 2009) (loan documents sufficiently demonstrated standing by

14  Defendants, including MERS, "with respect to the loan and the foreclosure"); *Gonzalez v.*

15  *Home American Mortgage Corp.*, Case No. 2:09-cv-00244, slip op. at 7-9 (D. Nev. Mar. 12,

16  2009) (MERS and successor trustee have the power to initiate non-judicial foreclosure

17  without presenting the note); *Ramos v. MERS, Inc.*, Case No. 2:08-cv-1089-ECR-RJJ, 2009

18  WL 5651132, at *3 (D. Nev. Mar. 5, 2009) ("under the deed of trust, MERS was empowered

19  to foreclose on the property and to appoint [a] substitute trustee for purpose of conducting

20  the foreclosure").  Therefore, for this additional reason, Plaintiffs' claims for wrongful

21  foreclosure fail to state a claim.

22       In sum, Plaintiffs' actions for wrongful foreclosure are all dismissed for failure to state

23  a claim.

24

25

26

27  / / /

28  / / /

1

## III. CONSPIRACY TO COMMIT WRONGFUL FORECLOSURE

2

### A.   Lack of Underlying Claim

3    Plaintiffs also assert claims for conspiracy to commit wrongful foreclosure in

4  *Goodwin*, *Lopez*, *Green*, and *Dalton*.[2]  Since Plaintiffs fail to state a claim for wrongful

5  foreclosure, their claims for conspiracy to commit wrongful foreclosure also must fail.  It is

6  well settled that a plaintiff cannot prevail on a claim for conspiracy if the underlying claim

7  is defective.  *Grisham v. Philip Morris USA*, 403 F.3d 631, 635 (9th Cir. 2000) (claim for

8  civil conspiracy fails if underlying cause of action fails).  "Civil conspiracy is not an

9  independent cause of action—it must arise from some underlying wrong."  *Paul Steelman*

10  *Ltd. v. HKS, Inc.*, No. 2:05-cv-01330-BES-RJJ, 2007 WL 295610, at *3 (D. Nev. Jan. 26,

11  2007) ("having concluded that Plaintiffs' claim of tortious interference is not actionable as

12  pleaded, Steelman's civil conspiracy claim must also fail") (citing *Sahara Gaming Corp. v.*

13  *Culinary Workers Union Local 226*, 984 P.2d 164, 165 (Nev. 1999)).  Accordingly, because

14  plaintiffs have not and cannot present a valid claim for wrongful foreclosure, these claims

15  are dismissed as a matter of law.

16    ### B.   Failure to Allege Specific Facts to Support Inference of a Conspiracy

17    Regardless of the merits of Plaintiffs' underlying claims for fraud, Plaintiffs' claim

18  that Defendants conspired to commit wrongful foreclosure is insufficient both for a failure

19  to plead conspiracy with the requisite particularity and for a failure to plead an agreement to

20  participate in the wrongful foreclosure.

21    For a conspiracy-to-defraud action to lie under Nevada law, a plaintiff must plead and

22  prove that there is: "(1) a conspiracy agreement . . . ; (2) an overt act of fraud in furtherance

23  of the conspiracy; and (3) resulting damages to the plaintiff."  *Jordan v. State ex rel. Dept.*

24  *of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005).  "To prevail in a civil

25

---

26    [2] The claims in *Green* and *Dalton* are titled: "Conspiracy to Commit Wrongful
   Foreclosure by Creation, Operation and Use of the MERS System."  The claims in *Goodwin*

27  and *Lopez* are titled: "Conspiracy to Commit Wrongful Foreclosure Related to the MERS

28  System."

1   conspiracy action, a plaintiff must prove an agreement between the tortfeasors, whether

2   explicit or tacit." *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Thus, to maintain a

3   viable conspiracy claim a plaintiff must allege with sufficient factual particularity the

4   "specific time, place, or person involved in the alleged conspiracies to give a defendant

5   seeking to respond to allegations of a conspiracy an idea of where to begin." *Kendall v. Visa*

6   *U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (quotations and citation omitted). Put

7   another way, plaintiffs must plead the "who, what, when, where and how of the misconduct

8   charged" necessary to satisfy the requirements of Federal Rule of Civil Procedure 9(b). *See*

9   *Gowen v. Tiltware LLC*, No. 2:08-CV-1581, 2009 WL 1441653, at *9 (D. Nev. May 19,

10  2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

11  Specifically, "a plaintiff must allege with sufficient factual particularity that defendants

12  reached some explicit or tacit understanding or agreement. It is not enough to show that

13  defendants might have had a common goal unless there is a factually specific allegation that

14  they directed themselves towards this wrongful goal by virtue of a mutual understanding or

15  agreement." *S. Union Co. v. Sw. Gas Corp.*, 165 F.Supp.2d 1010, 1020-21 (D. Ariz. 2001)

16  (quoting *Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1521 (N.D. Cal. 1990)).

17      Plaintiffs allege that Defendants: (1) formed an association to conspire in order to

18  deprive Plaintiffs of their property; (2) knew Plaintiffs would be unable to pay the loans and,

19  thus, Defendants would be in a position to seize Plaintiffs' real property through foreclosure;

20  and (3) targeted Plaintiffs for the purpose of misrepresenting the terms of the loans in order

21  to seize Plaintiffs' properties. However, Plaintiffs do not plead any of these allegations with

22  sufficient factual allegations. Plaintiffs have failed to plead how or even when Defendants

23  formed this purported association to conspire. Neither have Plaintiffs included any factual

24  allegations pertaining to how Defendants targeted Plaintiffs. Plaintiffs' allegations amount

25  to a claim that Defendants *somehow* formed a conspiracy with the intent to provide Plaintiffs

26  with a loan, the terms of which they could not afford, thus permitting Defendants to gain

27  control of the properties through foreclosure. "But terms like 'conspiracy,' or even

28  'agreement,' are border-line: they might well be sufficient in conjunction with a more

specific allegation–for example, identifying a written agreement or even a basis for inferring a tacit agreement–but a court is not required to accept such terms as a sufficient basis for a complaint. The case law on this point is ample." *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) (cited with approval in *Twombly*, 550 U.S. at 557). Plaintiffs have failed to provide any specific, factual allegations inferring even a tacit agreement. As such, Plaintiffs' claims for conspiracy fall short of the requirements of Rule 9(b), *Twombly*, and *Iqbal*.

Plaintiffs' claim for conspiracy to commit wrongful foreclosure fails both because Plaintiffs have not stated a claim for the underlying tort–wrongful foreclosure–and because Plaintiffs fail to state the basic elements of conspiracy. Thus, the Court will grant the motions to dismiss these claims.

**IV. CONSPIRACY TO COMMIT FRAUD RELATED TO THE MERS SYSTEM**

In all six actions, Plaintiffs attempt to state a claim for Conspiracy to Commit Fraud Related to the MERS® System.[3] In these claims, Plaintiffs assert that various named Defendants conspired to commit fraud through the MERS system. From the complaints, Plaintiffs' claims for conspiracy to commit fraud appears to be an attack on the legitimacy of the MERS system itself. A nearly identical claim for Conspiracy to Commit Fraud Related to the MERS® System was dismissed with prejudice by this Court in *Cervantes v. Countrywide Home Loans*, CV 09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sep. 24, 2009), because no facts were alleged showing any fraud was committed by MERS or in the MERS system. In an effort to distinguish the present cases from *Cervantes*, Plaintiffs, in their responses, argue that they "have not alleged that the MERS system is fraudulent, and Plaintiffs have not alleged that MERS committed any fraud" (Doc. 448 at 4). Instead, Plaintiffs now maintain that these claims:

> "are about how the defendants named as co-conspirators created and used the MERS system to facilitate the securitization and sale of loans procured by

---

[3] The Claims in *Green* and *Dalton* are titled: "Conspiracy to Commit Fraud by Creation, Operation and Use of the MERS System."

fraud (also known as predatory loans, subprime loans, and toxic loans), and how the defendants created and used the MERS system to facilitate wrongful foreclosures on the parties who were the victims of predatory lending, and how the MERS system was used to facilitate wrongful foreclosures on others in Nevada"

*Id.*   Under both Plaintiffs' complaints and the gloss provided by Plaintiffs' Responses, Plaintiffs fail to state a claim.  For the sake of thoroughness, the Court will consider each of these constructions–that the MERS system is itself fraudulent or that the MERS system "facilitated" fraudulent activity in turn.

     *A.*   *The MERS system is not fraudulent, and MERS has not committed any fraud*

While Plaintiffs have conceded this point, it is helpful to provide an overview of the facts.  MERS is a wholly owned subsidiary of MERSCORP, a Virginia corporation.  Various of the named Defendant banks and lending institutions are shareholders in MERSCORP and participants in the MERS system.  Under the MERS system, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust.  Under the MERS system, the rights to the mortgage are tracked internally and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of the MERS system.

This Court in *Cervantes* considered two possible ways in which this MERS system could be considered fraudulent: (1) MERS is never really a beneficiary under the deed of trust because it never acquires a true beneficial interest; and (2) the MERS system is a means of circumventing the public recording requirements.  The Court found that Plaintiffs' claims for conspiracy to commit fraud fail as a matter of law under Rule 12(b)(6) in that it failed to assert several elements of a claim for fraud.  The Court relies on the analysis put forward in *Cervantes*.  The elements of a fraud claim under California and Nevada law are largely similar to the elements of fraud under Arizona law.[4]  Here, under both theories considered

---

[4] In Arizona, a fraud claim requires proof of nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its

1    in *Cervantes*, several elements of a fraud claim under Arizona, California, or Nevada

2    law–falsity, reliance, and injury–are lacking from Plaintiffs' complaints.  Thus, Plaintiffs

3    have now reframed the issue as a question of whether MERS facilitates origination fraud, a

4    question to which the Court now turns.

5         B.    *MERS "facilitated" fraudulent practices*

6              1. Failure to Plead the Underlying Claim

7         Plaintiffs have, in their responses, advanced a new gloss on their conspiracy to commit

8    fraud claims.  They maintain that fraudulent inducement is the "underlying act[] on which

9    the conspiracy claim[] is based."  (Doc. 448 at 8 n. 17.)  The complaints in *Goodwin*, *Lopez*,

10   and *Vargas* contain such allegations of fraudulent inducement, but nothing in the *Dalton*,

11   *Green* and *Robinson* complaints makes this type of allegation.   Plaintiffs admit this

12   deficiency in their responses.  *See id.* at 20 n. 51 (Admitting that while "Plaintiffs in *Dalton*

13   and *Green* and *Robinson* are also able to make similar allegations," the current complaints

14   do not contain these allegations.).   Thus, absent allegations of the underlying fraud, the

15   *Dalton*, *Green*, and *Robinson* Complaints do not–and cannot as a matter of law–state a claim

16   for Conspiracy to Commit Fraud Related to the MERS® System.  *Rashidi v. Albright*, 818

17   F. Supp. 1354, 1360 (D.Nev. 1993) (holding that because the underlying claim failed the

18   conspiracy claim must also be dismissed); *see also Willis v. City of L.A.*, 57 F. App'x 283,

19   ─────────────────────

20   truth; (5) the speaker's intent that it be acted upon by the recipient in a manner reasonably
     contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's

21   reliance on the truth of the representation; (8) the right to rely on it; and (9) consequent and
     proximate injury.  *Echols v. Beauty Built Homes, Inc.,* 647 P.2d 629, 631 (1982).

22       In Nevada, to state a claim for fraud in the inducement, a plaintiff must allege (1) a

23   false representation of material fact made by the defendant; (2) defendant's knowledge or
     belief that the representation is false; (3) defendant's intention to induce the plaintiff to act

24   or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable
     reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such

25   reliance.  *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1260-61 (1998).

26       In California, to state a claim for fraud, a party must allege (1) a misrepresentation,

27   (2) scienter or knowledge of falsity, (3) an intention to defraud, (4) justifiable reliance, and
     (5) damages to state a claim for fraud.  *Dias v. Nationwide Life Ins.*, No. 09-cv-524, 2010

28   WL 1032777, at *8 (E.D. Cal. Mar. 19, 2010).

287 (9th Cir. 2002) (where no tort alleged, defendants not liable for civil conspiracy as a matter of law).

As for the *Goodwin*, *Lopez*, and *Vargas* complaints' allegations of fraudulent inducement, those claims have been remanded to the transferor courts. Yet, because the claim for Conspiracy to Commit Fraud must necessarily fail without an underlying tort, the undersigned must consider the validity of the Fraud in the Inducement Claims. Helpfully, two transferor courts have already addressed these claims and dismissed them under Rule 12(b)(6) for failure to state a claim. *See Goodwin v. Executive Trustee Services, LLC*, 680 F.Supp.2d 1244, 1256 (D. Nev. 2010) (dismissing fraud in the inducement claim, finding "Plaintiffs' claim for fraud in the inducement fails to allege who made what misrepresentations or when any of the alleged misrepresentations took place. The claim is replete with vague and conclusory allegations such as 'Defendants misrepresented the ability of Plaintiffs, and other similarly situated, to qualify for the loans.'"); *Lopez, et al., v. Executive Trustee Services, LLC, et al.*, No. 3:09-CV-0180-ECR (D. Nev. Jan. 13, 2010) Order at 17 (same). The Court finds that just as in *Goodwin* and *Lopez*, the *Vargas* Plaintiffs fail to plead any of the requisite elements of a claim for fraud in the inducement with the specificity required by Fed. R. Civ. P. 9(b).[5]

### 2. Insufficient allegation of conspiracy

Regardless of the merits of Plaintiffs' underlying claims for fraud, Plaintiffs' claim that Defendants conspired to commit fraud related to MERS is insufficient both for a failure

---

[5] Defendant GE Money Bank also raised the possibility that Plaintiffs' state law claims for conspiracy to commit fraud against GE Money Bank are preempted by the Federal Home Owners' Loan Act of 1933 (HOLA) and Office of Thrift Supervision regulations promulgated thereunder. *See* 12 U.S.C. §§ 1461, *et seq.*; 12 C.F.R. § 560.2. However, GE Money Bank provides no evidence (i.e., through a request for judicial notice) beyond mere assertion that it is a thrift or savings association that would be governed by HOLA and protected by the OTS regulations on preemption. Furthermore, the Court is not convinced that HOLA preempts this type of fraud claim. *See Reyes v. Downey Savings & Loan Ass'n, F.A.*, 541 F. Supp. 2d 1108, 1114 (C.D. Cal. 2008) (finding state law claims that defendants had misrepresented the contract terms were based on the "principles of breach of contract and fraud in the inducement [that] are not specific to lending activities" and thus not preempted).

1  to plead conspiracy with the requisite particularity and for a failure to plead an agreement to

2  participate in the fraud.  "In alleging fraud or mistake, a party must state with particularity

3  the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Plaintiffs' allegations

4  with respect to fraud were not made with particularity.  Rather, Plaintiffs' allegations amount

5  to mere conclusory statements and general averments of fraud.  As set forth above section

6  III.B above, Plaintiffs' complaints fall short of the requirements of Rule 9(b), *Twombly*, and

7  *Iqbal*.

8       Thus, due both a lack of an underlying fraud and insufficient allegations of

9  conspiracy, the facilitation gloss advanced by Plaintiffs in their responses fails to save their

10  claims for conspiracy to commit fraud.  The Court will dismiss these claims for failure to

11  state a claim.

12                          **SLANDER OF TITLE**

13       Plaintiffs assert claims for slander of title in *Goodwin* and *Lopez*.  A claim for slander

14  of title requires "false and malicious communications, disparaging to one's title in land, and

15  causing special damages."  *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev.

16  1998).

17       Plaintiffs bring claims for slander of title in *Goodwin* on the allegation that certain

18  defendants "caused to be recorded a Trustee's Deed Upon Sale related to the . . . residence

19  showing that the property" had been conveyed at a trustee's sale (Doc. 45-1, ¶¶ 170-190) and

20  claims for slander of title in *Lopez* on the allegation that certain defendants wrongfully

21  recorded notices of default and intent to foreclose against Plaintiffs' property (Doc. 59-1, ¶¶

22  154-170).  Here, Plaintiffs have not sufficiently alleged the falsity of these communications.

23  Just as in *Ramos v. Mortgage Electronic Registrations* [sic] *Systems, Inc.*, No.

24  2:08-cv-1089-ECR-RJJ, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009), "Plaintiffs do not

25  dispute that they were in default on their loan.  Nor is it false that the property was to be sold

26  at a trustee's sale. . . .  It is not clear, therefore, what Plaintiffs might assert to be false or

27  malicious about the recorded notice."   In *Goodwin*, there is no allegation that the trustee's

28  sale had not taken place and the property had been conveyed, and in *Lopez*, there is no

1    allegation that Plaintiffs were not in default or that a trustee's sale was actually not

2    scheduled.   The only alleged falsity emerges from Plaintiffs' argument that the MERS

3    recordation process splits the note from the deed of trust, renders the note unenforceable, and

4    thus all subsequent action–including these recordations–are invalid and false.  As dealt with

5    elsewhere in this Order, this argument is not supported by the law.  Therefore, the Court will

6    dismiss Plaintiffs' claims for slander of title for failure to state a claim.

7                                    **UNJUST ENRICHMENT**

8          Plaintiffs set forth claims for unjust enrichment in *Goodwin*, *Lopez*, *Dalton*, *Green* and

9    *Vargas*.  To set forth a claim for unjust enrichment under Nevada law, a plaintiff must allege

10   that a defendant unjustly retained money or property of another against fundamental

11   principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700

12   (Nev. 1995).  California law is similar. *See*, *e.g.*, *Shum v. Intel Corp.*, 630 F. Supp.2d 1063,

13   1073 (N.D. Cal. 2009) (stating elements for unjust enrichment are receipt of a benefit and

14   unjust retention of same at the expense of another).  Unjust enrichment must be premised on

15   some independent basis which establishes a duty on the part of the defendant and the failure

16   of the defendant to abide by that duty.  In and of itself, the phrase "unjust enrichment" does

17   not describe a theory of recovery.  Rather, it is a way of describing the failure to make

18   restitution where equity requires. *See Melchior v. New Line Prods., Inc.*, 106 Cal.App. 4th

19   779, 792, (Cal. Ct. App. 2003);

20          Here, the Court finds that Plaintiffs have failed to state any other claims for relief.

21   Thus, as a matter of law, Defendants cannot have been unjustly enriched and equity does not

22   demand any restitution.   Therefore, the Court will also dismiss the claims for unjust

23   enrichment for failure to state a claim.

24                        **DECLARATORY AND INJUNCTIVE RELIEF**

25          Plaintiffs also seek injunctive and declaratory relief.  However, for the various reasons

26   discussed above, the Court has already found that all of Plaintiffs' other claims before this

27   Court must be dismissed.   Therefore, any request for injunctive and declaratory relief

28   premised upon those counts must likewise fail.

1

**ARTICLE III STANDING**

2     Several defendants argue that Plaintiffs lack standing under Article III of the United

3 States Constitution and, thus, Plaintiffs' claims should be dismissed under Rule 12(b)(1) for

4 lack of subject matter jurisdiction.  The Court has addressed the deficiencies of Plaintiffs'

5 complaints under Rule 12(b)(6), completely dismisses Plaintiffs' complaints for their failure

6 to state a claim, and will not retrace its steps in a Rule 12(b)(1) analysis.

7

**LEAVE TO AMEND**

8     Plaintiffs do not explicitly seek leave of this Court to file amended complaints.

9 However, Plaintiffs have undertaken to remind the Court that it "should grant leave to amend

10 even if no request to amend the pleading was made, unless it determines that the pleading

11 could not possibly be cured by the allegation of other facts."  (Doc. 488 at 37 (quoting *Doe*

12 *v. United States*, 58 F.3d 494, 496-97 (9th Cir. 1995) (internal quotations omitted).))  Leave

13 to amend a complaint is within the Court's sound discretion, and in exercising this discretion,

14 the Court must be guided by the command of Rule 15(a), which provides that "leave shall

15 be freely given when justice so requires."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373

16 (9th Cir. 1990) (citing Fed.R.Civ.P. 15(a)).  "In exercising its discretion[,] . . . 'a court must

17 be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather

18 than on the pleadings or technicalities.' . . . Thus, 'Rule 15's policy of favoring amendments

19 to pleadings should be applied with extreme liberality.'"  *Eldridge v. Block*, 832 F.2d 1132,

20 1135 (9th Cir. 1987) (citations omitted).  The Court should consider five factors when

21 assessing whether to allow leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to

22 the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously

23 amended the complaint.  *Foman*, 371 U.S. at 182.

24     The Court finds that Plaintiffs' indirect requests to amend their complaints do not

25 constitute bad faith, have not resulted from undue delay, and would not result in undue

26 prejudice to the opposing parties.  Because Plaintiffs have not formally moved for leave to

27 amend, they have deprived the Court of the benefit of the redlined proposed amended

28 complaint that would be helpful in making a determination about the futility of amendment.

1    The Court also notes that in some of these cases, Plaintiffs have already amended their

2    complaints and are seeking leave to do so for a second or third time.

3         Yet the Court finds no reason to depart from Rule 15's liberal amendment policy and

4    will grant all of Defendants' motions to dismiss without prejudice.

5         To facilitate the streamlining of this MDL, the Court directs plaintiffs, if they choose

6    to seek leave to amend, to jointly file a proposed consolidated amended complaint together

7    with the various plaintiffs whose actions are currently joined to this MDL.  The Court will

8    conduct an initial round of pretrial motions for the other member cases as provided for in the

9    various practices and procedures orders until such time as it is appropriate to set forth a

10   timetable for filing this consolidated amended complaint.[6]

11                                  **CONCLUSION**

12        Accordingly,

13        **IT IS ORDERED** regarding *Vargas* that: Defendant Citimortgage, Inc.'s Motion to

14   Dismiss Plaintiffs' First Amended Complaint (Doc. 262) is granted[7]; Defendant GE Money

15   Bank's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 285) is

16   granted; Defendants National City Bank, National City Mortgage, National City Corporation

17   and PNC Financial Services Group, Inc.'s Motion to Dismiss Count Seven of the First

18   Amended Complaint (Doc. 292) is granted; Defendant MortgageIT, Inc.'s Motion to Dismiss

19   First Amended Complaint (Doc. 299) is granted; Defendant JPMorgan Chase Bank, N.A.'s

20   Motion to Dismiss Plaintiffs' First Amended Complaint [#5 in *Vargas*] (Doc. 309) is granted;

21

22   _____

23   [6] Should there arise a need for any plaintiff to seek preliminary injunctive relief, that
     party should file a proposed amended complaint concurrently with the motion for preliminary
24   injunction.  Such a proposed amended complaint need not conform with this Court's
     instruction that a consolidated amended complaint be filed.

25        In a departure from prior practice, any motions relating to less than all member cases,
     should be filed in the individual case numbers assigned to each case.
26

27   [7] Unless otherwise noted, the Court dismisses Plaintiffs' complaints, without
     prejudice, for failure to state a claim.  As to all other theories, Defendants' motions to dismiss
28   are denied without prejudice.

1  Certain Defendants' Motion to Dismiss First Amended Class Action Complaint (Doc. 314)

2  is granted; Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems,

3  Inc.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 324) is

4  granted;

5        **IT IS FURTHER ORDERED** regarding *Lopez* that: Defendant Citimortgage, Inc.'s

6  Motion to Dismiss Plaintiffs' Second Amended Complaint [#59-1] (Doc. 260) is granted;

7  Defendant GE Money Bank's Motion to Dismiss Plaintiffs' Second Amended Class Action

8  Complaint (Doc. 281) is granted; Defendants National City Bank, National City Mortgage,

9  National City Corporation and PNC Financial Services Group, Inc.'s Motion to Dismiss

10  Counts Five and Six of the Second Amended Complaint (Doc. 291) is granted; Defendant

11  T.D. Service Company's Motion to Dismiss Second Amended Complaint Against T.D.

12  Service Company (Doc. 297) is granted; Defendant JPMorgan Chase Bank, N.A.'s Motion

13  to Dismiss Plaintiffs' Second Amended Complaint [#419 in *Lopez*] (Doc. 308) is granted;

14  Certain Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 316)

15  is granted; Defendant National Default Servicing Corp.'s Motion to Dismiss for Failure to

16  State a Claim for Relief (Doc. 318) is granted; Defendants MERSCORP, Inc. and Mortgage

17  Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Class

18  Action Complaint (Doc. 331) is granted;

19        **IT IS FURTHER ORDERED** regarding *Goodwin* that: Defendant Citimortgage,

20  Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [#45-1] (Doc. 259) is

21  granted; Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiffs'

22  Second Amended Class Action Complaint (Doc. 266) is granted; Defendant Ocwen Loan

23  Servicing, LLC's Motion to Dismiss Second Amended Complaint (Doc. 268) is granted;

24  Defendant Western Progressive Trustee LLC's  Motion to Dismiss Second Amended

25  Complaint (Doc. 269) is granted; Defendant American Home Mortgage Servicing, Inc.'s

26  Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 278) is

27  granted; Defendant GE Money Bank's Motion to Dismiss Plaintiffs' Second Amended Class

28  Action Complaint (Doc. 282) is granted; Defendant Litton Loan Servicing LP's Motion to

Dismiss Second Amended Class Action Complaint (Doc. 286) is granted; Defendants National City Bank, National City Mortgage, National City Corporation and PNC Financial Services Group, Inc.'s Motion to Dismiss Counts Six and Seven of the Second Amended Complaint (Doc. 290) is granted; Defendant WMC Mortgage Corp.'s Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Doc. 296) is granted; Defendant T.D. Service Company's Motion to Dismiss Second Amended Complaint (Doc. 298) is granted; Defendant I.B. Proprty Holdings, L.L.C.'s Motion to Dismiss Second Amended Complaint (Doc. 300) is granted; Defendants Aztec Foreclosure Corporation and National Default Servicing Corp.'s Motion to Dismiss for Failure to State a Claim for Relief (Doc. 304) is granted; Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint [#443 in *Goodwin*] (Doc. 305) is granted; Defendant Bank of New York's Motion to Dismiss (Doc. 310) is granted; Certain Defendants' Motion to Dismiss (Doc. 320) is granted; Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 327) is granted;  Defendant MTC Financial, Inc. dba Trustee Corp's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint for Failure to State a Claim for Relief (Doc. 479) is granted.

**IT IS FURTHER ORDERED** regarding *Green* that: Defendants Citimortgage, Inc. and CR Title Services, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [#35] (Doc. 257) is granted; Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 279) is granted; Defendant GE Money Bank's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 283) is granted; Defendant Litton Loan Servicing LP's Motion to Dismiss First Amended Class Action Complaint (Doc. 287) is granted and Defendant Litton Loan Servicing LP is dismissed with prejudice[8]; Defendants National City Bank, National City

---

[8] Plaintiffs, in their response, aver that listing Litton in the caption of the *Green* matter was inadvertent.  Doc. 451 at 3 n.3.

1   Mortgage, National City Corporation and PNC Financial Services Group, Inc.'s Motion to

2   Dismiss Counts Two, Three and Four of the First Amended Complaint (Doc. 294) is granted;

3   Defendant Bank of New York Mellon's Motion to Dismiss Plaintiffs' First Amended

4   Complaint [#35] (Doc. 302) is granted; Defendant JPMorgan Chase Bank, N.A.'s Motion to

5   Dismiss Plaintiffs' First Amended Complaint [#35] (Doc. 307) is granted; Defendant

6   National Default Servicing Corp.'s Motion to Dismiss for Failure to State a Claim for Relief

7   (Doc. 312) is granted; Defendant NdeX West, LLC's Motion to Dismiss Plaintiffs' First

8   Amended Class Action Complaint (Doc. 317) is granted; Certain Defendants' Motion to

9   Dismiss (Doc. 321) is granted; Defendants MERSCORP, Inc. and Mortgage Electronic

10   Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc.

11   333) is granted.

12         **IT IS FURTHER ORDERED** regarding *Dalton* that: Defendant Citimortgage, Inc.

13   and CR Title Services, Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. 258) is granted;

14   Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiffs' Class

15   Action Complaint (Doc. 267) is granted; Defendant American Home Mortgage Servicing,

16   Inc.'s Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. 277) is granted; Defendant

17   GE Money Bank's Motion to Dismiss Plaintiffs' Class Action Complaint (Doc. #284) is

18   granted; Defendant T.D. Service Company's Renewed Motion to Dismiss Class Action

19   Complaint (Doc. 293) is granted and T.D. Service Company's Renewed Motion to Quash

20   Service of Summons and Complaint is denied as moot; Defendants National City Bank,

21   National City Mortgage, National City Corporation and PNC Financial Services Group,

22   Inc.'s Motion to Dismiss Counts Two, Three and Four of the Complaint (Doc. 295) is

23   granted; Defendants Aztec Foreclosure Corporation and National Default Servicing Corp.'s

24   Motion to Dismiss for Failure to State a Claim for Relief (Doc. 301) is granted; JPMorgan

25   Chase Bank, N.A., EMC Mortgage Corporation, and California Reconveyance Company's

26   Motion to Dismiss Plaintiffs' Complaint (Doc. 306) is granted; Defendant MetLife Bank,

27   N.A.'s Motion to Dismiss (Doc. 319) is granted; Defendants MERSCORP, Inc. and

28   Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Class Action

1    Complaint (Doc. 325) is granted; Certain Defendants' Motion to Dismiss (Doc. 328) is

2    granted; Defendant Cal-Western Reconveyance Corporation's Motion to Dismiss Class

3    Action Complaint (Doc. 423) is granted.

4         **IT IS FURTHER ORDERED** regarding *Robinson* that: Defendant Citimortgage,

5    Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 261) is granted;

6    Defendant GE Money Bank's Motion to Dismiss Plaintiffs' First Amended Class Action

7    Complaint (Doc. 280) is granted; Defendants National City Bank, National City Mortgage,

8    National City Corporation and PNC Financial Services Group, Inc.'s Motion to Dismiss

9    Count Eight of the First Amended Complaint (Doc. 288) is granted; Defendant JPMorgan

10   Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint [#91 in

11   *Robinson*] (Doc. 303) is granted; Certain Defendants' Motion to Dismiss Plaintiffs' First

12   Amended Complaint (Doc. 311) is granted; Defendants MERSCORP, Inc. and Mortgage

13   Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended

14   Complaint (Doc. 326) is granted.

15        **IT IS FURTHER ORDERED** that Defendants GMAC Mortgage, LLC, Executive

16   Trustee Services, Inc., and Homecomings Financial, LLC's Motion to Dismiss All Plaintiffs'

17   Claims Retained by the Court in these Six Class Actions (Doc. 276) is granted; Defendants

18   Aurora, Old Republic, and Saxon's Motion to Dismiss Plaintiffs' Complaints (Doc. 289)

19   (concerning *Goodwin*, *Green*, and *Dalton*) is granted; Motion to Dismiss By Shareholder

20   Defendants (Doc. 315) (concerning all six cases) is granted; Motion to Dismiss Plaintiffs'

21   Complaints Filed by Quality Loan Service Corporation (Doc. 343) (concerning *Goodwin*,

22   *Green*, and *Dalton*) is granted.

23        **IT IS FURTHER ORDERED** that Motion of the Federal Housing Finance Agency

24   as Conservator of Fannie Mae and Freddie Mac to Dismiss (Doc. 264) is denied as moot.

25        DATED this 30th day of September, 2010.

26

27   _____

28                     James A. Teilborg
                 United States District Judge