**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV 10-217-PHX-JAT | |
| CV 10-218-PHX-JAT | |
| CV 10-219-PHX-JAT | |
| CV 10-268-PHX-JAT | |
| CV 10-401-PHX-JAT | |
| CV 10-413-PHX-JAT | |
| CV 10-415-PHX-JAT | |
| CV 10-455-PHX-JAT | |

Before the Court are Plaintiffs' motions to remand seven member cases, *Mesi v. Washington Mutual, F.A., et al.*, CV 10-218-PHX-JAT, *Youngren v. Ownit Mortgage Solutions, Inc., et al.*, CV 10-219-PHX-JAT, *Huynh v. First National Bank of Nevada, et al.*, CV 10-217-PHX-JAT, *Lee v. Sierra Pacific Mortgage Co., et al.*, 10-268-PHX-JAT, *Gillespie v. Countrywide Bank, FSB, et al.*, CV 10-413-PHX-JAT, *Huck v. Countrywide Home Loans, Inc., et al.*, CV 10-401-PHX-JAT, and *Caffee v. First National Bank of Nevada, et al.*, CV 10-415-PHX-JAT back to state court (Doc. 521, 639, 640, 1075, 1076, 1077, 1078). In each of these cases, the Court's August 16, 2010 Order granted Plaintiffs leave to file amended complaints, which Plaintiffs subsequently filed on August 19, 2010

(Doc. 1069, 1070, 1071, 1072, 1073, 1074, 1079).[1] The motions to remand are now fully briefed.

Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "MERS") opposes the motions to remand in *Mesi*, *Youngren*, and *Huynh* (Doc. 676, 1101). Defendant Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") opposes the motion to remand in *Lee* (Doc. 1131). Defendant California Reconveyance Company opposes the motion to remand in *Mesi* (Doc. 1105). Defendants Countrywide Bank, FSB, Countrywide Home Loans, Inc., Countrywide Financial Corp., Lisa Klimenko, Bank of America Corporation, N.A., and Recontrust Company, N.A. oppose the motion to remand in *Gillespie* (Doc. 1137). Defendants Countrywide Home Loans, Inc., Kumud Patel, Countrywide Financial Corp., Bank of America Corporation, N.A., and Recontrust Company, N.A. oppose the motion to remand in *Huck* (Doc. 1136). Defendants Countrywide Home Loans, Inc., Recontrust Company, N.A., Countrywide Financial Corp., and Bank of America Corporation, N.A. oppose the motion to remand in *Caffee* (Doc. 1135). Defendant Litton Loan Servicing LP ("Litton") opposes the motion to remand in *Youngren* (Doc. 716, 1100). The Plaintiffs filed various replies in support of their motions to remand (Doc. 882, 1153, 1154, 1155, 1156, 1159, 1160).

**I. Background**

The above-captioned seven cases–*Caffee*, *Gillespie*, *Huck*, *Huynh*, *Lee*, *Mesi*, and *Youngren*–were all initiated in Nevada state court. Defendants removed the cases to federal court from whence they were transferred to this Court as part of the MERS MDL.

On April 4, 2010, Plaintiffs in *Caffee*, *Gillespie*, and *Huck* joined the plaintiffs in sixteen other member cases, all represented by the same counsel, in filing a Renewed Motion to Remand to the Judicial Court in and for the State of Nevada County of Origin (Doc. 253). The motion sought remand for lack of subject matter jurisdiction despite the fact that the

---

[1] The Court's Order also granted Plaintiffs leave in an eighth case, *Barlow v. BNC Mortgage, Inc., et al.*, CV 10-455-PHX-JAT, but Plaintiffs did not file an amended complaint in that case within the time allowed.

- 2 -

complaints all contained reference to federal law violations such as the Truth in Lending Act. To accomplish this feat, the motion purported to "withdraw" these federal claims and then, alleging that there is an insufficient amount in controversy to sustain diversity jurisdiction, moved for remand. The Court denied the motion, without prejudice, as an improperly framed effort to amend the pleadings (Doc. 368).

On May 26, 2010, Plaintiff Youngren moved to remand to state court (Doc. 521). On June 6, 2010, Plaintiffs Mesi and Plaintiff Huynh both moved to remand their cases to state court (Doc. 639, 640). As mentioned above, the Court's August 16, 2010 Order granted Plaintiffs leave to file amended complaints in all seven cases. That Order did not rule on the motions to remand to state court, but allowed for supplemental briefing on whether federal question jurisdiction or diversity jurisdiction exists under the amended complaints. On August 19, 2010, Plaintiffs in *Caffee*, *Gillespie*, *Huck*, and *Lee* moved to remand their cases to state court (Doc. 1075, 1076, 1077, 1078).

## II. Legal Standard

Generally, under 28 U.S.C. § 1367, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .." 28 U.S.C. § 1367 (c) (2010).

## III. Analysis

Plaintiffs amended their complaints in the hopes that the Court would remand these actions to state court pursuant to 28 U.S.C. § 1367 (c)(3). However, this subsection does not apply because Plaintiffs' amended complaints contain at least one claim over which this Court has original jurisdiction.

In each amended complaint, Plaintiffs assert a cause of action under the FDCPA.[2] For example, in the *Youngren* Amended Complaint, Plaintiff alleges that:

(1) various defendants are "debt collector[s]" as that term is defined under 15 U.S.C. § 1692(a)(6);

---

[2] The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

1  (2) the notice of default which was recorded is a "communication" as
2  defined by 15 U.S.C. § 1692(a)(2);
3  (3) the notice of default did not contain the information required to be
4  included under 15 U.S.C. § 1692e(11);
5  (4) the notice of default did not contain the information required to be
6  included under 15 U.S.C. § 1692a(1)-(5); and
7  (5) various defendants violated 15 U.S.C. § 1692f(6)(A) by "continuing
8  with the foreclosure proceedings when at that time there was no present right
9  to possession of the property."[3]

10 Plaintiff Youngren's amended complaint – in this regard identical to the other six amended
11 complaints – also seeks statutory damages, actual damages, and attorneys fees under 15
12 U.S.C. § 1692k(a).[4]

13  Plaintiffs argue that these claims are actually made under Nev. Rev. Stat. § 649.370
14 which states that "[a] violation of any provision of the federal [FDCPA], or any regulation
15 adopted pursuant thereto, shall be deemed to be a violation of … chapter [649 of the Nevada
16 Revised Statutes]." But Chapter 649 of the Nevada Revised Statutes does not provide for a
17 private right of action, and does not allow for the types of relief plaintiff seeks.
18 Consequently, these claims must arise under the FDCPA, and the relief plaintiff seeks may
19 be awarded – if at all – under the FDCPA, and not under the Nevada statute. These claims
20 arise under federal law and this Court has subject matter jurisdiction over these claims under
21 28 U.S.C. § 1331.

22  As the Court finds that it has original jurisdiction over at least one of the claims in the
23 amended complaints of these seven member cases, remand to state court under 28 U.S.C. §
24 1367 (c)(3) is unavailable.

---

27  [3] Doc. 1074, ¶¶ 61-64, 68.
28  [4] *Id.*, ¶¶ 69-71.

- 4 -

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motions (Doc. 521, 639, 640, 1075, 1076, 1077, 1078) to remand *Mesi*, *Youngren*, *Huynh*, *Lee*, *Gillespie*, *Huck*, and *Caffee* to state court are DENIED.

**IT IS FURTHER ORDERED** that future motions in the above captioned actions should be filed under the individual case number rather than in the general MDL case number.

DATED this 28th day of December, 2010.

James A. Teilborg
United States District Judge

- 5 -