**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV-10-1209-PHX-JAT | |

Before the Court is Plaintiffs James and Merly Riger's Motion to Certify State Law Question to Nevada Supreme Court (Doc. 1563). This Motion was opposed by Responses filed by Defendants Quality Loan Service (Doc. 1571), NDex West LLC (Doc. 1572), First Horizon Home Loans (Doc. 1577), and MERSCORP, Inc. (Doc. 1578) and several joinders to the same (Doc. 1572, 1574, 1579, 1580, 1582, 1589). Plaintiffs replied (Doc. 1590).

**BACKGROUND**

This Court, as part of this multidistrict litigation, has considered several versions of various plaintiffs' claims related to the formation and operation of the MERS system and has dismissed them for failure to state a claim upon which relief may be granted. In these earlier orders, the Court found held that Plaintiffs' theory that naming MERS as a beneficiary in the capacity as nominee for the lender on a deed of trust splits the note from the deed of trust in such a way to render the notes unenforceable is not supported by Nevada law. Nevertheless, on June 4, 2011, various plaintiffs, including Plaintiffs Riger, filed a Consolidated Amended Complaint that continued to advance this theory.

Then, on August 30, 2011, Plaintiffs Riger filed their request that this Court certify this following question to the Nevada Supreme Court:

> [W]hether naming MERS as a beneficiary solely in the capacity as a nominee for the lender on a deed of trust and the retention of the beneficial interest in the deed of trust by MERS <u>without</u> retention of any interest in the note results in the splitting of the note from the deed of trust and renders the note unsecured and the deed of trust unenforceable in a nonjudicial foreclosure proceeding under Nevada's real property law . . .

Doc. 1563 at 5. For the reasons that follow, the Court will deny this motion.

## **LEGAL STANDARD**

The Nevada Supreme Court may answer questions of law certified to it by a United States District Court if questions of Nevada law are involved "which may be determinative of the cause then pending in the certifying court" and "there is no controlling precedent in the decisions of the Supreme Court of [Nevada]." Nev. R. App. Pro. 5(a). A federal court may not decide to certify a question where it would be inefficient and uneconomical. *See In re Sullivan*, 200 B.R. 682, 685 (Bank. D. Nev. 1996). The Nevada Supreme Court will consider questions even if they do not entirely dispose of a federal case, but not if they would only have a speculative impact on the underlying case. *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006).

Federal courts "may consider the timing of certification, and whether certification will achieve savings to time, money and resources or promote cooperative judicial federalism." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. Aug. 14, 2008). Additionally, federal courts disapprove of a party's request to certify an issue that has already been adversely decided against it:

> When a party requests certification for the first time after losing on the issue, that party must show "particularly compelling reasons" for certifying the question. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory ...."); see *also Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir.1999) ("Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already

ruled."); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir.1987) ("The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present.").

*Id.* at 1226.

## DISCUSSION

Here, Plaintiffs' request to certify this question is untimely. From the inception of this MDL, Plaintiffs have based advanced this theory of "splitting the note." The parties have spent countless hours briefing this question, this Court has examined the precedent cited by both sides, and issued multiple rulings. The question has not been decided in Plaintiffs' favor, but that alone does not entitle them to seek a second opinion. Plaintiffs have failed to provide "particularly compelling reasons" for certifying the question.

Furthermore, the Ninth Circuit Court of Appeals appears to have answered at least part of the proposed question. In *Cervantes v. Countrywide Home Loans*, No. 09-17364 (9th Cir. Sep. 7, 2011), the Court of Appeals explained that even granting that "MERS is a sham beneficiary and the note is split from the deed," plaintiffs' alleged conclusion that, "as a necessary consequence, no party has the power to foreclose" does not hold. *Cervantes*, No. 09-17364, slip. op at 16 (9th Cir. Sep. 7, 2011).

Additionally, another federal district court has refused to certify questions of compliance with NRS 107.080. *See Kehoe v. Aurora Loan Serv. LLC*, No. 3-10-cv-00256, 2011 WL 4286331, at *11 (D. Nev. Oct. 20, 2011) (citing Nev. R. App. P. 5(a) and *Volvo Cars of N. Am. v. Ricci*, 137 P.3d 1161 (Nev. 2006)). In that decision, the court found that "[t]he statutory language of NRS 107.080 is sufficiently clear for courts to apply . . . [and] certification to the Nevada Supreme Court is [therefore] unnecessary to determine the merits of this action." *Kehoe*, No. 3-10-cv-00256, 2011 WL 4286331, at *11.

In conclusion, Plaintiff's Motion to Certify is not only untimely brought after this issue had already been decided against them, but at least one federal court has considered

similar certification questions and found that Nevada's test for certification was not satisfied. Accordingly

IT IS ORDERED that Plaintiffs' Motion to Certify Questions of State Law to the Nevada Supreme Court (Doc. 1563) is DENIED.

DATED this 30th day of September, 2011.

James A. Teilborg
United States District Judge