1   WO

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8   IN RE Mortgage Electronic Registration )        MDL 09-2119-PHX-JAT
    Systems (MERS) Litigation               )
9   MDL 09-2119-PHX-JAT                      )
    _____ )        **ORDER**
10                                           )
    This Order applies to the following      )
11  member cases:                            )
                                             )
12  CV 10-216      CV 10-1207                )
    CV 10-216      CV 10-1209                )
13  CV 10-220      CV 10-1210                )
    CV 10-221      CV 10-1418                )
14  CV 10-401      CV 10-1419                )
    CV 10-413      CV 10-1420                )
15  CV 10-414      CV 10-1421                )
    CV 10-415      CV 10-1548                )
16  CV 10-425      CV 10-1550                )
    CV 10-427      CV 10-1551                )
17  CV 10-428      CV 10-1874                )
    CV 10-455      CV 10-1875                )
18  CV 10-456                                )
    CV 10-460                                )
19  CV 10-471                                )
    CV 10-482                                )
20  CV 10-483                                )
    CV 10-484                                )
21  CV 10-487                                )
    CV 10-493                                )
22  CV 10-702                                )
    CV 10-703                                )
23  CV 10-704                                )
    CV 10-705                                )
24  CV 10-706                                )
    CV 10-707                                )
25  CV 10-1083                               )
    CV 10-1084                               )
26  CV 10-1086                               )
    CV 10-1206                               )
27  _____ )

28

1    Pending before the Court is Plaintiffs' Motion for Stay (Doc. 1622). The Court now

2    rules on the Motion.

3    **I.    BACKGROUND**

4    The member cases moving for a stay are part of a multi-district litigation ("MDL"),

5    wherein Plaintiffs in seventy-two member cases filed a Consolidated Amended Master

6    Complaint (Doc. 1424) ("CAC").

7    In the CAC, Plaintiffs alleged various claims relating to the formation and operation

8    of Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively

9    "MERS"). The Complaint listed the relief that Plaintiffs demanded as follows: (1) damages;

10   (2) attorneys' fees and costs; (3) recission; (4) restitution; (5) a temporary restraining order

11   and preliminary and permanent injunctions prohibiting foreclosure, eviction, collection, and

12   transfer of interest related to the residences of Plaintiffs and class members; (6) a declaratory

13   judgment that Plaintiffs' rights were violated, that the class members' notes have been

14   rendered unsecured, and that class members' loans shall be delisted from the MERS system;

15   (7) a quiet title order; and (8) pre-judgment interest.

16   Various Defendants moved to dismiss the CAC for failure to state a claim upon which

17   relief could be granted. The Court then dismissed all of Plaintiffs' claims in the CAC with

18   prejudice (Doc. 1602). Plaintiffs have appealed the Order dismissing the CAC to the Ninth

19   Circuit Court of Appeals.

20   In their Motion to Stay, Plaintiffs seek a preliminary injunction enjoining any

21   foreclosure-related action against any of the properties owned by any of the Plaintiffs party

22   to the CAC pending the Ninth Circuit Court of Appeals' decision on Plaintiffs' appeal. (Doc.

23   1622 at 1). Various Defendants oppose the stay. (Docs. 1624, 1634, 1639, 1641).

24   **II.    LEGAL STANDARD**

25   The Court notes that Plaintiffs move to "stay any foreclosure-related action against

26   any of the properties owned by any of the plaintiffs . . . pending the outcome of the appeal

27   of this court's order" pursuant to Federal Rules of Civil Procedure 62(d). Rule 62(d) allows

28

an appellant to obtain a stay by supersedeas bond.  Although Plaintiffs couch this request as "a stay," Plaintiffs do not request that this Court stay any Order/Judgment that this Court entered against them.  If Plaintiffs were actually requesting that this Court stay its Order dismissing the CAC, such a stay would not grant them the relief that they request, as this would merely reinstate Plaintiffs to the position they were in after they filed their Complaint; and, simply filing their Complaint did not have the effect of enjoining "any foreclosure-related proceedings against them."  *See Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 914 (9th Cir. 2007) (internal quotation marks and citation omitted) ("Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision [.]").  Accordingly, Plaintiffs are not entitled to relief under Federal Rules of Civil Procedure 62(d).

Federal Rules of Civil Procedure 62(c) envisions suspending, modifying, or restoring an injunction when an appeal is pending from an "interlocutory order or final judgment that grants, dissolves, or denies an injunction."  Fed.R.Civ.P. 62(c).  Presumably Plaintiffs did not move for an injunction pending appeal under Rule 62(c) because, in this case, an appeal is not pending from "an interlocutory order or final judgment that grants, dissolves, or denies an *injunction.*"  *Id.* (emphasis added).  Rather, the dismissal of the Complaint had the effect of dismissing Plaintiffs' claims upon which their request for injunctive relief was dependent, but the dismissal did not grant, dissolve, or deny any specific injunction.[1]  Accordingly, Plaintiffs are not entitled to a stay under Federal Rules of Civil Procedure 62(c).

Even if the Court were to consider the Order dismissing Plaintiff's claims to be a final order denying an injunction, an injunction pending an appeal would not be appropriate in this case.  A party seeking relief under Rule 62(c) must establish a strong showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1]  To the extent any individual member cases moved for an injunction and were denied, Plaintiffs' Motion for Stay does not ask this Court to modify the individual Orders denying injunctions in those cases.

a stay, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Natural Resources Defense Council, Inc. v. Winter*, 502 F.3d 859, 863n.16 (9th Cir. 2007). Even if Plaintiffs have not demonstrated that they are likely to succeed on the merits, if Plaintiffs establish factors [3] and [4], a preliminary injunction is also appropriate when Plaintiffs have demonstrated "serious questions going to the merits" and the "hardship balance tips sharply toward plaintiff[s]." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (2011).

Plaintiffs' argument that they are likely to succeed on the merits or that there are serious questions going to the merits is essentially a Motion for Reconsideration. In their Motion for Stay and Reply in Support of Motion for Stay, Plaintiffs argue that this Court erred in construing the law applicable to a motion to dismiss and, otherwise, essentially rehash the arguments that Plaintiffs made in opposing the Motion to Dismiss. *See* Doc. 1644 ("The District Court Erred in Applying *Twombly*," "MERS is not a proper beneficiary," "MERS Assignments are Unenforceable and Any Action by a MERS Assignee is Invalid," "Splitting the Notes from the Deeds of Trust Renders them Unsecured," "Assignments executed by persons acting as MERS' agents are simply not valid," "The CAC Adequately Pleads Lack of Agency," and "Foreclosures Under MERS Deeds of Trust are Not Enforceable."). The Court declines to reiterate its reasoning for dismissing the CAC.

Because the Court has already considered Plaintiffs' assertions that they are likely to succeed on the merits and/or that there are serious questions going to the merits, and has necessarily found an absence of both, Plaintiffs have not met their burden of showing that an injunction is warranted. Accordingly, no further determination of irreparable harm or balancing of hardships is necessary.

## III.   CONCLUSION

Based on the foregoing,

1    **IT IS ORDERED** that Plaintiffs' Motion for Stay (Doc. 1622) is denied.

2    DATED this 12th day of April, 2012.

3

4

5    _____
     James A. Teilborg
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28