WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation<br>MDL 09-2119-PHX-JAT<br>_____<br><br>This Order applies to:<br>CV 11-00027-PHX-JAT<br><br>Dustin Rollins,<br><br>        Plaintiff,<br><br>v.<br><br>Mortgage Electronic Registration Systems, Incorporated, MERSCORP Incorporated,<br><br>        Defendants.<br>_____ | MDL 09-2119-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s (collectively, "MERS") Motion to Dismiss the First Amended Complaint (MDL 09-2119, Doc. 1664). The Court now rules on the Motion.

**I.     FACTUAL BACKGROUND**

On or about May 6, 2004, Plaintiff executed a promissory note in the amount of $176,000, in connection with a loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint"). (CV 11-00027, Doc 22-2 at 2). The promissory note was secured by a Security Deed executed by Plaintiff and recorded against the property located at 905 Moreland Avenue 8E, Atlanta, Georgia 30316 (the "Property"). (*Id.* at 3). Defendant

Mortgage Electronic Registration Systems, Inc. ("MERS"), is named as a "nominee for Lender and Lender's successors and assigns" and the "grantee under this Security Instrument" in the Security Deed. (*Id.* at 2). Plaintiff alleges that, in April 2010, MERS sent him a letter claiming it was the creditor on his residential mortgage loan and that his failure to comply with the terms of the loan created a default. (Doc. 22 at 2). Plaintiff alleges that MERS conducted a foreclosure sale of the Property on August 3, 2010. (*Id.* at 3).

Plaintiff alleges that this foreclosure was wrongful under Georgia law because MERS lacked authority to foreclose the Property because the Security Deed was void as a matter of Georgia law and MERS could not act under the Security Deed because (1) it did not possess the promissory note, (2) the security deed calls upon MERS to act as a corporate fiduciary or a trust company in violation of Georgia law, (3) MERS failed to comply with O.C.G.A. § 14-14-162.2 when it sent notice of foreclosure to Rollins because it was not the secured creditor and the notice was otherwise defective, and (4) MERS failed to exercise the power of sale fairly and in good faith. (Doc. 22 at 3-4). As a result of these actions, Plaintiff seeks invalidation of the foreclosure sale, a declaratory judgment regarding the invalidity of the MERS security deed, and compensation. (*Id.* at 4-5). In the alternative, Plaintiff requests that the Court impose a constructive trust over the proceeds from, or the value of the property as determined by any such foreclosure action. (*Id.* at 6).

## II. PROCEDURAL BACKGROUND

In October 2010, Plaintiff filed a Class Action Complaint against Defendants in the Fulton County Superior Court in Georgia. (CV 11-00027, Doc. 1 at 13). MERS removed the suit to the United States District Court for the Northern District of Georgia. (CV 11-00027, Doc. 1 at 1). In January 2011, the Judicial Panel on Multidistrict Litigation transferred the lawsuit to this Court for inclusion in the MERS Multidistrict Litigation. (CV 11-00027, Docs. 9-11). In November 2011, Plaintiff filed an Amended Complaint. (Doc. 22). Defendants now move to dismiss Plaintiff's Amended Complaint for failure to state

a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

## IV. ANALYSIS

At the outset, the Court notes that Plaintiff's claims, at least in part, are based on the premise that the promissory note has been split from the deed of trust as a result of the securitization of the Note. This argument has been repeatedly rejected by the District Court of Arizona. *See Diessner v. Mortg. Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187–88 (D. Ariz. 2009) (citing cases). Further, in *Cervantes*, the Ninth Circuit Court of Appeals recognized "the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011).

Further, this Court has previously rejected the argument that "as a lender's nominee, MERS cannot act as a lender's agent." *Bean v. BAC Home Loans Servicing, L.P.*, No CV11-553-PHX-GMS, 2012 WL 171435, at *1-2 (D. Ariz. Jan. 20, 2012) (citing *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal.Rptr.3d 467, 479–80 (2011)).

Accordingly, to the extent that Plaintiff's claims rely on his theory that the promissory note has been split from the deed of trust because of the securitization of the promissory note, Plaintiff has failed to state a claim upon which relief can be granted with respect to this theory.

The Court will now individually discuss Defendants' arguments as to why each Claim should be dismissed for failure to state a claim upon which relief can be granted.

### A. Count II - Wrongful Foreclosure pursuant to O.C.G.A. § 44-14-162.2 & Count III - Wrongful Foreclosure as a Tort

- 4 -

1     Plaintiff alleges that MERS had no right to proceed with the non-judicial foreclosure
2 of Plaintiff's property because the notice of the sale that Plaintiff received was defective
3 because it did not comply with O.C.G.A. section 44-14-162.2.[1] Plaintiff alleges that the
4 notice failed to comply with section 44-14-162.2 because that section requires the secured
5 creditors to send the notice and, in this case, MERS sent the notice and MERS is not the
6 secured creditor.

7     Defendant argues that this claim should be dismissed because MERS, as agent for the
8 secured creditor, is permitted to send the notice under section 44-14-162. Courts within the
9 Northern District of Georgia have considered Plaintiff's argument that only a secured
10 creditor and not a secured creditor's agent may send the notice regarding foreclosure and
11 have rejected it. *See, e.g.*, *LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011

---

[1] O.C.G.A. § 44-14-162.2 provides,

> (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.
>
> (b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher.

O.C.G.A. § 44-14-162.2.

WL 166902, at *3-4 (N.D. Ga. Jan. 18, 2011) ("According to Plaintiff's reasoning, the Section's requirement that notice be given 'by the secured creditor' is not satisfied by the secured creditor directing its loan servicer or other authorized agent to provide pre-sale notice on its behalf. Such an interpretation of the statute is not tenable. . . . Such a holding would defeat the underlying premise of agency law: that a principal has the power to appoint someone to act on his behalf. . . . The goal of Section 162 is to give the debtor notice of the foreclosure sale. Whether that notice is provided by the secured creditor directly, or by its agent, is of no consequence."); *Kabir v. Statebridge Co., LLC*, No. 1:11-cv-2747-WSD, 2011 WL 400050, at *4 (N.D. Ga. Sept. 27, 2011).

This Court agrees with the reasoning of the Georgia District Court in *LaCosta and Kabir*. Section 44-17-162 exists to ensure that a debtor gets notice of a foreclosure sale. In this case, Plaintiff does not dispute that he received notice of the sale and he does not dispute that he was in default on his loan. Rather, he argues that because MERS "was not the secured creditor," the notice was invalid. Plaintiff relies on *Krapf v. Wiles*, 252 Ga. 452, 657-58 (1984) to support his argument. The Court finds this case inapposite. *Krapf* did not interpret section 44-14-162, but rather held that a statutory notice sent by a party who had already transferred the note and security deed to a new party was not adequate under a statute allowing attorneys' fees to the noticing party because that notice misled the defendant in material respects as to the liability for attorney's fees.

In this case, Plaintiff's theory that the Notice misled him in a material respect is premised on his argument that note and deed of trust were split rendering the loan unsecured by the Deed of Trust. However, as explained above, this Court rejects this "split the note" theory. Accordingly, as the Georgia District Court explained in *LaCosta*, whether the notice was provided by the secured creditor directly or its agent is of no consequence in this case.[2]

---

[2] Plaintiff also relies on *Morgan v. Ocwen Loan Servicing, LLC*, 795 F.Supp.2d 1370, 1375-76 (N.D. Ga. 2011) for the proposition that the separation of the note and the security

- 6 -

deed creates a substantial question of what entity has the right to foreclose when the borrower defaults on the loan. *Morgan* did not decide the merits of the question, but this Court and the Ninth Circuit in *Cervantes* have determined that "the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *See Cervantes*, 656 F.3d at 1044. In this case, Plaintiff has made no colorable allegation that MERS was not the agent of the lender and the notice of foreclosure showed that MERS was acting on behalf of Aurora Loan Services. (Doc. 22-6 at 1).

Finally, the Security Deed that Plaintiff signed states that "Borrower does hereby grant and convey to MERS (solely as nominee for lender and Lender's successors and assigns) and the successor and assigns of MERS, with the power of sale" of the Property. (Doc. 22-2 at 4). Accordingly, Plaintiff's argument that MERS sending the notice of foreclosure constituted a material representation is undercut by the language in the Security Deed. *See Cervantes*, 656 F.3d at 1042 ("In light of the explicit terms of the standard deed signed by Cervantes, it does not appear that the plaintiffs were misinformed about MERS's role in their home loans.").

Plaintiff cites to *Stubbs v. Bank of America*, __ F. Supp. 2d __, No. 1:11-CV-1367-AT, 2012 WL 516972, (N.D. Ga. Feb. 16, 2012) and claims that it "validates Rollins' theories," and affirms that Plaintiff has stated a claim for wrongful foreclosure under O.C.G.A. § 44-14-162(b). (Doc. 1746 at 2). In *Stubbs*, Plaintiff alleged that Fannie Mae was the secured creditor on his loan, but Fannie Mae did not send notice under § 44-14-162(b). The *Stubbs* Plaintiff attached (1) letters to the complaint that identified Fannie Mae as the secured creditor and (2) a foreclosure notice letter identifying BAC Home Loans Servicing, LP as the secured creditor. The *Stubbs* court found that this created confusion about the identity of the holder of the loan and that Plaintiff stated a claim under O.C.G.A. § 44-14-162.2, which was designed to avoid such confusion.

This case is distinguishable from *Stubbs* because Plaintiff does not allege that he was confused by the Notice of Sale. First, as noted above, Plaintiff consented to MERS's power of sale of the Property in the Security Deed. The *Stubbs* Court specifically noted that notice of sale cannot be waived in the Security Deed, but Notice was not waived in this case, rather MERS provided Plaintiff notice and consistently represented that MERS and Aurora Loan Servicing could negotiate the terms of his loan, as required by the notice statute. Unlike in *Stubbs*, Plaintiff does not allege who he believes the secured creditor of his loan actually was, but rather alleges that there could be no secured creditor because no known party possesses the underlying note. This is merely the split the note that theory that this Court has repeatedly rejected. Accordingly, the allegations in *Stubbs* are distinguishable from the facts alleged in this case. Further, to the extent that the *Stubbs* decision is inconsistent with *LaCosta*, 2011 WL 166902 and *Smith v. Saxon Mortgage*, No. 11-11762, 2011 WL 5375063

### B.     Count III - MERS' Status as Corporate Fiduciary

Plaintiff next argues that Georgia's corporate fiduciary statute prohibits MERS from acting as a fiduciary under the Security Deed because MERS is not authorized to act as a fiduciary under Georgia law. Plaintiff argues that, because MERS cannot be a corporate fiduciary, the Security Deed is unenforceable as a matter of law because, under O.C.G.A. 13-8-1, a "contract to do an immoral or illegal thing is void." Plaintiff's argument is that MERS acts as a fiduciary to the lender, but is prohibited from doing so because it is not one of the entities empowered to act as fiduciary under O.C.G.A. § 7-1-242. As a result of this prohibition, Plaintiff argues that the Security Deed is an illegal contract and is, thus, void, rendering Plaintiff's obligation under the Security Deed unenforceable.

Upon reevaluation of the substance of this claim, this Court finds that it previously erred in failing to interpret the conditional transfer order as remanding this part of Count III to the Georgia District Court. Under this Court's interpretation of the conditional transfer orders, this Court should not retain claims relating to loan origination or collection practices and whose facts would needlessly entangle the litigation in unrelated, fact-intensive issues. This Court is to retain jurisdiction over all allegations that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party.

At first glance, the Court interpreted Count III as alleging that the security instrument was unenforceable due to MERS's presence as a party. However, upon full examination of this claim, Plaintiff's argument is solely based on whether MERS is acting as a corporate fiduciary under a Georgia criminal statute and, if so, whether Georgia public policy would require rescission of that portion of the Deed of Trust that allegedly made MERS an illegal corporate fiduciary. Accordingly, the argument does not involve the invalidation of the Deed of Trust because MERS was a party to the Deed of Trust, but, rather, whether MERS was in

---

(11th Cir. 2011), *summarily aff'g* No. 1:09-CV-3375 (N.D. Ga. March 16, 2011), this Court respectfully disagrees with the *Stubbs* court's analysis.

violation of a criminal statute and the consequences of such a violation. The resolution of these facts can be determined solely through an analysis of Georgia's corporate fiduciary statute, which is a necessarily fact-intensive issue not common to the MDL. Further, there would be no common issues of discovery relating to the other claims in the MDL. Accordingly, the Court finds that its prior interpretation of the conditional transfer order was in error with regard to this part of Count III and thus, this part of Count III is remanded to the transferor court.

### B.   Count I - Declaratory Judgment; Count IV - Equitable Relief; Count IV - Punitive Damages; Count V - Attorneys' Fees

Plaintiff's claims for declaratory judgment (Count I), equitable relief (Count IV), punitive damages (Count IV), and attorneys' fees (Count V) are claims for relief that are dependent on the remaining Counts of Plaintiff's Complaint. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted on Counts Two and part of Count Three, the subsidiary claims for relief based on those Counts must also be dismissed. Accordingly, the remaining Counts of Plaintiff's Complaint for declaratory judgment, equitable relief, punitive damages, and attorneys' fees will be dismissed in this case, but the parts that are dependent on the part of Count III that is being remanded will also be remanded.

### V.   LEAVE TO AMEND

The Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). Because Plaintiff's claims depend on legal theories that have repeatedly been rejected by this Court and the District Court for the Northern District of Georgia, and in light of the foregoing analysis, the Court finds that Plaintiff's Complaint could not be cured by

- 9 -

allegations of other facts and, thus, allowing Plaintiff to amend his Complaint would be futile. Accordingly, the Court will not grant Plaintiff leave to amend.

## VII. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s Motion to Dismiss the First Amended Complaint (MDL 09-2119, Doc. 1664) is granted in part and denied in part as set forth herein. Part of Counts III, Part of Count IV (Equitable Relief), Part of Count IV (Punitive Damages) and Part of Count V have been remanded to the transferor court. The Clerk of the Court shall file a copy of this Order with the transferor court.

The Clerk of the Court shall enter judgment for Defendants.

The Clerk of the Court shall file a copy of this Order in MDL 09-2119-PHX-JAT and CV 11-00027-PHX-JAT.

DATED this 25th day of May, 2012.

James A. Teilborg
United States District Judge

- 10 -