1  WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  IN RE Mortgage Electronic Registration )   MDL 09-2119-PHX-JAT
   Systems (MERS) Litigation                )
10  MDL 09-2119-PHX-JAT                      )
   _____ )   **ORDER**
11                                           )
   This Order applies to:                    )
12  CV 11-8085-PCT-JAT                       )
                                             )
13  Lady Jennifer Barone, individually and on)
   behalf of a class of similarly situated )
14  individuals,                             )
                                             )
15          Plaintiff,                        )
                                             )
16  v.                                        )
                                             )
17  MERSCORP Incorporated, a Delaware)
   corporation, Mortgage Electronic)
18  Registration Systems, Incorporated, a)
   Delaware corporation,                     )
19                                           )
           Defendants.                        )
20  _____ )

21

22      Pending before the Court is Mortgage Electronic Registration Systems, Inc. and

23  MERSCORP, Inc.'s (collectively, "MERS") Motion to Dismiss (MDL 09-2119, Doc. 1640).[1]

24  The Court now rules on the Motion.

25      **I.      FACTUAL BACKGROUND**

26

27  _____

28      [1] Defendant JPMorgan Chase Bank, N.A. filed a joinder to the Motion to Dismiss
   (Doc. 1642).

1    In 2005, Carmine Barone, Plaintiff's ex-husband entered into a loan transaction,

2 secured by a Deed of Trust, with Ampro Mortgage to purchase property located at 7058 East

3 Horizon Way, Prescott Valley, Arizona (the "Property"). MERS, acting solely as nominee

4 for the Lender, was listed as beneficiary under the Deed of Trust. Carmine and Plaintiff

5 became joint tenants of the property in 2007. Following a divorce in 2008, Carmine

6 quitclaimed his interest in the property to Plaintiff and Plaintiff was awarded exclusive title

7 to the property pursuant to a divorce decree. Plaintiff, however, was not a signatory on the

8 note or Deed of Trust and does not allege that she ever became the obligor under the

9 promissory note or the trustor on the Deed of Trust.

10    In her Complaint, Plaintiff alleges that the promissory note on the loan originally

11 secured by the Deed of Trust became unsecured because the Note was separated from the

12 Deed of Trust through the process of the Note being securitized, transferred and/or assigned

13 to mortgage-backed security pools rendering the obligation under the Note unsecured.

14 Plaintiff alleges that, because the Deed of Trust is no longer security for the note because of

15 the securitization of the note, her residence is not subject to foreclosure proceedings.

16 Plaintiff further alleges that, because MERS was not listed in the promissory note, it had no

17 power to assign any beneficial interest in the note.

18    Plaintiff also alleges that Defendant MERS and/or Defendant Chase Home Finance

19 violated Arizona Revised Statutes section 33-420 because they recorded a Corporate

20 Assignment of Deed of Trust on the Property, wherein MERS attempted to assign all

21 beneficial interest in the Deed of Trust together with the notes or notes therein described.

22 Plaintiff alleges that Jennifer Hamlin, acting as assistant secretary for MERS, Inc. signed the

23 document, but she was not employed by MERS and did not have authority to assign the

24 document as an assistant secretary for MERS and had no knowledge of any of the

25 representations contained in the document.

26    Plaintiff alleges that Defendant Chase Home Finance recorded a Substitution of

27 Trustee related to the property, which was false because it was based on an invalid

28

1   assignment of the beneficial interest in the Deed of Trust to Chase and Chase did not have

2   requisite authority to appoint the successor trustee.  Plaintiff alleges that the Substitution of

3   Trustee and Notice of Trustee's Sale were notarized in blank prior to being signed, and the

4   signatures that appear on those documents were not actually signed by the parties that the

5   signatures claim to represent.

6   **II.    PROCEDURAL BACKGROUND**

7       Plaintiff brought this action against Chase, MERSCORP Inc., and Mortgage

8   Electronic Registration Systems, Inc.  Thereafter, the case was transferred to the consolidated

9   multidistrict litigation.  After reviewing the complaint and motion to bifurcate, this Court

10  remanded claims 1-3 and 6 of Plaintiff's Complaint and retained jurisdiction over claim 4

11  (wrongful foreclosure), claim five (false documents), claim 7 (declaratory relief), and claim

12  8 (injunctive relief).  Defendants now move to dismiss the remaining claims in this case for

13  failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil

14  Procedure 12(b)(6).

15  **III.    LEGAL STANDARD**

16      To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

17  the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim

18  showing that the pleader is entitled to relief," so that the defendant has "fair notice of what

19  the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

20  544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

21      Although a complaint attacked for failure to state a claim does not need detailed

22  factual allegations, the pleader's obligation to provide the grounds for relief requires "more

23  than labels and conclusions, and a formulaic recitation of the elements of a cause of action

24  will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual

25  allegations of the complaint must be sufficient to raise a right to relief above a speculative

26  level.  *Id.*

27

28

1    Rule 8's pleading standard demands more than "an unadorned, the-defendant-

2 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

3 *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions

4 will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual

5 matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.*.

6 Facial plausibility exists if the pleader pleads factual content that allows the court to draw

7 the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

8 Plausibility does not equal "probability," but plausibility requires more than a sheer

9 possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that

10 are 'merely consistent' with a defendant's liability, it 'stops short of the line between

11 possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

12    In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

13 alleged in a complaint in the light most favorable to the drafter of the complaint, and the

14 Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234

15 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal

16 conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that

17 contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

18    **IV.    ANALYSIS**

19    At the outset, the Court notes that Plaintiff's claims, at least in part, are based on the

20 premise that the promissory note has been split from the deed of trust as a result of the

21 securitization of the Note, and thus Defendant must prove that it holds the note in order to

22 conduct a non-judicial foreclosure. This argument has been rejected by the Arizona Supreme

23 Court. *See Hogan v. Washington Mutual Bank, N.A.*, No. CV-11-0115-PR, ___ P.3d___,

24 2011 WL 7905162, at *1 (Ariz. May 18, 2012) ("We hold that Arizona's non-judicial

25 foreclosure statutes do not require the beneficiary to prove its authority or 'show the note'

26 before the trustee may commence a non-judicial foreclosure."). Further, in *Cervantes*, the

27 Ninth Circuit Court of Appeals recognized "the notes and deeds are not irreparably split: the

28

1    split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of

2    the deeds, are not agents of the lenders." *Cervantes v. Countrywide Home Loans, Inc.*, 656

3    F.3d 1034, 1044 (9th Cir. 2011).  Plaintiff attempts to distinguish *Cervantes*, by arguing that

4    she alleged that there was no agency relationship between MERS and the lender.

5         In *Cervantes*, the plaintiffs claimed that "all transfers of the interests in the home loans

6    within the MERS system are invalid because the designation of MERS as a beneficiary is a

7    sham and the system splits the deed from the note." 656 F.3d at 1044.  The Court of Appeals

8    rejected such a widespread attack on the MERS system, stating "[e]ven if we were to accept

9    the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed,

10   we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the

11   power to foreclose.  The legality of MERS's role as a beneficiary may be at issue where

12   MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state

13   recording and foreclosure statutes based on the designation." *Id.* at 1044.    Plaintiff has

14   failed to distinguish this case from *Cervantes* through her conclusory allegation that an

15   agency relationship did not exist between MERS and the lender due to the securitization of

16   the Note.  As in *Cervantes*, the Deed of Trust in this case likewise stated that MERS was

17   acting "solely as a nominee for Lender and Lender's successors and assigns." *Id.* at 1042.

18        Further, this Court has previously rejected the argument that "as a lender's nominee,

19   MERS cannot act as a lender's agent." *Bean v. BAC Home Loans Servicing, L.P.*, No CV11-

20   553-PHX-GMS, 2012 WL 171435, at *1 -2 (D. Ariz. Jan. 20, 2012) (citing *Fontenot v. Wells*

21   *Fargo Bank, N.A.*, 129 Cal.Rptr.3d 467, 479–80 (2011)).

22        Accordingly, to the extent that Plaintiff's claims rely on her theory that the promissory

23   note has been split from the deed of trust because of the securitization of the promissory note

24   or that MERS lacked authority to assign the deed of trust, Plaintiff has failed to state a claim

25   upon which relief can be granted with respect to this theory.

26        The Court will now individually discuss Defendants arguments as to why each Claim

27   should be dismissed for failure to state a claim upon which relief can be granted.

28

1  **A.   Claim Four - Wrongful Foreclosure**

2  Defendants argue that Plaintiff has failed to state a claim for wrongful foreclosure

3  under Arizona law because Arizona has not recognized the tort of wrongful foreclosure,

4  Plaintiff's claim for wrongful foreclosure is based on the premise that MERS lacked the

5  authority to assign the Deed of Trust, which is a meritless legal theory, and Plaintiff cannot

6  state a claim for wrongful foreclosure because she was in default on her loan.

7  In Response, Plaintiff argues that her wrongful foreclosure claim should survive the

8  pleading stage because "[i]t is plausible that a computer-based registration system  had no

9  standing to foreclose, or that any assignee of such an entity similarly has no standing to

10  foreclose."  This standing argument has been expressly rejected by the Arizona Supreme

11  Court. *See Hogan*, 2011 WL 7905162, at * 1.  Further, this Court has repeatedly held that,

12  even if Arizona recognized a wrongful foreclosure cause of action, Plaintiff must allege lack

13  of default for her wrongful foreclosure action to survive a motion to dismiss. *See, e.g.*, *In re*

14  *Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL Docket No. 09–2119–JAT, 2011 WL

15  4550189, at *6 (D. Ariz. Oct. 3, 2011) ("even if Arizona recognizes this tort, the same

16  common law requirement for plaintiff to allege lack of default remains.").

17  Because Plaintiff has admitted that her loan payments were not current and her loan

18  was in default, she has failed to state a claim upon which relief can be granted for wrongful

19  foreclosure and Claim Four will be dismissed. *See, e.g.*, *id.* ("By failing to plead that their

20  loans are not in default, Plaintiffs' claim for wrongful foreclosure is barred as a matter of law

21  and will be dismissed for failure to state a claim.").

22  **B.   Claim Five - False Documents**

23  Defendants argue that Claim Five of Plaintiff's Complaint should be dismissed

24  because Arizona Revised Statutes section 33-420 does not apply to assignment of mortgages

25  or deeds of trust and Plaintiff lacks standing to assert the robosigning allegations. This Court

26  has repeatedly held that Arizona Revised Statutes section 33–420 does not apply to

27  assignment of mortgages or deeds of trust and Plaintiff lacks standing to assert robosigning

28

1   allegations. *See, e.g.*, *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL Docket

2   No. 09–2119–JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (A.R.S. § 33–420 does

3   not apply to assignments, substitution of trustees, and notices of trustee's sales and plaintiffs

4   lack standing on robosigning allegations, because "as third-party borrowers, [they] are

5   uninvolved and unaffected by the alleged [recorded] [a]ssignments, and do not possess

6   standing to assert a claim based on such"); *Henkels v. JP Morgan Chase Bank, Nat'l Ass'n*,

7   No. CV 11–00299–PHX–JAT, 2012 WL 10380, at * 2–3 (D. Ariz. Jan. 3, 2012) (same).

8        Plaintiff argues that every one of these cases misinterprets the false document statute.

9   The Court disagrees. Accordingly, Claim Five of Plaintiff's Complaint will be dismissed for

10  failure to state a claim upon which relief can be granted.

11                **C.    Claims Seven (Declaratory Relief) & Nine (Injunctive Relief)**

12       Plaintiff admits that her requests for injunctive and declaratory relief "are based on

13  her claims for violations of state law as set forth in Counts 4 and 5 of the Complaint." (Doc.

14  1652 at 15). Accordingly, because Plaintiff has failed to state a claim upon which relief can

15  be granted on Counts Four and Five, the subsidiary claims for relief must also be dismissed.

16  Accordingly, Counts Seven and Nine will also be dismissed.

17                **V.    LEAVE TO AMEND**

18       Plaintiff requests leave to amend if the Court determines that her Complaint has failed

19  to state a claim upon which relief can be granted. The Ninth Circuit has instructed district

20  courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the

21  court determines that the pleading could not possibly be cured by the allegations of other

22  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*,

23  58 F.3d 494, 497 (9th Cir.1995)). Because Plaintiff's claims depend on legal theories that

24  have repeatedly been rejected by this Court, and in light of the foregoing analysis, the Court

25  finds that Plaintiff's Complaint could not be cured by allegations of other facts and, thus,

26  allowing Plaintiff to amend her Complaint would be futile. Accordingly, the Court will not

27  grant Plaintiff leave to amend.

28

1  **VII.   CONCLUSION**

2      Based on the foregoing,

3      **IT IS ORDERED** that Mortgage Electronic Registration Systems, Inc. and

4  MERSCORP, Inc.'s (collectively, "MERS") Motion to Dismiss (MDL 09-2119, Doc. 1640)

5  and Defendant JP Morgan Chase Bank, N.A.'s Joinder thereto (MDL 09-2119, Doc. 1642)

6  are granted.

7      The Clerk of the Court shall enter judgment for Defendants.

8       The Clerk of the Court shall file a copy of this Order in MDL 09-2119-PHX-JAT and

9  CV 11-8085-PCT-JAT.

10      DATED this 25th day of May, 2012.

11

12

13                           James A. Teilborg
                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -