WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation<br>MDL 09-2119-PHX-JAT<br>_____<br>This Order applies to:<br>CV 10-2569-PHX-JAT<br><br>Abdolhamid Ahmadi,<br><br>      Plaintiff,<br><br>v.<br><br>Wilson Resources Incorporated, Lehman Brothers Bank FSB, Aurora Loan Services LLC; Stewart Title of Northern Nevada; MERSCORP Incorporated; Cooper Castle Law Firm LLP, First American National Default, Mortgage Electronic Systems Incorporated, Land Home Financial Services; GMAT Mortgage, LLC; Mortgage Electronic Registration Systems Incorporated ("MERS"); and Executive Trustee Services, LLC,<br><br>      Defendants.<br>_____ | MDL 09-2119-PHX-JAT<br><br>**ORDER** |

      Pending before the Court are (1) Defendants Mortgage Electronic Registration Systems, Inc, MERSCORP, Inc., Aurora Loan Services, LLC, and Lehman Brothers Bank's (collectively, "Defendants") Motion to Dismiss (MDL 09-2119, Doc. 1626 and CV 10-2569, Doc. 18) and (2) Defendants Aurora Loan Services, LLC and Lehman Brothers Bank, FSB's

Motion to Quash Lis Pendens (MDL 09-2119, Doc. 1651).[1] The Court now rules on the Motions.

## I. PROCEDURAL BACKGROUND

In August 2010, Plaintiff filed a Class Action Complaint against Defendants in the Second Judicial District Court of the State of Nevada. (CV 10-2569, Doc. 1-2). MERS removed the suit to the United States District Court for the District of Nevada. (CV 10-2569, Doc. 1). In November 2010, the Judicial Panel on Multidistrict Litigation transferred the lawsuit to this Court for inclusion in the MERS Multidistrict Litigation. (*Id.*). In October 2011, this Court remanded Counts Three, Five, Six, and part of Count Two to the District of Nevada because those claims did not turn on the formation or operation of MERS. (CV 10-2569, Doc. 17 at 4).[2] Defendants now move to dismiss the Counts of Plaintiff's Complaint that remain before this Court.

## II. FACTUAL BACKGROUND

Plaintiff alleges that, in January 2007, he signed two promissory notes in the amounts of $180,000 and $23,500, respectively in connection with two loans from Wilson Resources, Inc. (CV 10-2569, Doc. 1-2 at 22). Plaintiff alleges that the promissory notes were secured by two Deeds of Trust recorded against the property located at 2331 Tangerine Street, Sparks, Nevada (the "Property"). (*Id.*). Plaintiff alleges that MERS was the named nominee/beneficiary under the Deeds of Trust. (*Id.*). Plaintiff alleges that, in March 2007, Defendant Wilson Resources assigned the Deeds of Trust to Defendant Lehman Brothers Bank, FSB and Defendant Aurora Loan Services, LLC. (*Id.*).

Plaintiff alleges that, in April 2009, Defendant Cooper Castle Law Firm caused Defendant First American National Default to record a Notice of Default on the Property.

---

[1] Defendant the Cooper Castle Law Firm has filed Joinders in the Motion to Dismiss (Doc. 1645) and the Motion to Quash (Doc. 1658).

[2] This Court retains jurisdiction over Counts One, Four, Seven, Eight, Nine, Ten, Eleven and part of Count Two. (CV 10-2569, Doc. 17 at 4)

- 2 -

1 (*Id.*). Plaintiff alleges that the Notice of Default was defective. (*Id.* at 24-27). Plaintiff alleges that, in January 2010, Defendant Cooper Castle Law Firm caused Defendant First American National Default to record a Notice of Trustee's Sale of the Property. (*Id.* at 23). Plaintiff alleges that the Trustee's Sale was set for February 11, 2010. (*Id.*).

Plaintiff alleges that, in June 2010 and July 2010, Defendant Aurora Loan Services, LLC sent Plaintiff letters offering an opportunity for participation in the Home Affordable Modification Program ("HAMP"). (*Id.*). Plaintiff alleges that this correspondence was merely an attempt to lure Plaintiff into paying more money, knowing that a non-judicial foreclosure would occur. (*Id.*). On July 26, 2010, the Cooper Christensen Law Firm, as Trustee, recorded a Trustee's Deed Upon Sale granting and conveying the Property to Federal Home Loan Mortgage Corporation. (*Id.* at 1655-1). Plaintiff alleges that, on July 28, 2010, Defendant Cooper Castle Law Firm sent Plaintiff a letter informing Plaintiff of the sale with a Relocation Assistance Agreement, which gave Plaintiff until September 27, 2010 to relocate. (CV 10-2569, Doc. 1-2 at 23).

Plaintiff alleges that Defendants have violated the Unfair and Deceptive Trade Practices Act, Nevada Revised Statutes section 598.0925 (Count Four) (*see id.* at 32-34), Nevada Revised Statutes 107.080, *et. seq.* (Count Seven) (*see id.* at 38-43), engaged in fraud through omission and fraud in the inducement (Counts Nine and Ten) (*see id.* at 46-56), and were unjustly enriched (Count Eleven) (*see id.* at 56-60). As a result, Plaintiff seeks injunctive and declaratory relief and Quiet Title to the Property (Counts One, Two, and Eight) (see id. at 24-27-29, 43-46).

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

1 Although a complaint attacked for failure to state a claim does not need detailed 2 factual allegations, the pleader's obligation to provide the grounds for relief requires "more 3 than labels and conclusions, and a formulaic recitation of the elements of a cause of action 4 will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual 5 allegations of the complaint must be sufficient to raise a right to relief above a speculative 6 level. *Id.*

7 Rule 8's pleading standard demands more than "an unadorned, the-defendant-8 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing 9 *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions 10 will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual 11 matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* 12 Facial plausibility exists if the pleader pleads factual content that allows the court to draw 13 the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* 14 Plausibility does not equal "probability," but plausibility requires more than a sheer 15 possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that 16 are 'merely consistent' with a defendant's liability, it 'stops short of the line between 17 possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

18 Further, when a Plaintiff makes allegations of fraud, he must meet the requirements 19 of Federal Rules of Civil Procedure 9(b). "Rule 9(b) requires a party to state with 20 particularity the circumstances constituting fraud or mistake, including the who, what, when, 21 where, and how of the misconduct charged. In addition, the plaintiff must set forth what is 22 false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 23 616 F.3d 993, 998 (9th Cir. 2010) (internal citations and quotations omitted). "Rule 9(b) 24 does not allow a complaint to merely lump multiple defendants together but require[s] 25 plaintiffs to differentiate their allegations when suing more than one defendant . . . and 26 inform each defendant separately of the allegations surrounding his alleged participation in 27 the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal citation 28 omitted).

- 4 -

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

## IV. ANALYSIS

The Court will individually discuss Defendants arguments as to why each Count should be dismissed for failure to state a claim upon which relief can be granted.

### A. Count Seven - Alleged Violations of Nevada Revised Statutes 107.080, *et. seq.*

Defendants argue that Count Seven should be dismissed because Nevada Revised Statutes section 107.080 does not provide a private right of action to borrowers and, in any case, the allegations do not show that Defendants failed to comply with the statutory requirements for non-judicial foreclosures.

Nevada Revised Statutes section 107.080 governs matters related to the Trustee's Power of Sale under Nevada law. Plaintiff alleges that Defendants violated 107.080 because Federal Home Loan Mortgage Corporation was listed as the foreclosure trustee on the Trustee's Deed upon Sale recorded on July 26, 2010 and "there is nothing in the record indicating how and when they became the beneficiary or the holder of the note and possibl[y] the deed of trust to be able to initiate and advance the foreclosure." (Doc. 1648 at 14). Plaintiff claims that, because there is nothing in the record showing how Federal Home Loan Mortgage Corporation became the foreclosure trustee, Federal Home Mortgage Corporation must have lacked standing to initiate non-judicial foreclosure proceedings. Plaintiff further argues that Federal Home Mortgage Corporation was required to produce the promissory notes before it could initiate non-judicial foreclosure proceedings. Plaintiff argues the Deed of Trust was split from the Note and Federal Home Mortgage Corporation could not have

- 5 -

1  complied with Nevada Revised Statutes section 107.080 because it had no authority to act
2  under that statute.

3         Plaintiff's theories regarding Defendants' violation of section 107.080 are essentially:
4  that Defendants lacked standing to initiate non-judicial foreclosure proceedings and a
5  variation of the "show me the note" theory. Plaintiff relies on *Leyva v. National Default*
6  *Servicing Corp.*, 255 P.3d 1275 (Nev. 2011) for the proposition that Defendants are required
7  to produce certain mortgage documents before a non-judicial foreclosure can take place.
8  However, *Levya* addressed a Foreclosure Mediation Program statute that required the lender
9  to produce the original or certified copy of the deed of trust, mortgage note, and each
10 assignment of the deed of trust or mortgage note at a mediation. *Levya*, 255 P. 3d at 1278-
11 80. Under that statute, if the lender failed to make such a production, it would be subject to
12 sanctions. *Id.* *Levya* does not address Plaintiff's theory in this case that, even if copies of
13 those documents are produced, they would be invalid because MERS can never validly
14 assign deeds of trust.

15        Plaintiff's theory fails for two reasons. First, even granting that MERS is a sham
16 beneficiary and the note is split from the deed, Plaintiff's alleged conclusion that by virtue
17 of MERS's existence, no party ever has the power to foreclose is flawed. *See Cervantes v.*
18 *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir.2011) ("Even if we were to
19 accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the
20 deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party
21 has the power to foreclose."). As the Ninth Circuit has stated, "Even if MERS were a sham
22 beneficiary, the lenders would still be entitled to repayment of the loans and would be the
23 proper parties to initiate foreclosure after the plaintiffs defaulted on their loans." *Id.* at 1044.

24        Plaintiff argues that this case is distinguishable from *Cervantes* because, in *Cervantes*,
25 Plaintiff's allegations did not "call into question whether the trustees were agents of the
26 lenders," *id.*, and Plaintiff alleges that the trustees in this case were not agents of the lenders.
27 However, Plaintiff allegation that the Trustee is not an agent of the lender is conclusory and
28 is not supported by any well-pled facts. Further, even if the Trustee were not the agent of the

- 6 -

lender, it is possible that the lender sustained an injury and Plaintiff did not sustain any injury because Plaintiff fails to allege a connection between his injury and the status of the Trustee. *See id.* at 1042 ("plaintiffs have failed to show that the designation of MERS as a beneficiary caused them any injury by, for example, affecting the terms of their loans, their ability to repay the loans, or their obligations as borrowers.").

Finally, Plaintiff specifically agreed to and was on notice that MERS held legal title to the secured interests in the Property, as MERS is named as the beneficiary on the Deeds of Trust on the Property, which Plaintiff signed. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir.2011) ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents. . . . In light of the explicit terms of the standard deed signed by [Plaintiffs], it does not appear that the plaintiffs were misinformed about MERS's role in their home loans.").

Thus, Plaintiff has not alleged facts supporting his allegation that Defendants failed to comply with the statutory requirements of 107.080 and all of his claims related to this Count have repeatedly been rejected by this Court and Courts in the District of Nevada. *See, e.g.*, *Kwok v. Recontrust Company, N.A.*, No. 2:09-cv-2298-RLH-LRL, 2010 WL 4810704, at *4 ("NRS § 107.080 does not require a lender to produce the original note or prove its status as a real party in interest, holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings.") (internal citation omitted).

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted based on his allegations that Defendants violated Nevada Revised Statutes section 107.080 and Count Seven will be dismissed.

### B.   Count Four - Alleged Violations of the Unfair and Deceptive Trade Practices Act, Nevada Revised Statutes section 598.0925

Defendants argue that Count Four should be dismissed because the District Court of Nevada has held on several occasions that Nevada Revised Statutes section 598.0925 does not apply to non-judicial foreclosures. *See, e.g., Parker v. Greenpoint Mortgage Fund, Inc.*,

- 7 -

No. 3:11-cv-0039-ECR-RAM, 2011 WL 2923949, at *2 (D. Nev. July 15, 2011). In response, Plaintiff disagrees with the Nevada District Court's interpretation of section 598.0925 and argues that the Nevada Supreme Court must interpret 598.0925 and a federal court should not "guess at to what the Nevada Supreme Court might say about it." (Doc. 1648 at 18).

Nevada Revised Statutes section 598.0923 (defining deceptive trade practices referred to in 598.092) provides, in relevant part,

> A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly:
> 1. Conducts the business or occupation without all required state, county or city licenses.
> 2. Fails to disclose a material fact in connection with the sale or lease of goods or services.
> 3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

Nev. Rev. Stat. 598.0923. Plaintiff alleges that the "deceptive trade practice" engaged in by Defendants is participation in the foreclosure proceeding "based upon an invalid Deed of Trust" in violation of 107.080 as a result of Defendants "being improper parties to initiate and advance non-judicial foreclosures." Because Plaintiff has failed to state a claim upon which relief can be granted with regard to violations of section 107.080, Plaintiff has necessarily failed to state a claim for deceptive trade practices based on violations of section 107.080 and, thus, Count Four will be dismissed.

### C. Count Nine - Alleged Fraud Through Omission and Count Ten - Fraud in the Inducement

Defendants argue that Counts Nine and Ten should be dismissed because Plaintiff has failed to plead fraud with particularity and Defendants were under no duty to Plaintiff to disclose its lending and foreclosure practices and bonuses and salaries paid to their employees. In his Response to the Motion to Dismiss, Plaintiff makes no reference to his claims for fraud through omission (Count Nine) and fraud in the inducement (Count Ten). The allegations in the Complaint relating to these Counts do not meet Federal Rule of Civil Procedure 9(b)'s pleading requirements for pleading fraud with particularity and Plaintiff has failed to assert an theory in Response to the Motion to Dismiss to support his theories of

1  fraud. Rather, in the Complaint, Plaintiff generally attacks the operation of MERS and
2  asserts that Defendants committed fraud by qualifying Plaintiff for a loan and failing to
3  "disclose to Plaintiff the predatory, unethical and unsound lending and foreclosure practices,
4  and bonuses and inflated salaries paid pursuant thereto." (Doc. 1-2 at 46). Plaintiff also
5  makes the conclusory assertion that if these "practices" and MERS' role in his loan were
6  disclosed to him, he would have rescinded.

7  To state a claim for fraud in the inducement under Nevada law, a plaintiff must show
8  that the defendant knowingly made a false representation with the intent to induce the
9  plaintiff to consent to the contract's formation. To state claim for fraud in the inducement,
10 Plaintiff must plead more than conclusory allegations that there was: (1) a speaker's false
11 representation, (2) the speaker's knowledge or belief that the representation was false (or
12 knowledge that it had an insufficient basis for making the representation), (3) the speaker's
13 intention to therewith induce Plaintiff to consent to the contract's formation, (4) Plaintiff's
14 justifiable reliance upon the misrepresentation, and (5) damage to Plaintiff resulting from
15 such reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017
16 (Nev. 2004).

17 To state a claim for fraudulent concealment under Nevada law, a Plaintiff must plead
18 facts showing: (1) the defendant concealed or suppressed a material fact; (2) the defendant
19 was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed
20 or suppressed the fact with the intent to defraud the plaintiff, that is, he concealed or
21 suppressed the fact for the purpose of inducing the plaintiff to act differently than he would
22 if he knew the fact; (4) the plaintiff was been unaware of the fact and would not have acted
23 as he did if he had known of the concealed or suppressed fact; and (5) as a result of the
24 concealment or suppression of the fact, the plaintiff must have sustained damages. *Nevada*
25 *Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995)

26 In addition to failing to plead fraud with particularity pursuant to Rule 9(b), Plaintiff's
27 allegations based on fraud fail because Plaintiff has failed to allege facts showing that
28 Defendants owed him a duty to disclose facts relating to the risks of a loan and whether a

- 9 -

1 Plaintiff could afford it, and the District Court of Nevada has repeatedly held that lenders are
2 under no such obligation. *See, e.g.*, *Yoshikazu v. Pinnacle Financial Corp.*, No. 3:11-cv-
3 00411-ECR-RAM, 2012 WL 1018201, at *6 (D. Nev. Mar. 26, 2012) ("a lender does not
4 owe a fiduciary duty, as an armslength lender-borrower relationship is not fiduciary in nature,
5 absent exceptional circumstances.") (internal quotations and citations omitted); *see also*
6 *Cervantes*, 656 F.3d at 1042 (where Plaintiff made similar fraud-related claims, the Ninth
7 Circuit Court of Appeals upheld dismissal noting that the allegations were deficient, in part,
8 because "the plaintiffs have failed to show that the designation of MERS as a beneficiary
9 caused them any injury by, for example, affecting the terms of their loans, their ability to
10 repay the loans, or their obligations as borrowers. Although the plaintiffs allege that they
11 were 'deprived of the right to attempt to modify their toxic loans, as the true identity of the
12 actual beneficial owner was intentionally hidden' from them, they do not support this bare
13 assertion with any explanation as to how the operation of the MERS system actually stymied
14 their efforts to identify and contact the relevant party to modify their loans.").

15 Plaintiff's allegations in support of these claims are vague and conclusory, asserting
16 only that Defendants failed to disclose certain facts about the inner workings of the mortgage
17 industry, that Plaintiff was not qualified for the loans, and that Defendants had no right to
18 foreclose on Plaintiff's property. Moreover, Plaintiff cannot show that Defendants owed him
19 a duty to disclose these alleged facts. For this reason, Plaintiff's claims for fraud in the
20 inducement (Count Nine) and fraud through omission (Count 10) must be dismissed.

### E. Count Eleven - Unjust Enrichment

22 Defendant argues that Plaintiff's claim for unjust enrichment should be dismissed
23 because there is a written contract for Plaintiff's loan payment, entitling Defendant to such
24 payments. Plaintiff did not respond to any of Defendant's arguments regarding unjust
25 enrichment. The Court agrees with Defendants that a claim for unjust enrichment is
26 unavailable where there is an express contract governing the payments received by
27 Defendants. *See, e.g.*, *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00324-RLH-
28 LRL, 2010 WL 2545006, at *5 (D. Nev. June 18, 2010) ("An action based on a theory of

unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement. . . . Plaintiffs have not stated an actionable claim for unjust enrichment because an express contract for Plaintiffs' loan and payments exists. Plaintiffs' mortgage was governed by an express contract under which Defendants were entitled to repayment. This contract was not destroyed by the alleged securitization of Plaintiffs' loan. Thus, the existence of an express contract precludes Plaintiffs' claim.") (internal quotations and citations omitted). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted relating to unjust enrichment and, thus, Count Eleven must be dismissed.

### F. Counts One, Two, and Eight - Injunctive and Declaratory Relief and Quiet Title

The remaining counts in Plaintiff's Complaint for injunctive and declaratory relief and quiet title are purely subsidiary claims for relief that Plaintiff could be entitled to if he was successful on his other claims. Because Plaintiff has failed to state a claim upon which relief can be granted on those other claims, the subsidiary claims for relief must also be dismissed. Accordingly, Counts One, Two, and Eight will also be dismissed.

## V. LEAVE TO AMEND

Plaintiff does not request leave to amend. However, the Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). Because Plaintiff's claims depend on legal theories that have repeatedly been rejected by this Court, the District Court of Nevada, and the Ninth Circuit Court of Appeals, and in light of the foregoing analysis, the Court finds that Plaintiff's Complaint could not be cured by allegations of other facts and, thus, allowing Plaintiff to amend his Complaint would be futile. Accordingly, the Court will not grant Plaintiff leave to amend.

## VI. LIS PENDENS

1 After the sale of the Property, and on the same day he filed this lawsuit in Nevada 2 State Court, Plaintiff recorded a lis pendens in the Office of the Washoe County Recorder 3 with respect to the Property.  Defendants Aurora Loan Services, LLC, Lehman Brothers 4 Bank, FSB and the Cooper Castle Law Firm, LLP filed a Motion to Quash that lis pendens. 5 Based on Plaintiff's Response to the Motion to Quash Lis Pendens (Doc. 1694), it appears 6 that he filed the Lis Pendens based on his claims for Defendants' violations of 107.080 7 (Count Seven) and Quiet Title (Count 8).

8 Nevada Revised Statutes section 14.010 states that "in an action for the foreclosure 9 of a mortgage upon real property, or affecting the title or possession of real property," the 10 plaintiff, "at the time of filing the complaint," shall record a "notice of the pendency of the 11 action, containing the names of the parties, the object of the action and a description of the 12 property" affected thereby. Nev. Rev. Stat. § 14.010(1). A "notice of an action affecting real 13 property, which is pending in any United States District Court for the District of Nevada may 14 be recorded and indexed in the same manner and in the same place as provided with respect 15 to actions pending in courts of this state." *Id.* at § 14.010(2).  The purpose of this notice is 16 to provide "constructive notice" to a purchaser or encumbrancer of the property that the 17 property is involved in a lawsuit. *Id.* at § 14.010(3).

18 In order to justify the filing of a lis pendens under Nevada law, a party must provide 19 evidence that: (a) the action is for foreclosure of a mortgage or affects the title or possession 20 of the real property described in the notice; (b) the action was not brought in bad faith or for 21 an improper motive; (c) the party who recorded the notice will be able to perform any 22 conditions precedent to the relief sought in the action; and (d) the party who recorded the 23 notice would be injured by any transfer of an interest in the property before the action is 24 concluded. Nev. Rev. Stat. § 14.015(2)(a)-(d). In addition, the party who recorded the notice 25 "must establish [that] the party who recorded the action is likely to prevail in the action;" or 26 that "the party who recorded the notice has a fair chance of success on the merits" and the 27 injury would be sufficiently serious that, in the event of a transfer, the hardship on the 28 recording party would be greater than the hardship on the defendant.  Nev. Rev. Stat. §

- 12 -

14.015(3). If the court finds that the party who recorded the notice of pendency of the action has failed to establish any of the foregoing requirements, "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation." Nev. Rev. Stat. § 14.015(5).

Because this Court is dismissing Count Seven and Count Eight, Plaintiff cannot show that he is likely to prevail on those claims and there is no longer an action pending affecting the title or possession of the property in this Court. Accordingly, because those claims were Plaintiff's basis for recording his lis pendens, and they are now dismissed, there is no longer an action pending affecting the title or possession of the property in this Court and Plaintiff must cancel the notice of pendency filed against the Property based on the claims filed in this Court.[3]

### VII. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants Mortgage Electronic Registration Systems, Inc, MERSCORP, Inc., Aurora Loan Services, LLC, and Lehman Brothers Bank's Motion to Dismiss (MDL 09-2119, Doc. 1626 and CV 10-2569, Doc. 18) and Defendant the Cooper Castle Law Firm's Joinder thereto is granted.

**IT IS FURTHER ORDERED** that Defendants Aurora Loan Services, LLC and Lehman Brothers Bank, FSB's Motion to Quash Lis Pendens (MDL 09-2119, Doc. 1651) and Defendant the Cooper Castle Law Firm's Joinder thereto is granted. Plaintiff is ordered to cancel the notice of pendency filed against the Property based on the claims that the Court

---

[3] The Court takes no position on whether the claims remanded to the Nevada District Court affect the title or possession of the Property, such that the lis pendens would still be valid based on the ongoing action in that Court. Defendants have filed a Motion to Quash lis pendens in that action and this Court assumes that the Nevada District Court will resolve any issues related to the lis pendens based on the claims remaining in that action.

- 13 -

has dismissed in this Order. Such cancellation shall have the same effect as the expungement of the original notice.

The Clerk of the Court shall enter judgment for Defendants.

The Clerk of the Court shall file a copy of this Order in MDL 09-2119-PHX-JAT and CV 10-2569-PHX-JAT.

DATED this 25th day of May, 2012.

James A. Teilborg
United States District Judge