WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation<br><br>_____<br><br>This Order Applies to:<br><br>CV 10-218-PHX-JAT<br><br>Fred Mesi; Eric Mesi,<br><br>      Plaintiffs,<br><br>v.<br><br>Washington Mutual, FA; LaSalle Bank, N.A.,<br><br>      Defendant.<br>_____ | MDL DOCKET NO. 09-2119-JAT<br><br>**ORDER** |

Pending before the Court is Defendant LaSalle Bank, N.A.'s Motion to Dismiss (CV 10-218, Doc. 49). The Court now rules on the Motion.

**I.      PROCEDURAL BACKGROUND**

In August 2009, Plaintiff filed a Complaint against Defendants in the Third Judicial District Court of the State of Nevada. (CV 10-218, Doc. 1-1 at 4). Mortgage Electronic Registration Systems, Inc. ("MERS") removed the suit to the United States District Court for the District of Nevada. (CV 10-218, Doc. 1). In January 2010, the Judicial Panel on Multidistrict Litigation transferred the lawsuit to this Court for inclusion in the MERS Multidistrict Litigation. (CV 10-218, Doc. 40). In August 2010, Plaintiff filed an Amended

Complaint. (MDL 09-2119, Doc. 1079). In September 2011, this Court remanded Claims Three, Five, Six, and part of Claim 2 to the District of Nevada because those claims did not turn on the formation or operation of MERS. (CV 10-218, Doc. 48 at 3).[1] Defendant LaSalle Bank ("Defendant") now moves to dismiss the Counts of Plaintiff's Complaint that remain before this Court.

## II.   FACTUAL BACKGROUND

In April 2006, Plaintiffs signed a promissory note in the amount of $280,334 in connection with a loan from Federal Savings Bank. The promissory note was secured by a Deed of Trust recorded against the property located at 2273 N. Green Valley Parkway, Suite 14, Henderson, NV, Nevada (the "Property"). After Plaintiffs defaulted on the loan, a trustee's sale of the Property was noticed.

This Court retained jurisdiction over the following claims in Plaintiff's Complaint: Claim One (injunctive relief), Claim Four (unfair and deceptive trade practices in violation of Nevada Revised Statutes section 598.0923), Claim Seven (violation of Nevada Revised Statutes section 107.080), Claim Eight (quiet title), Claim Nine (fraud through omission), Claim Ten (fraud in the inducement), Claim Fourteen (unjust enrichment) and part of Claim 2 (declaratory relief). (CV 10-218, Doc. 48 at 3).

Plaintiffs allege various theories in their Complaint against multiple Defendants. However, all but two of the original Defendants in this case have been dismissed. In their January 23, 2012 Status Report (Doc. 55), Plaintiffs informed the Court that "there is no cause of actions [sic] as to Washington Mutual." (Doc. 55 at 3). Accordingly, the only remaining Defendant is LaSalle Bank, N.A. and the Court will only discuss the claims asserted against LaSalle Bank, N.A.

---

[1] This Court retains jurisdiction over Claims One, Four, Seven, Eight, Nine, Ten, Fourteen and part of Claim 2. (CV 10-218, Doc. 48 at 3).

Defendant LaSalle Bank, N.A. moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, when a Plaintiff makes allegations of fraud, he must meet the requirements of Federal Rules of Civil Procedure 9(b). "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citations and quotations omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal citation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### IV.   ANALYSIS

LaSalle argues that Plaintiff's Complaint should be dismissed because the Complaint does not contain even one well-pled allegation against it. Indeed, LaSalle is only mentioned in the Complaint three times[2] and there is not one allegation connecting an action by LaSalle

---

[2] Plaintiff alleges that "Defendant La Salle Bank N.A. as trustee for the Wa Mu Mortgage Pass-Through Certificate Series Certificates 2006-AR7 Trust, is believe [sic] to be a foreign entity, who may have acquired an interest in the Note, but not the Deed of Trust." (MDL 09-2119, Doc. 1079 at 3, ¶ 4). Plaintiff next alleges that "On the same date and time an 'assignment of Deed of Trust' was also recorded by SPL Inc., LA, wherein Mortgage Electronic Registration Systems, Inc., a subsidiary of MERSCORP, Inc., a Delaware corporation, [MERS] executed the same on May 12, 2009 claiming to grant, assign and transfer to 'Bank of America, National Association as successor by merger to LaSalle Bank, N.A. as Trustee for Wa Mu MORTGAGE PASS-THROUGH CERTIFICATES

- 4 -

to any injury suffered by Plaintiff. Accordingly, Plaintiffs' Complaint fails to meet the requirements of Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2). Plaintiffs have not put Defendant on notice of the claims against it or the grounds on which such claims rest.

In their Opposition to the Motion to Dismiss, Plaintiffs fail to identify an allegations against Defendant LaSalle, but argue that "Plaintiff has raised substantial issues regarding standing to foreclose (or enforce the note) and proper appearance of parties (claiming to be agents of holder) without presenting any proof of the relationship and authority to act." (Doc. 51 at 4). Plaintiffs further argue that the note and deed of trust on the Property were split and the beneficiary under the Deed of Trust or its successor in interest has never declared a default or directed a foreclosure of Plaintiff's home as required under Nevada law. (*Id.*). Plaintiffs also argue that "There are several issues raised in this matter which would preclude a dismissal, but would establish the necessity of a declaratory relief and related violation of NRS 107.080." (*Id*). Plaintiffs' claims for declaratory relief (Claim Two) and violations of NRS 107.080 (Claim Seven) are the only claims they mention in their Opposition to the Motion to Dismiss.

Based on these arguments, in their Opposition to the Motion to Dismiss, Plaintiffs appear to advance theories relating to the non-judicial foreclosure of the Property generally, without identifying Defendant LaSalle's involvement or actions taken by Defendant LaSalle that caused them injury. Because Plaintiff has failed to identify any legal theory or legal

---

SERIES 2006-AR7 TRUST, all beneficial interest under . . . deed of trust." (*Id.* at 13n.9). In Claim Two, the Complaint states, "Plaintiff seeks a declaratory judgment against Defendants WASHINGTON MUTUAL, F.A., a Federal Savings Bank; La SALLE BANK, N.A [sic] as Trustee for Wa Mu MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR7 TRUST . . . establishing the failure to establish an interest in the property, right to foreclose, or encumber or cloud Plaintiff's title." (*Id.* at 25, ¶ 55). These are the only references to Defendant LaSalle in the entire Complaint.

- 5 -

basis for Defendant LaSalle's presence in this case, Plaintiff has necessarily failed to state a claim upon which relief can be granted against Defendant LaSalle.[3]

## V. LEAVE TO AMEND

The Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). Because Plaintiffs claims depend on legal theories that have repeatedly been rejected by this Court, the District Court of Nevada, and the Ninth Circuit Court of Appeals, and because Plaintiffs have failed to articulate any claims against Defendant LaSalle in their Complaint and in their Response to the Motion to Dismiss, the Court finds that Plaintiffs' Complaint could not be cured by allegations of other facts and, thus, allowing Plaintiffs to amend their Complaint would be futile. Accordingly, the Court will not grant Plaintiffs leave to amend.

## VI. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant LaSalle Bank, N.A.'s Motion to Dismiss (CV 10-218, Doc. 49) is granted.

In their January 23, 2012 Status Report (Doc. 55), Plaintiffs informed the Court that "there is no cause of actions [sic] as to Washington Mutual." (Doc. 55 at 3). Accordingly, **IT IS ORDERED** that Defendant Washington Mutual, FA is dismissed.

The Clerk of the Court shall enter judgment for Defendants.

---

[3] The Court notes that, even if it were to assume that all claims in the Complaint were asserted against Defendant LaSalle and there was some factual basis for those claims against Defendant LaSalle, all of Plaintiffs' claims appear to be based on legal theories that have been consistently rejected by this Court and the District Court of Nevada. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir.2011), *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL Docket No. 09–2119–JAT, 2011 WL 4550189, at *6 (D. Ariz. Oct. 3, 2011), *Parker v. Greenpoint Mortgage Fund, Inc.*, No. 3:11-cv-0039-ECR-RAM, 2011 WL 2923949, at *2 (D. Nev. July 15, 2011).

1  The Clerk of the Court shall file a copy of this Order in MDL 09-2119-PHX-JAT and
2  CV 10-218-PHX-JAT.

3  DATED this 25th day of May, 2012.

James A. Teilborg
United States District Judge