WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Stejic v. Aurora Loan Services, LLC, et al.<br>CV 10-01547-PHX-JAT | Case Nos.: MD 09-02119-PHX-JAT<br><br>CV 10-01547-PHX-JAT<br><br>ORDER |

Under the Rule of Mandate, this Court previously denied Defendant Aurora Loan Services, LLC's ("Aurora") motion for judgment on the pleadings (Doc. 1833 in MDL 09-2119). Doc. 38 in CV 10-1547. Aurora moves for reconsideration arguing that because its theories are not ones ruled on by the Ninth Circuit Court of Appeals (presumably because Aurora did not argue any such theories to the Court of Appeals), Aurora is free to raise them via a motion for judgment on the pleadings without running afoul of the Rule of Mandate.[1]

---

[1] As the Court stated in its previous Order, the Rule of Mandate is summarized as follows:

> …the *Ischay* court instructed that the "so-called rule of mandate 'presents a specific and more binding variant of the law of the case doctrine.' The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision." *Ischay,* 383 F.Supp.2d at 1214 (citations omitted). The court continued:
>
> > The rule of mandate is similar to, but broader than, the law of the case doctrine. A district court, upon receiving the mandate of an appellate court cannot vary it or examine it for any other

1       More specifically, Aurora argues that Plaintiff's A.R.S. § 33-420 count fails to state a claim (and therefore Aurora is entitled to judgment on the pleadings) because Plaintiff did not plead all the required elements of the claim. Aurora never states what it argues the actual elements are. But at a minimum, Aurora seems to argue that Plaintiff must allege: 1) the documents were forged (in this case via robosigning); 2) that defendant (Aurora) was "involved" in recording the documents; 3) that defendant (Aurora) knew that the alleged false statement was in the documents; 4) that Plaintiff owned the property at the time of recording; and 5) that the alleged false statement was material. Doc. 39 in CV 10-1547 at 5-6. The Court has not endeavored to do Aurora's research for it to determine whether these are in fact the elements of this claim.

      Nonetheless, assuming these are the elements of the claim, and assuming Aurora is permitted to raise some of its failure to state a claim theories via a 12(b)(6) motion, and upon losing that motion, raise its remaining failure to state a claim theories via a 12(c) motion, there is no doubt that the Court of Appeals found that Plaintiff stated a claim as to element 1.

      With respect to elements 2 and 3, Aurora does not attack whether Plaintiff made these allegations with respect to the documents at issue, but instead whether Plaintiff made these allegations with respect to Aurora particularly. As this Court quoted in its last Order, the Court of Appeals stated,

> Fourth, the MDL Court held that appellants had not pleaded their robosigning claims with sufficient particularity to satisfy Federal Rule of

---

> purpose than execution. Thus, a district court could not refuse to dismiss a case when the mandate required it, and a district court could not revisit its already final determinations unless the mandate allowed it[.]

*Id.,* quoting *Cote,* 51 F.3d at 181 (citations omitted in original).

*Coto v. Astrue*, No. CV 07-3559-PLA, 2008 WL 4642965, at *6 (C.D. Cal. Oct. 20, 2008); *See also* Doc. 38 in CV 10-1547 at 3.

> Civil Procedure 8(a). We disagree. … [T]he CAC also alleges that Jim Montes, who purportedly signed the substitution of trustee for the property for Milan Stejic had, on the same day, "signed and recorded, with differing signatures, numerous Substitutions of Trustee in the Maricopa County Recorder's Office….Many of the signatures appear visibly different than one another." These and similar allegations of the CAC "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) and provide defendants fair notice as to the nature of appellants' claims against them, *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)."

Doc. 1797-1 in MDL 09-2119 at 24-25. The Court of Appeals held these were sufficient allegations of knowledge and involvement in recording against "defendants." This Court finds this holding does not leave open the possibility that by "defendants" the Court of Appeals really meant only one or some Defendants. If Aurora wanted to be specially separated from the other Defendants, it needed to make that argument before the Court of Appeals. Thus, Aurora's arguments for judgment on the pleadings on elements 2 and 3 are barred by the Rule of Mandate.

With respect to element 4, the Court of Appeals found that Plaintiff stated a claim with respect to the recording of the Substitution of Trustee. Aurora now argues it should be dismissed because Plaintiff did not own the property at the time the Deed was recorded. Basically, Aurora appears to be arguing that this Court should take Plaintiff's A.R.S. § 33-420 count and divide it into multiple counts on a document by document basis. Then this Court should assess whether Plaintiff states a claim as to each document independently.

If Aurora believed Plaintiff had to state a claim as to each document separately, that is an argument it was required to be make at the Court of Appeals. The Court of Appeals held, "These and similar allegations of the CAC 'plausibly suggest an entitlement to relief,' *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)." Doc. 1797-1 in MDL 09-2119 at 24-25. The Court of Appeals held this with respect to the entire A.R.S. § 33-420 claim. Thus, this Court finds the Rule of Mandate precludes this Court from finding

1 that the Court of Appeals really meant that the claim only survived as to some of the
2 documents.

3 With respect to element 5, A.R.S. § 33-420(A) states that an actionable document
4 must contain a "material misstatement" or a "false claim" or be "otherwise invalid."
5 Aurora argues that even if notarization of the documents and the identities of the
6 signatories are inaccurate, those inaccuracies are not material. Doc. 22 at 10. Assuming
7 for purposes of this Order only that Aurora is correct that the statements are not material,
8 forged documents (as alleged here) might be "otherwise invalid" or contain a "false
9 claim," therefore the Court disagrees that Plaintiff must allege materiality.

10 Based on all of the foregoing, the Court finds no basis for reconsideration as to
11 whether Plaintiff states a claim on the elements of the A.R.S. § 33-420 count.

12 Finally, Aurora moves for reconsideration/judgment on the pleadings arguing that
13 A.R.S. § 33-811(C) bars Plaintiff's A.R.S. § 33-420(B) claim. Although Aurora does not
14 explain the result of this argument, the Court assumes that Aurora concedes that even if
15 the Court were to dismiss the § 33-420(B) argument under § 33-811(C), Plaintiff's § 33-
16 420(A) claim would still survive. This result is consistent with *Sitton v. Deutsche Bank*
17 *Nat. Trust Co.*, 311 P.3d 237, 240 ¶13 (Ariz. Ct. App. 2013), which holds "…failure to
18 enjoin a trustee's sale does not waive claims for monetary awards under § 33–420(A)."

19 With regard to § 33-420(B), Aurora cites *Sitton* for the following statement: "If a
20 trustor fails to obtain injunctive relief and a trustee's sale is completed, she waives all
21 claims to title of the property." 311 P.3d at 240. While it is true that this is a quote from
22 *Sitton*, the *Sitton* court never undertook to discuss § 33-420(B). However, the Court did
23 say that any "title" claims that Sitton might have had under § 33-420(A) or (D) were
24 waived under § 33-811(C) by Sitton's failure to obtain an injunction before the sale.
25 *Sitton*, 311 P.3d at 240, ¶14.

Here, Plaintiff specifically argues that his quiet title claim is based on § 33-811(D). Doc. 1840 at 3. *Sitton* specifically holds that a § 33-420(D) claim is waived by the failure to obtain an injunction under § 33-811(C). However, *Steinberger v. McVey ex rel. County of Maricopa*, stated that a claim of lack of notice of the sale survives the A.R.S. § 33-811(C) waiver. 318 P.3d 419, 430 ¶ 42 (Ariz. Ct. App. 2014). Here, Plaintiff claims lack of notice. Doc. 1840 in MDL 09-2119 at 3-5. The Court must accept this factual allegation as true for purposes of considering whether Plaintiff states a claim. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Aurora argues that Plaintiff's factual assertion of lack of notice is false. Aurora argues it can prove Plaintiff had notice because Plaintiff attempted to enjoin the sale before the original sale date (the sale was later postponed). Doc. 1844 in MDL 09-2119 at 4-5. Defendant cites records of another court in this district as evidence that this occurred. On a motion for judgment on the pleadings, the Court cannot look outside the pleadings, and therefore, will not consider those filings. Thus, accepting Plaintiff's factual assertion of failing to receive notice as true (again only for purposes of this Order), the Court will not grant judgment on the equitable claim to quiet title under A.R.S. § 33-420.

Moreover, under the Rule of Mandate, as recounted repeatedly above, the Court of Appeals specifically held that Plaintiff's A.R.S. § 33-420 count, as a whole, stated a claim. Doc. 1797-1 in MDL 09-2119 at 24-25. Aurora's argument is that the Court of Appeals holding did not address A.R.S. § 33-811(C), therefore this Court may grant judgment on the pleadings based on A.R.S. § 33-811(C). However, this Court remains concerned that it must comply with the spirit of the mandate. *See Ischay,* 383 F.Supp.2d at 1214. Clearly the mandate holds that Plaintiff stated a claim. Thus, the Court is not willing to grant judgment on this claim for failure to state a claim under Federal Rule of

Civil Procedure 12(c), even though Aurora argues it is a different reason than the reason ruled on by the Court of Appeals. To hold Plaintiff does not state a claim, albeit for a different reason, would be in direct contradiction of the Court of Appeals opinion. Thus, for the alternative reason of this Court being unclear what is encompassed in the Court of Appeals decision, but deferring to the Rule of Mandate that this Court cannot do anything arguably inconsistent with the mandate, reconsideration under § 33-811(C) will also be denied.

Based on the foregoing,

**IT IS ORDERED** that the motion for reconsideration (Doc. 1875 in MDL 09-2119 and Doc. 39 in CV 10-1547) is denied. The Clerk of the Court shall file a copy of this Order in both cases listed above.

Dated this 4th day of August, 2015.

James A. Teilborg
Senior United States District Judge