WO

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION, | MDL 09-02119-PHX-JAT<br><br>ORDER |

In response to two motions for summary judgment currently pending before this Court (Docs. 1921 and 1923), Plaintiffs moved for Federal Rule of Civil Procedure 56(d) relief. (Doc. 1959). In the motion, Plaintiffs argue that the discovery cutoff is far in the future (October 3, 2016) and that they need to take more discovery to respond to the motions. (*Id.*). Defendants respond and argue that Plaintiffs were not diligent in taking discovery to date and have not adequately specified what discovery they need to respond to the motions. (Doc. 1968). Plaintiffs reply and argue that Defendants relied on undisclosed witnesses to support the summary judgment motions; thus Plaintiffs seek to depose at least these witnesses. (Doc. 1977). Plaintiffs further argue that some of the delays in discovery were caused by Defendants. (*Id.*). Defendants have sought leave to file a sur-reply to respond to these arguments. (Doc. 1989).

Basically, the parties argue the competing tensions between Rule 16 and Rule 56. Under Rule 16, this Court, at the parties request, allowed a long period of time to complete discovery. Plaintiffs now argue that Defendants cannot use an "early" motion for summary judgment to cut off Plaintiffs' discovery time. Conversely, Defendants

claim they are entitled to judgment now, and that Plaintiffs cannot use their own lack of diligence in taking discovery in the eleven months that have already passed to argue that Defendants cannot obtain judgment as a matter of law immediately.

To balance these competeing concerns, the Court will do as follows:

**IT IS ORDERED** that the motion for relief under Rule 56(d) (Doc. 1959) is granted to the limited extent that follows:  Plaintiffs will be given until February 1, 2016 to file their responses to all pending motions for summary judgment.  (The Court assumes Plaintiffs' Rule 56(d) arguments would apply equally to the motions for summary judgment filed after Plaintiffs' motion for Rule 56(d) relief).

**IT IS FURTHER ORDERED** that if Plaintiffs determine that Defendants are delaying Plaintiffs' ability to complete whatever discovery Plaintiffs deem necessary to allow them to respond within this deadline, Plaintiffs must immediately set up a discovery dispute conference call with the Court.  The Court will NOT entertain a further motion for relief under Rule 56(d) given that Plaintiffs will have had 5 months to complete the summary judgment specific discovery necessary for their responses.

**IT IS FURTHER ORDERED** STRIKING the responses (and replies) already filed (Docs. 1960, 1961, 1962, 1963, 1970, 1971, 1972, 1973, and 1974 – any duplicates of these documents filed in the respective member cases are also deemed striken).  The parties will not be permitted to rely on or incorporate by reference these sticken documents and instead must file new, complete responses and replies.

**IT IS FURTHER ORDERED** that Defendants' motion to file a sur-reply (Doc. 1989) is denied as moot, and the lodged sur-reply at Doc. 1990 is striken.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that Plaintiffs shall respond to the pending motions for summary judgment (Docs. 1921, 1923, 1979, 1981, 1983, 1985 and 1987) by February 1, 2016. All replies are due within the time limits set by the Civil Local Rules.

Dated this 18th day of November, 2015.

James A. Teilborg
Senior United States District Judge