WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION | MDL 09-02119-PHX-JAT<br>CV 10-630-PHX-JAT |
| THIS DOCUMENT RELATES TO: | **ORDER Re SUPPLEMENTAL BRIEFING** |
| Robinson v. GE Money Bank et al., CV 10-00630-PHX-JAT | |

The Court will order supplemental briefing as specified below. Each brief may not exceed FIVE (5) pages. This five pages includes the caption and the signature and is <u>inclusive</u> of exhibits.

Regarding the Robinson case, in the motion at Doc. 1923, pages 4-6, Defendant U.S. Bank makes the following argument:

> The Court should enter summary judgment in favor of U.S. Bank, as Trustee for SASCO Series 2006-GEL3, because the undisputed evidence of record establishes that it had no involvement in the foreclosure action or the documents the Robinsons attached to the CAC. U.S. Bank, as Trustee for SASCO Series 2006-GEL3, merely held the Robinsons' loan as trustee. SOF ¶¶ 5-6. U.S. Bank, as Trustee for SASCO Series 2006- GEL3, had no involvement in the foreclosure process: it did not service the loan or initiate the foreclosure proceedings, it did not execute or cause the recording of the documents at issue, it did not communicate with the foreclosure trustee about the documents or the foreclosure, and it never saw the challenged documents before they were recorded. *See id.* ¶¶ 6-7.

Defendant U.S. Bank (as Trustee) makes no argument about who did undertake the foreclosure of the Robinsons' house. Arizona agency law is as follows:

>Arizona courts generally follow the Restatement of Agency. *Fidelity & Deposit Co. of Md. v. Bondwriter of Sw., Inc.,* 228 Ariz. 84, 263 P.3d 633, 639 (Ariz. Ct. App.2011). The Restatement defines "agency" as "a consensual and fiduciary relationship" that "creates a [fiduciary] duty upon the agent to act in good faith and according to the terms of the agency agreement." *Maricopa P'ships, Inc. v. Petyak,* 163 Ariz. 624, 790 P.2d 279, 281 (Ariz.Ct.App.1989); *see* Restatement (Third) of Agency § 1.01 (2006) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.").

*KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 43 F. Supp. 3d 965, 978 (D. Ariz. 2014).

>A principal is subject to liability to a third party harmed by an agent's conduct when the agent's conduct is within the scope of the agent's actual authority or ratified by the principal; and
>
>- (1) the agent's conduct is tortious, or
>- (2) the agent's conduct, if that of the principal, would subject the principal to tort liability.

Restatement (Third) Of Agency § 7.04 (2006).

This Court and other courts have held that MERS and the MERS system do not per se violate Arizona law. *See e.g. Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044 (9th Cir. 2011) ("Further, the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders. *See Landmark Nat'l Bank,* 216 P.3d at 167.").

Thus, while Courts have held that MERS (or a servicer) is permitted to be the agent of the lender, in any particular case, the lender could disavow that any such relationship exists and that MERS (and/or the servicer) is a rogue actor. In this case, that appears to be the only logical conclusion to U.S. Bank's argument.

In other words, U.S. Bank argues that IT took no action. By implication, U.S. Bank must also be arguing that it is not the principal of any agent (acting within its authority) who took such action, otherwise, as principal, U.S. Bank would still be liable.

However, U.S. Bank never affirmatively, factually, disavows that MERS or the servicer are agents of U.S. Bank (U.S. Bank admits the Trust for which it is Trustee holds the Robinsons' loan and is seeking repayment of said loan through the collection of this collateral).  Further, later in their motion for summary judgment at footnote 9 (page 10) and page 14-16; U.S. Bank discusses MERS as if it is an agent or nominee of U.S. Bank.

These positions represent such material factual inconsistencies, the Court cannot determine whether U.S. Bank is arguing this it IS the principal of its agent (MERS and the loan servicer), but that those agents did nothing wrong; **or** if U.S. Bank is factually disavowing any agency relationship; thus, U.S. Bank could potentially escape liability if it personally took no action with respect to the Robinsons' loan.

Accordingly,

**IT IS ORDERED** that U.S. Bank (as Trustee of the Trust which holds the Robinsons' loan) and Wells Fargo (whose exact relationship to this transaction has yet to be identified by either party, but who joined U.S. Bank's motion) shall file a supplemental brief on the issues discussed above not to exceed five pages by <u>April 25, 2016.</u>  Plaintiffs and/or the MERS defendants may each respond, in a brief not to exceed five pages by <u>April 29, 2016.</u>[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court must file a copy of this Order in both the MDL case number and the one member case listed above.

Dated this 20th day of April, 2016.

James A. Teilborg
Senior United States District Judge

---

[1] Both MERS and U.S. Bank also make an argument that each of them is not the person or entity who physically recorded that document.  Each of them should also address whether, under Arizona law, a person who records a document for them, at their direction, is their agent.