WO

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION | No. MD-09-02119-PHX-JAT |
| | **ORDER** |
| THIS DOCUMENT RELATES TO: | |
| Nicholas DeBaggis | |

Pending before the Court is Defendant MERSCORP Inc. n/k/a MERSCORP Holdings, Inc.'s and Defendant Mortgage Electronic Registration Systems, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Nicholas DeBaggis's ("DeBaggis") claims for lack of jurisdiction. (Doc. 1985 at 2, n.1). The Court rules as follows.

## I.    BACKGROUND

For purposes of the resolution of the pending Motion, the Court considers the relevant facts and background to be as follows.

As stated in this Court's December 21, 2015 Order, "[t]his case originally began as a multi-district litigation ("MDL") centralizing civil actions related to the formation and operation of Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc., [] [the Defendants]. (Doc. 1).   After claims in twenty of the associated cases were

1   dismissed (Doc. 1170; Doc. 1247), the remaining Plaintiffs filed a Consolidated

2   Amended Complaint ("CAC") on June 4, 2011. (Doc. 1424)." (Doc. 2005 at 1–2).

3       On October 3, 2011, this Court dismissed the CAC with prejudice (Doc. 1602)

4   under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which

5   relief can be granted." Fed. R. Civ. P. 12(b)(6).   This Order explicitly mentioned

6   DeBaggis in its discussion of Count I of the CAC, stating "alleged Plaintiff DeBaggis is

7   not a named Plaintiff in any member case of this MDL. Accordingly, Plaintiffs' claim

8   cannot rest on allegations relating to Plaintiff DeBaggis." (Doc. 1602 at 8).   Plaintiffs

9   then appealed the dismissal of Counts I–VI of the CAC to the Ninth Circuit Court of

10  Appeals. (Doc. 2005 at 2).  The Court of Appeals affirmed the dismissal of Counts II–VI,

11  but reversed and remanded as to Count I.[1]  *In re Mortgage Elec. Registration Sys., Inc.*,

12  754 F.3d 772, 786 (9th Cir. 2014).

13      On September 3, 2015, Defendant U.S. Bank National Association ("U.S. Bank")

14  also pointed out that DeBaggis "never filed a lawsuit that the Judicial Panel on Multi-

15  district Litigation transferred to this Court."[2] (Doc. 1926 at 2).   Shortly thereafter, on

16  November 6, 2015, the Court noted, "in amending the complaint in this MDL, at some

17  point, Plaintiffs' counsel added Mr. DeBaggis as a Plaintiff.  Further, the Ninth Circuit

18  Court of Appeals expressly referenced Mr. DeBaggis as having stated a claim in its

19  opinion on appeal." (Doc. 1978 at 1).  Accordingly, the Court ordered DeBaggis to "show

20  cause why his 'case' should not be dismissed (unrelated to any claim he might have as a

---

[1] In its discussion of Count I, the Ninth Circuit's opinion explicitly mentions
DeBaggis when recounting the allegations in the CAC. *See In re Mortgage Elec.
Registration Sys., Inc.*, 754 F.3d 772, 783 (9th Cir. 2014) ("[T]he CAC alleges that the
document substituting a trustee under the deed of trust for the property of Nicholas
DeBaggis 'was notarized in blank prior to being signed on behalf of U.S. Bank National
Association[.]'"). This is the only mention of DeBaggis in the Court of Appeal's opinion.

[2] Defendant U.S. Bank moved for summary judgment against DeBaggis while
questioning this Court's jurisdiction over DeBaggis's case. (Doc. 1926). This motion for
summary judgment was denied as moot after the Court dismissed all claims against U.S.
Bank with prejudice as a result of DeBaggis's stipulation to the dismissal of U.S. Bank as
a Defendant in his "case." (Doc. 1978).  However, the Court remarked, "[t]he stipulation
fails to reference whether Mr. Debaggis claims to have claims against any other
Defendants and whether he believes his 'case' will continue." (*Id.* at 1).

potential class member in the motions for class certification), because he is not properly before this Court as a named Plaintiff." (*Id.* at 2).

On November 10, 2015, Defendants moved for summary judgment on Count I in Plaintiffs' CAC as to Plaintiff DeBaggis. (Doc. 1985). In this Motion for Summary Judgment, Defendants' alternately moved to dismiss DeBaggis's claims:

> DeBaggis never filed a lawsuit that the Judicial Panel on Multi-District Litigation transferred to this Court. Rather, DeBaggis was joined when Plaintiffs filed their Consolidated Master Complaint—which is impermissible—and thus, this Court's jurisdiction has not been invoked. *See, e.g.*, *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, 2008 WL 4763029, at *5 (D. Or. Oct. 28, 2008) (dismissing four claims because there is "no authority for this court, as an MDL transferee court, to exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel"); *In re Packaged Ice Antitrust Litig.*, 2011 WL 6178891, at *9 (E.D. Mich. Dec. 12, 2011) (attempt to add new named plaintiffs to consolidated amended complaint "ignored basic Article III principles and . . . bypassed the appropriate MDL process for consolidation of these plaintiffs' claims"). The MERS Defendants alternatively request that DeBaggis's claims be dismissed for lack of jurisdiction.

(*Id.* at 2, n.1).

On November 12, 2015, Plaintiffs filed a Notice of Compliance with Order to Show Cause Regarding Nicholas DeBaggis. (Doc. 1992).  Although Plaintiff's Notice of Compliance "explained the reasons that Mr. DeBaggis stated a claim," "[t]he Court had no doubt . . . that Mr. DeBaggis stated a claim" pursuant to Rule 12(b)(6) following the Ninth Circuit's mandate in the matter of *In re Mortgage Elec. Registration Sys., Inc.*. (Doc. 1996 at 1).  "However, Plaintiff's argument that the Court of Appeals could confer jurisdiction on this Court by negative implication is not well taken." (*Id.*).  Accordingly, finding that Plaintiffs' Notice of Compliance failed to answer the Court's question posed in its prior Order (Doc. 1978), the Court then ordered Plaintiffs on November 17, 2015 to file a supplemental brief answering two questions:

> 1.      Does a transferee MDL court have the authority to join

'new' plaintiffs in an MDL when such Plaintiffs never filed their own case (nor paid the filing fee) and never had their cases transferred to this Court by the panel on multidistrict litigation.

2.     Who are the defendants to Mr. DeBaggis's case and what is the Court's basis for federal subject matter jurisdiction over Mr. DeBaggis's case.

(Doc. 1996 at 1–2) (footnote omitted).

On December 4, 2015, Plaintiffs filed the requested Supplemental Brief Regarding Jurisdictional Issues. (Doc. 2001).   In their brief, Plaintiffs assert that the Court has subject-matter jurisdiction over DeBaggis's claims even though DeBaggis "was added [as a Plaintiff] by amendment and not as a result of his filing a separate member case." (*Id.* at 3–4).  Plaintiffs allege that "[t]he basis for this Court's federal subject matter jurisdiction over Mr. DeBaggis' case is diversity of citizenship." (*Id.* at 6–7).  Plaintiffs further contend in its brief that DeBaggis has a claim against Defendant Mortgage Electronic Registration Systems, Inc. "based on its involvement in the recording of the false documents related to Mr. DeBaggis' property." (*Id.* at 6).

On December 18, 2015, Defendants filed their Reply to Plaintiffs' Supplemental Brief. (Doc. 2004). This Reply states:

The jurisdictional issue relating to DeBaggis does not involve whether there was diversity jurisdiction or federal question jurisdiction relating to DeBaggis's claims. Rather, the issue is whether the Court's jurisdiction was sufficiently invoked because DeBaggis never filed a lawsuit in this federal court or in any other federal court that was then transferred to the MDL Court by the Judicial Panel on Multi-District Litigation.

(*Id.* at 16, n.8).

On February 1, 2016, Plaintiffs responded to Defendants' Motion to Dismiss, incorporating by reference their Supplemental Brief Regarding Jurisdictional Issues. (Doc. 2013 at 2).  Defendants' replied to Plaintiffs' response on February 29, 2016, again stating that "DeBaggis's claims alternatively should be dismissed for lack of jurisdiction." (Doc. 2044 at 1, n.1).

## II.     LEGAL STANDARD

### Dismissal for Lack of Subject-Matter Jurisdiction

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).   In a motion to dismiss under Rule 12(b)(1), "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990).   Essentially, "the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).   In addition, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

An allegation of lack of subject-matter jurisdiction under Rule 12(b)(1) may be raised at any time by the parties or the court. Fed. R. Civ. P. 12(h)(3).   Specifically, Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id. See also Arbaugh*, 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").   Further, "[b]ecause subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 625 (2002).   Additionally, "[i]f a party so moves," any defense of lack of subject matter jurisdiction "whether made in a pleading or by motion . . . must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee,* 227 F.3d

1214, 1242 (9th Cir. 2000) (citation omitted)). In a "facial attack" of subject-matter jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  In contrast, in a "factual attack" of subject-matter jurisdiction, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In resolving either a facial or factual attack of subject-matter jurisdiction under Rule 12(b)(1), "the court is not limited to the allegations in the pleadings if the jurisdictional issue is separable from the merits of the case." *Kinlichee*, 929 F. Supp. at 954 (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).  In such a situation "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). *See also Arbaugh*, 546 U.S. at 501 ("[I]f subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts.").

**Mandate on Remand**

As previously stated by the Court (*see* Doc. 2005 at 3–4), within the Ninth Circuit "a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case" under the law of the case doctrine. *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012).  Thus, when "the issue in question [was] decided explicitly or by necessary implication in the previous disposition," there is no need to revisit the decision. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993).  Additionally, "when a court is confronted with issues that the remanding court never considered, the 'mandate requires respect for what the higher court decided,

- 6 -

not for what it did *not* decide.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (internal punctuation omitted) (quoting *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000)).

In its opinion, the Court of Appeals did not address any jurisdictional issues pertaining to DeBaggis. However, the Ninth Circuit Court of Appeals expressly referenced DeBaggis as having stated a claim.[3] *In re Mortgage Elec. Registration Sys.*, *Inc.*, 754 F.3d 772, 783 (9th Cir. 2014). This omission of any discussion of jurisdictional issues regarding DeBaggis indicates the scope of the Court of Appeals' mandate on remand.[4] *See Fid. Nat'l Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948, 956 (D. Ariz. 2012) (holding that "[b]ecause the mandate is silent as to its scope, the court will look at the Ninth Circuit's opinion" to ensure that the consideration of an issue does not "impermissibly exceed[] the scope of the mandate"). Accordingly, a district court "may consider and decide any matters left open by the mandate" of the appellate court. *United States v. Thrasher*, 483 F.3d at 981 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)).

## III.   ANALYSIS

This Court's obligation to determine "the fundamental question of subject matter jurisdiction" is well-founded, as "[f]ederal courts are courts of limited jurisdiction and possess 'only that power authorized by the Constitution and statute.'" *In re Farmers Ins.*

---

[3] *See* footnote 1 on page two of this Order.

[4] While the Court of Appeal's opinion in the matter of *In re Mortgage Elec. Registration Sys., Inc.* mentions DeBaggis, this Court is doubtful that the Ninth Circuit addressed whether or not it had subject-matter jurisdiction over DeBaggis. Although this Court's Order which was directly appealed to the Ninth Circuit explicitly mentioned that "alleged Plaintiff DeBaggis is not a named Plaintiff in any member case of this MDL," (Doc. 1602 at 8) this was the only suggestion throughout the 23-page Order that the Court may not have subject-matter jurisdiction over DeBaggis's claims. Additionally, as the Ninth Circuit noted itself, Plaintiffs' "CAC is long and somewhat diffuse, not always making clear the state whose law is at issue. Further, appellants' brief on appeal does not specify with complete clarity which claims in the CAC they contend were improperly dismissed." *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 781. For these reasons, this Court does not believe that the Court of Appeals addressed the issue of subject-matter jurisdiction over DeBaggis's claims.

*Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008 WL 4763029, at *1 (D. Or. Oct. 28, 2008) (quoting *Sandpiper Village Condominium Ass'n, Inc. v. Louisiana–Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005)). As "the plaintiff has the burden of proving jurisdiction in order to survive the motion" challenging jurisdiction under Rule 12(b)(1), this Court will review Plaintiffs' arguments that there is subject-matter jurisdiction over DeBaggis's claims first. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

In their Supplemental Brief Regarding Jurisdictional Issues (Doc. 2001), Plaintiffs concede "the request to add Mr. DeBaggis' claims was via the motion for leave to file the CAC," and DeBaggis was thereafter "added as a plaintiff by amendment." (Doc. 2001 at 3–4). Plaintiffs also state that they "did not intend to imply that he was added by negative implication." (*Id.* at 3). Rather, Plaintiffs allege "[t]he addition of Mr. DeBaggis was appropriate" as "this Court has subject matter jurisdiction over" DeBaggis's claims. (*Id.* at 3–4). This Court disagrees, however, because each of Plaintiffs' arguments alleging subject-matter jurisdiction fail or lack merit, as discussed below.

In response to this Court's question of whether a transferee MDL court has authority to join "new" plaintiffs who neither filed their own case nor had their case transferred to the MDL court by the Panel on multidistrict litigation, Plaintiffs answer in the affirmative. (*Id.* at 3). In support of their position, Plaintiffs first cite Rule 2.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. (*Id.*). This rule states: "[t]he Panel's customary practice shall govern, unless otherwise fixed by statute or these Rules." J.P.M.L. R. 2.1(a). Though Plaintiffs then assert that "[a]pplicable local rules would dictate," (Doc. 2001 at 3) Plaintiffs fail to allege which local rules, if any, would permit Plaintiffs to bypass the customary procedure required to invoke the MDL court's jurisdiction by instead adding DeBaggis as a plaintiff by amendment to the CAC.

A plaintiff may not unilaterally add actions in the MDL that have not been pending in federal court elsewhere or which were not transferred to the transferee court through the MDL process. *See In re Farmers Ins. Exch. Claims Representatives'*

*Overtime Pay Litig.*, 2008 WL 4763029, at *3.  Specifically, Title 28 of the United States Code Section 1407 limits those "actions [which] may be transferred to any district for coordinated or consolidated pretrial proceedings" to "civil actions involving one or more common questions of fact [that] *are pending in different districts*." 28 U.S.C. § 1407(a) (emphasis added).  "Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.*  These "[p]roceedings for the transfer of an action" may be initiated by the judicial panel itself or by "motion filed with the panel by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate." 28 U.S.C. § 1407(c).  To do so, "[a] copy of such motion shall be filed in the district court in which the moving party's action is pending." 28 U.S.C. § 1407(c)(ii).  After a transfer hearing is held, the Judicial Panel may then issue a transfer order based on any material evidence offered at that hearing "by any party to an action pending in any district that would be affected by the proceedings." 28 U.S.C. § 1407(c).

After the Panel transfers the action by order to the transferee court under Section 1407, "[a]ny party or counsel . . . shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears." J.P.M.L. R. 7.1(a).  Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation continues, "[u]pon learning of the pendency of a potential tag-along action, the Clerk of the Panel may enter a conditional order transferring that action to the previously designated transferee district court." J.P.M.L. R. 7.1(b).

However, there is an exception, as "[p]otential tag-along actions *filed* in the transferee district do not require Panel action." J.P.M.L. R. 7.2(a) (emphasis added).  To invoke this exception, "[a] party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules." *Id.*  Notwithstanding, the local Arizona Federal Court Rules do not specifically address such potential tag-along

actions.[5]  Accordingly, per Rule 2.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, "[t]he Panel's customary practice shall govern, unless otherwise fixed by statute or these Rules." J.P.M.L. R. 2.1(a).

Here, Plaintiffs did not request consolidation or assignment of DeBaggis's claims to this Court, the transferee judge, as a tag-along action to the multidistrict litigation.  In actuality, Plaintiffs did not even file DeBaggis's action in the transferee district or in any court, and DeBaggis did not have any civil action pending which could have been transferred to this Court by the Judicial Panel.  Plaintiffs, instead, added DeBaggis's claims by amendment to the CAC in the pending MDL action.  Accordingly, the exception designated in Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation does not apply.  Further, it is clear that neither Title 28 of the United States Code Section 1407, the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, nor the Local Rules permit a transferee court to join a new plaintiff in the MDL when such plaintiff never filed his own case or had his case transferred to the court by the Judicial Panel.

Plaintiffs also cite Federal Rules of Civil Procedure 20(a) and 15 in support of their argument that this Court has subject-matter jurisdiction over DeBaggis. (Doc. 2001 at 4).  Federal Rule of Civil Procedure 20(a)(1) states: "[p]ersons may join in one action

---

[5] The only mention of multidistrict litigation in the Local Rules of Civil Procedure for the District of Arizona ("Local Rules") is Local Rule 16.2(b)(4)(C). This Local Rule states: "An attorney filing a complaint, answer, or other pleading in a case that may involve multidistrict litigation (see 28 U.S.C. § 1407), must file with the pleading a paper describing the nature of the case listing the title(s) and number(s) of any other related case(s) filed in this or other jurisdictions." LRCiv 16.2(b)(4)(C).  However, some Federal District Courts do have local rules specifically addressing tag-along actions to the multidistrict litigation. For example, Local Rule 40.3(b)(6) of the Northern District of Illinois states, in part, that "[w]here a civil case is filed as a potential tag along action to a multidistrict litigation ('MDL') proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding." IL R USDCTND L.R. 40.3(b)(6); *see also Unified Messaging Sols., LLC v. United Online, Inc.*, No. 13 C 00343, 2013 WL 1874211, at *2 (N.D. Ill. May 3, 2013) (plaintiff's filing of a complaint with an Affidavit for Multi-District Litigation Proceeding providing that "[t]he potential tag-along action shares common questions of fact and law with each of the cases transferred" to the MDL complied with both local rules and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation).

as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  Federal Rule of Civil Procedure 15 provides, in part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Though Plaintiffs do not explicitly assert an argument here, Plaintiffs state "Mr. DeBaggis was added as a plaintiff by amendment." (Doc. 2001 at 4).  From this, the Court surmises that Plaintiffs may be trying to argue that the Court has subject-matter jurisdiction over DeBaggis because he was added as a plaintiff by amendment in accordance with Rule 20(a) and Rule 15.[6]  However, Plaintiffs cannot add DeBaggis as a plaintiff by amendment in the MDL as this directly contradicts the appropriate procedures designated in 28 U.S.C. §1407 for consolidating cases for pretrial proceedings.  *See* 28 U.S.C. §1407.  Accordingly, this Court must dismiss DeBaggis's claims pursuant to Rule 12(b)(1). *See Smith v. McCullough,* 270 U.S. 456, 459 (1926) ("A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.").

As Defendants pointed out, the majority of case law on this topic indicates that a transferee court's jurisdiction is not sufficiently invoked where an added plaintiff never filed a lawsuit in any federal court nor had its case transferred to the transferee MDL court by the Judicial Panel.  Defendants first cite *In re Farmers Ins. Exch. Claims*

---

[6] This same practice of adding a plaintiff by amendment when that plaintiff has neither filed a civil action nor has had its case transferred by the Judicial Panel is addressed in the matters of *In re Packaged Ice Antitrust Litig.* and *In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litig.*, discussed below.  *See In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008 WL 4763029, at *3 (D. Or. Oct. 28, 2008); *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *9 (E.D. Mich. Dec. 12, 2011).

*Representatives' Overtime Pay Litig.* (Doc. 1985 at 2).  In *Farmers*, the plaintiffs added, without leave of court, four new state law claims in its Fourth Amended Complaint after the Judicial Panel had transferred a number of cases then pending to the transferee court. *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439, 2008 WL 4763029, at *2–3 (D. Or. Oct. 28, 2008).  Though the defendants' had moved to dismiss this Fourth Amended Complaint, this motion was later withdrawn as part of an agreement and stipulation between the parties allowing the new state law claims to proceed. *Id.*  As a result, the court never ruled on defendants' motion to dismiss, but was still "troubled by the plaintiffs' unilateral addition of state law class actions in this MDL that had not been pending in federal court elsewhere and were not transferred to this court through the MDL process." *Id.*  Ultimately, the MDL transferee court in *Farmers* found that it had no authority "to exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel and over which this court lacks original jurisdiction." *Id.* at *5.

Analogous to the situation in *Farmers*, DeBaggis's claims "were not transferred to this court through proper MDL procedures but, rather, were simply added by fiat." *Farmers*, 2008 WL 4763029, at *3.  Accordingly, DeBaggis's claims have no "home federal court" to which this Court may eventually remand them, in accordance with 28 U.S.C. § 1407(a); *id.*  As a result, this Court must dismiss DeBaggis's claims for lack of subject-matter jurisdiction.

Plaintiffs contend, however, that *Farmers* is distinguishable from the present case. (Doc. 2001 at 4–5).  In support of this argument, Plaintiffs state that "Mr. DeBaggis would be included with Robinson and Silvas, as he was originally represented by the same firm that originated the Robinson matter." *Id.* at 5.  Accordingly, Plaintiffs contend that DeBaggis's "claims arise out of supplemental jurisdiction" as "supplemental jurisdiction 'presupposes the existence of a case, already properly before the court, to which the other claims may be attached.'" *Id.* (citing *Dorsey v. Mfrs. Life Ins. Co.*, No. CIV. A. 97-2389, 1997 WL 703354, at *3 (E.D. La. Nov. 10, 1997)).

1    Reading the *Dorsey* case as a whole, however, Plaintiffs' citation is completely out

2    of context.   In actuality, *Dorsey v. Mfrs. Life Ins. Co.* weighs significantly against

3    Plaintiffs' position.  In *Dorsey*, the court states:

> Supplemental jurisdiction presupposes the existence of a case, already properly before the court, to which the "other claims" may be attached. In other words, supplemental jurisdiction does not create original jurisdiction, it merely sweeps "other claims" under the federal court's jurisdictional rug.
>
> Defendants would like to equate the procedural tool of "consolidation" with supplemental jurisdiction. . . . A desire for consolidation, however, does not obviate the need for the Dorsey action to be properly before this Court. The statute governing inter-district consolidation states that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for consolidated pretrial proceedings." 28 U.S.C. § 1407(a). . . . [H]owever, *this rule "requires that both actions be 'pending before the court'* and an improperly removed action does not meet this criterion." . . . *The possibility, or even the actual, consolidation of two lawsuits does not give the district court subject matter jurisdiction to adjudicate an action that is lacking in original federal jurisdiction.*

*Dorsey v. Mfrs. Life Ins. Co.*, 1997 WL 703354, at *3 (citations omitted; emphasis added).

Although the *Dorsey* case is factually distinguishable in that it involves a district court ruling on a motion to remand, the Plaintiffs' argument here, like the defendants' argument in *Dorsey*, has wrongly equated "consolidation" with supplemental jurisdiction by contending that DeBaggis's claims arise out of supplemental jurisdiction. *Id.*  As the court clarified in *Dorsey*, however, civil "actions may be transferred to any district for consolidated pretrial proceedings" under 28 U.S.C. § 1407, but only if those actions are "pending before the court." *Id.*  Accordingly, Plaintiffs' argument that DeBaggis "was originally represented by the same firm that originated the Robinson matter" (Doc. 2001 at 5) is irrelevant because DeBaggis never filed a suit of his own nor had any suit

- 13 -

pending.    Regardless of Plaintiffs' desire to consolidate DeBaggis's suit with the multidistrict litigation, this transferee court "does not have subject matter jurisdiction to adjudicate an action that is lacking in original federal jurisdiction." *Dorsey*, 1997 WL 703354 at *3.

Further, "[i]n the unique procedural world of an MDL, the authority of the transferee court to handle the case ordinarily ends on conclusion of pretrial proceedings." *Farmers*, 2008 WL 4763029, at *3. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (holding that 28 U.S.C. § 1407 "not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course"). Because "the district court's jurisdiction as an MDL transferee court is generally coextensive with pretrial proceedings," that transferee "district court does not have authority to transfer a case to itself for trial, . . . nor may it consolidate actions for all purposes." *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699–700 (9th Cir. 2011) (internal citations omitted).    Accordingly, "[w]ithin the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." *Id.* at 700.

In support of their Motion to Dismiss, Defendants' also cite the matter of *In re Packaged Ice Antitrust Litigation*. (Doc. 1985 at 2).  In *Packaged Ice*, the court dismissed the indirect purchaser plaintiffs' ("plaintiffs") amended consolidated class action complaint in the MDL on March 11, 2011. *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-1952, 2011 WL 6178891, at *1 (E.D. Mich. Dec. 12, 2011).  When the plaintiffs later filed a new, amended consolidated class action complaint on May 25, 2011, additional plaintiffs were added whose claims had not been asserted in the prior complaint. *Id.* at *2.  Thereafter, the court granted the defendants' motion to dismiss these added claims for lack of subject-matter jurisdiction. *Id.* at *9.  The court stated that by "adding these proposed new plaintiffs' claims to their existing complaint," plaintiffs

"have ignored basic Article III principles and have bypassed the appropriate MDL process for consolidation of these plaintiffs' claims." *Id.* at *9.  As the additional claims had not been transferred to the court through the MDL process nor pending in any court prior to their addition to the amended complaint, "[w]ere the Court to permit the addition of these Plaintiffs, the Court would be without options at the time of remand as these proposed Plaintiffs' claims have no 'home[]'" transferor court. *Id.* at *8–9.  Although counsel for the plaintiffs "indicated that they 'thought they were achieving efficiencies' and 'making it easier for everyone' by simply adding these proposed new plaintiffs' claims to their existing complaint," the court did not allow the plaintiffs to "retroactively create jurisdiction that did not exist at the time a complaint was filed." *Id.* at *6, *9.

Here, after the Court dismissed claims in twenty of the associated cases (Doc. 1170; Doc. 1247), the remaining Plaintiffs filed a Consolidated Amended Complaint ("CAC") (Doc. 1424), which included DeBaggis's claims by fiat.  Similar to the plaintiffs in *Packaged Ice*, Plaintiffs have bypassed the appropriate MDL procedure for consolidation.  Accordingly, this Court does not have subject-matter jurisdiction over DeBaggis's claims.  Plaintiffs have also disregarded the fact that "an MDL proceeding like the present one is merely a collection of individual cases, combined to achieve efficiencies in pretrial proceedings." *Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liab. Litig.*, 785 F.Supp.2d 925, 930 (C.D. Cal. 2011).  As "MDL courts cannot lose sight of the separate and distinct nature of those actions," this transferee court must not "be managed in a manner that fails to take into account that the cases are destined to be returned to their transferee jurisdictions." *Id.*

Plaintiffs allege, however, that *In re Packaged Ice Antitrust Litigation* is distinguishable from the present case by calling attention to alleged factual differences between the two. (Doc. 2001 at 5–6).  Specifically, Plaintiffs point to the fact that the plaintiffs in *Packaged Ice* "sought to add additional plaintiffs who were in a category of claimants whose claims had been previously dismissed by the court based on the lack of subject matter jurisdiction." (*Id.* at 5).  Nevertheless, this Court finds that *Packaged Ice* is

similar to the present case and that Plaintiffs' argument fails.  Regardless of the factual differences leading to the court's holding that the plaintiffs may not "retroactively create subject matter jurisdiction by adding new plaintiffs," the court in *Packaged Ice* also held it could not exercise subject matter jurisdiction over the claims because the plaintiffs had "bypassed the appropriate MDL process for consolidation." *In re Packaged Ice Antitrust Litig.*, 2011 WL 6178891, at *8–9.

Plaintiffs further contend that *Packaged Ice* is distinguishable because "Mr. DeBaggis is represented by the same counsel as the Robinson and Silvas plaintiffs, he has standing to bring a False Documents Claim, and his claims are against MERS." (Doc. 2001 at 6).  As a result, Plaintiffs contend that the present case is not analogous with *Packaged Ice* "because the court [there] found that, even if there were a basis for subject matter jurisdiction, the new plaintiffs could not be assimilated into the MDL because they were not represented by the same counsel as the IP plaintiffs, and because they sought to assert separate state law claims." (*Id.*).  In fact, however, Plaintiffs' incorrectly state *Packaged Ice's* findings.  In contrast to what Plaintiffs have stated in their Supplemental Brief, the opinion actually states:

> Even assuming that under different circumstances, subject matter jurisdiction could be exercised over these claims, this is clearly not such a case. *As counsel for the IP Plaintiffs explained to the Court at the hearing on this matter*, these proposed new plaintiffs are not represented by counsel for the IP Plaintiffs, they have their own counsel and intend to maintain the separate identities of their state-law based class action claims as the case proceeds. The proper course for these proposed new plaintiffs in this MDL litigation is to file their claims in the appropriate forums and to permit the MDL consolidation process to operate as intended. Whether their cases, once filed, will be appropriate for consolidation with this action for pre-trial purposes under the MDL rules is an issue to be decided at a later time.

*Packaged Ice*, 2011 WL 6178891, at *8 (emphasis added).

Specifically, what Plaintiffs say the court held in *Packaged Ice* was actually what counsel for the plaintiffs had "explained to the Court at the hearing" on the matter. *Id.*

The court is not contending that there is not subject-matter jurisdiction because the proposed new plaintiffs have different counsel and are asserting separate state law claims. Rather, the court is recounting what counsel for the plaintiffs had said in order to indicate that the individual claims inappropriately added to the amended complaint by the plaintiffs should have, instead, been filed "in the appropriate forums" as separate actions, therefore allowing "the MDL consolidation process to operate as intended." *Id.* From there, the Judicial Panel would ascertain whether or not those claims would be appropriate for consolidation with the MDL. *Id.*

As Plaintiffs' claim that *Packaged Ice* is distinguishable was based on an inaccurate recounting of that court's opinion, Plaintiffs' argument fails. Further, the facts alleged by Plaintiffs that DeBaggis "is represented by the same counsel as the Robinson and Silvas plaintiffs, [] has standing to bring a False Documents claim, and [has] claims [] against MERS," (Doc. 2001 at 6) are irrelevant as they do not change the fact that Plaintiffs "bypassed the appropriate MDL process for consolidation" of DeBaggis's claims. *Packaged Ice*, 2011 WL 6178891, at *9. Though Plaintiffs also allege that "[f]ollowing conclusion of the pretrial proceedings, Mr. DeBaggis' claims should be remanded to the court to which the Robinson and Silvas claims would be remanded, which would be this Court based on Doc. 211," (Doc. 2001 at 6) this Court disagrees. This Court has no "home court" to remand DeBaggis's action to at the conclusion of pretrial proceedings because DeBaggis's claim was never filed in any court nor transferred to this Court by the Judicial Panel or by Local Rule. *See* 28 U.S.C. § 1407 ("Each action . . . shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]"). Therefore, the fact that DeBaggis has the same counsel as the Robinson and Silvas plaintiffs is not sufficient to give this Court original jurisdiction over DeBaggis's claims upon remand once the pretrial proceedings in this MDL have

1    concluded.[7]

2        Plaintiffs have cited two cases which they believe support their contention that

3    DeBaggis should be allowed to participate in this litigation. (*See* Doc. 2001 at 4).

4    However, the Court finds that these cases, *In re Caterpillar Inc.* and *Miller v. Ghirardelli*

5    *Chocolate Co.*, lend no support to Plaintiffs' contention that this Court has subject-matter

6    jurisdiction over DeBaggis's claims.  *See In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 665–

7    666(D.N.J. 2014) (allowing additional plaintiffs to be added through an amendment to

8    the complaint in a MDL where those additional plaintiffs had filed civil actions in another

9    court); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 6776191

10   (N.D. Cal. Dec. 20, 2013) (allowing proposed additional plaintiff to intervene as another

11   class representative in a class action, rather than in multidistrict litigation, where

12   proposed plaintiff had the same claim as the class).   Specifically, these cases are not

13   pertinent to the present case, as they do not address the situation in which a plaintiff, who

14   has not had its case transferred to the MDL by the Judicial Panel nor filed a case in any

15   other court, attempts to add its claims to the MDL.  Further, *Miller v. Ghirardelli* does

16   not involve multidistrict litigation, and is a case regarding a class action.  *Ghirardelli*,

17   2013 WL 6776191 at *7.

18       Finally, Plaintiffs contend that "this Court has subject matter jurisdiction over

19   [DeBaggis's] claims" because the "Panel's transfer order included all claims that

20   involved the MERS System," and "[t]he False Documents Claims have their genesis in

21   the MERS System." (Doc. 2001 at 4).  However, regardless of what the transfer order

22   provides, 28 U.S.C. § 1407(a) indicates that all actions must first be filed and pending

23   _____

24       [7] Had DeBaggis filed his case in this Court instead of inappropriately adding his
     claims by amendment to the CAC, this Court would have had original jurisdiction upon
25   remand once the pre-trial proceedings in the MDL concluded. *See In re Korean Air Lines
     Co.*, Ltd., 642 F.3d 685, 700, n.13 (9th Cir. 2011) (Where the "case at issue is initiated in
26   the transferee court's district" that "district court's jurisdiction beyond pretrial matters is
     part of its original jurisdiction, not the MDL jurisdiction").  However, "considerations
27   that animate the restrictions placed on a transferee court's exercise of jurisdiction over its
     MDL docket—including the principle that individual cases remain separate actions
28   despite being coordinated or consolidated for pretrial purposes—do not dissipate because
     a particular case was filed in the MDL's home district." *Id.*

before that action may be transferred for consolidated pretrial proceedings. 28 U.S.C. § 1407(a).  As DeBaggis's case was never filed or pending in any court prior to its addition to the CAC by Plaintiffs, this is the fatal flaw in Plaintiffs' argument.  Defendants correctly note that "DeBaggis was not a plaintiff in any of the original six actions that the Panel transferred to this Court to establish this MDL; nor was DeBaggis a plaintiff in any of the subsequent tag-along actions." (Doc. 2004 at 18).  Consequently, this Court does not have subject-matter jurisdiction over DeBaggis's claims as this Court's jurisdiction was not sufficiently invoked.

## IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 1985 at 2, n.1) is **GRANTED**.  Plaintiff Nicholas DeBaggis's claims against Defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 1985) is **DENIED** as moot.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, there being no just reason for delay, the Clerk of the Court shall enter judgment in favor of the MERS' Defendants and against Plaintiff Nicholas DeBaggis.[8]

Dated this 21st day of July, 2016.

James A. Teilborg
Senior United States District Judge

___

[8] The question of the necessity of Rule 54(b) language has previously arisen in this MDL. *See Rollins v. Mortgage Elec. Registration Sys., Inc.*, 737 F.3d 1250 (9th Cir. 2013). Generally, an appeal must await the entry of a final judgment fully disposing of all claims asserted in the action. Federal Rule of Civil Procedure 54(b) presents an exception. Pursuant to Rule 54(b), "[w]hen an action," as here, "presents more than one claim for relief–whether as a claim, counterclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no reason for delay." Fed. R. Civ. P. 54(b). According to the framework set out for applying Rule 54(b) in *Curtiss-Wright Corp. v. General Electric Co.*, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Therefore, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Next, the Court "must determine whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Mackey*, 351 U.S. at 437). Here, unlike *Rollins v. Mortgage Elec. Registration Sys., Inc.*, Mr. DeBaggis has no bifurcated case to consider the status of in determining whether this is a final Order. Thus, it appears this Order resolves the totality of Mr. DeBaggis's case. Accordingly, no 54(b) language would be required. However, to the extent Mr. DeBaggis is an improper free-standing MDL Plaintiff, this Order does not resolve the entire MDL as to all Plaintiffs. Therefore, out of an abundance of caution that Rule 54(b) language might be required, this Court certifies this Order as a final appealable judgment under Rule 54(b) because there is no just reason for delay.

- 20 -