WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION | **MDL 09-02119-PHX-JAT**<br>**CV 10-1547-PHX-JAT** |
| THIS DOCUMENT RELATES TO: | **ORDER** |
| Stejic v. MERS,<br>CV 10-01547-PHX-JAT | |

## I.    Parties and Pending Motion

According to Plaintiffs' jurisdictional statement, this member case has one named Plaintiff: Milan Stejic.  (Doc. 2001-1 at 6).  There are 5 Defendants: MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"); Quality Loan Service Corporation, Aurora Loan Services, LLC, and Shelter Mortgage, LLC.  Pending before the Court is MERS' motion for summary judgment (Doc. 1983).

To complicate matters, Plaintiffs' counsel elected to "consolidate" the response of Plaintiff Milan Stejic with a Plaintiff from another member case (CV 10-1548), who responded to a different motion for summary judgment (Doc. 1981).  The Court has disregarded the portions of the response directed at that Plaintiff for purposes of this Order.

## II.     Summary Judgment Standard

Summary judgment is appropriate when a moving part shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pro. 56.  Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-movant to establish the existence of material fact.  *Id.*  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. Pro. 56(e) (1963) (amended 2010)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment.  *Id.* at 247–48.

## III.     Count I of the Amended Complaint

Following the Court of Appeals reversal (*In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014) at Doc. 1820) of this Court's dismissal of the consolidated amended complaint in this case, there is one Count remaining.   The remaining Count is a cause of action under A.R.S. § 33-420(A).  Another Court in this district has summarized this cause of action as follows:

> …A.R.S. § 33-420(A) [] penalizes persons claiming an interest or lien in real property for knowingly recording a document that is "forged, groundless, contains a material misstatement or false claim or is otherwise invalid":

A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that *the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid* is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

(Emphasis added.) The broader statutory section, A.R.S. § 33-420, is entitled "False documents; liability; special action; damages; violation; classification."

*David A. Kester v. CitiMortgage,* CV 15-365, Doc. 37 (D. Ariz. March 31, 2016).

## IV.   Fact Specific Claims

### A.   Scope of the Mandate (Forgery)

As to Plaintiff's claims, this Court previously recounted,

[Plaintiffs'] amended complaint was dismissed on October 3, 2011. (Doc. 1602). Plaintiffs appealed dismissal of Counts I-VI to the Ninth Circuit Court of Appeals. The Court of Appeals reversed the dismissal of Count I and affirmed the dismissal of Counts II-VI. *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 786 (9th Cir. 2014). Specifically, the Court of Appeals held that: (1) A.R.S. § 33-420 applies to Notices of Trustee Sale, Notices of Substitution of Trustee, and Assignments of a Deed of Trust, documents which Plaintiffs alleged to be fraudulent in the CAC; (2) Plaintiffs' claims are not timebarred; (3) Plaintiffs have standing to sue under A.R.S. § 33-420; and (4) Plaintiffs pleaded their robosigning claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 8(a). *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 781-784.

Doc. 2005 at 2.

More specifically, the Court of Appeals held that Plaintiff had stated a claim that "the documents at issue are invalid because they are 'robosigned (forged).'" *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d at 783. As to Plaintiff Stejic specifically, the Court of Appeals stated, "the [consolidated amended complaint] also alleges that Jim Montes, who purportedly signed the substitution of trustee for the property of Milan Stejic had, on the same day, 'signed and recorded, with differing

signatures, numerous Substitutions of Trustee in the Maricopa County Recorder's Office…. Many of the signatures appear visibly different than one another.'"   (Doc. 1820-1 at 25).

As this Court discussed at length in the order denying class certification (Doc. 2005), this claim is the only claim of the 18-page Count One that was remanded to this Court.   Indeed, the Court of Appeals confirmed that all other theories potentially embedded in Count One were waived by Plaintiffs by not raising them on direct appeal. (Doc. 2047)  Thus, Plaintiff Stejic must survive summary judgment on this single claim.

As indicated above, the statute at issue creates a cause of action when someone files a document that is: 1) forged; 2) groundless; 3) contains a material misstatement or false claim; or 4) is otherwise invalid.  A.R.S. § 33-420(A).  However, the Court of Appeals' mandate could be construed as permitting Plaintiff to prove only "forgery" as the means by which this statute was violated.  (Doc. 1820).  Indeed in a subsequent decision, the Court of Appeals stated

> "This court's reversal of Count I was limited to petitioners' claims of robosigning *and* forgery. To the extent petitioners now seek to challenge the MDL Court's dismissal of Count I as to allegations beyond robosigning *and* forgery, that challenge is waived because it was not raised in the appeal in *MERS I*."

(Doc. 2047 at 2) (emphasis added).

Accordingly, the Court will analyze "forgery"[1] specifically because it is possibly the only claim remaining before this Court.  The Court will then attempt to determine whether Plaintiff is claiming A.R.S. § 33-420 was violated by Defendant MERS in some other way.

---

[1]  Arizona's Criminal Statutes define forgery (as is relevant here) as follows: "A person commits forgery if, with the intent to defraud, the person: 1) Falsely makes, completes or alters a written instrument…."  A.R.S. § 13-2002.  While A.R.S. § 33-420 is not a criminal statute, it does include a criminal penalty; thus this Court will use this definition.

**B.     MERS' motion for summary judgment**

**1.     MERS' Motion as to Forgery**

Consistent with the Court of Appeals' opinion, MERS has identified Jim Montes as the individual who signed the Substitution and Notice of Sale in this case.  (Doc. 1983 at 7-11.)  MERS notes that Plaintiff Stejic has no facts based on his personal knowledge that the signature is forged.  (*Id.* at 10).  MERS also points out that Plaintiff's own expert opined that the nine Montes' signatures he examined, including the ones at issue in this case, were consistent with each other.   (*Id.*)[2]  Thus, Plaintiff's own expert refuted Plaintiff's factual representations that were presented to the Court of Appeals in the consolidated amended complaint.[3]

With respect to any theory of forgery, Plaintiff has failed to create a disputed issue of fact.  Indeed Plaintiff failed to respond to MERS' motion for summary judgment as to a specific allegation of forgery at all.   Plaintiff's only mention of Mr. Montes in his response is, "As alleged in the Consolidated Amended Master Complaint, Jim Montes of Quality Loan Service Corporation was a prolific robosigner."  (Doc. 2016 at 5)  The only "evidence" Plaintiff cites to support this argument is the amended complaint.  (Doc. 2016 at 5, n.8).   While the Court will address the definition of robosigning below, even assuming robosigning was synonymous with forgery (which is not the definition advanced by Plaintiff), Plaintiff has no admissible evidence on this point.  Thus, on this record, Plaintiff has no evidence of forgery and MERS is entitled to summary judgment. *See Celotex*, 477 U.S. at 325 (moving party may discharge its burden on summary

---

[2]  The Court has cited MERS' motion and accompanying statement of facts for the "facts" recounted in this paragraph because Plaintiffs did not present any facts on this issue in the response to the motion.  Accordingly MERS' facts are undisputed.

[3]  Given that Plaintiff claims to have no personal knowledge of whether the signatures are forged, and Plaintiff's expert offers no opinion that the signatures were forged, the Court is unclear what the good faith basis was for making the assertion of inconsistent signatures in the consolidated amended complaint.

judgment by showing there is an absence of evidence to support the nonmoving party's case).

### 2.     Plaintiff's allegations against MERS

#### a.     "Robosigning"

The Court having concluded there is no disputed issue of fact on the only issue the Court of Appeals reversed, namely forgery, the Court could grant summary judgment in favor of MERS.   However, the Court will address "robosigning" because it was specifically mentioned by the Court of Appeals and it is arguably within the scope of the mandate.

Reading Plaintiff's response to MERS' motion for summary judgment, it would appear Plaintiff believes "robosigning" is, by and of itself, a way to violate A.R.S. § 33-420.  (*See* Doc. 2016 at 5).  It is not.  The statute lists four distinct and specific ways it can be violated, and Plaintiff's "robosigning" allegation must fall within one of these four categories to even state a claim.[4]

Plaintiff defines robosigning as, "the actual process where people either forge signatures on high volumes of foreclosure documents, or the actual person signing lacks knowledge of the facts being attested to, and/or the documents are pre-notarized (notarized in blank) or post-notarized (the notary didn't actually witness the signature)." Doc. 2016 at 5.[5] Only one of these means of robosigning, namely forgery, overlaps with

---

[4]   The Court notes that the Court of Appeals found Plaintiffs stated a claim as to "robosigning (forgery)".  This Court is aware that it is bound by that decision.  However the Court of Appeals never suggested that robosigning standing alone, with no evidence of forgery or some other means of violating the actual language of the statute, would state a claim.

[5]   MERS takes issue with Plaintiffs' definition of "robosigning" arguing that it has no basis in Arizona law.  (Doc. 2041 at 8).  This Court has previously noted the problems that arise from the use of the word "robosigning", which does not appear to have a uniformly accepted legal definition.  (Doc. 2005 at 8 n.3).  Plaintiff's citation for his proposed definition comes from a case in the District of Columbia.  (Doc. 2016 at 5).

the ways to violate A.R.S. § 33-420.  Because the Court has already addressed any allegation of forgery above, the Court need not do so again here.

Plaintiff makes no argument as to how this definition, if accepted, would translate to a violation of A.R.S. § 33-420.  Plaintiff has failed to establish a disputed issue of fact (or legal theory of recovery); thus, MERS is entitled to summary judgment on this definition.

### b.  MERS' status as a beneficiary

Plaintiff argues that MERS, as a nominee for the lender, cannot be a beneficiary on a deed of trust.  (Doc. 2016 at 4).  Plaintiff concludes that this "status" effectively violates A.R.S. § 33-420 and A.R.S. § 33-801 because more accurate information should have been recorded.  (*Id*.)

First, this global argument against MERS and the MERS system is beyond the scope of the mandate. (*See* Docs. 1820 and 2047).  Second, even if the Court could reach this argument, as MERS notes in its reply, at least eight cases, including two published opinions of the Ninth Circuit Court of Appeals applying Arizona law, have rejected this argument.  (Doc. 2042 at 5).[6]  Accordingly, MERS is entitled to summary judgment on this theory.

## V.   Conclusion on MERS' motion for summary judgment

Because the Court has determined that MERS is entitled to summary judgment on all claims advanced by Plaintiff in this member case, the Court need not reach MERS additional arguments for summary judgment in its favor including: 1) that Jim Montes properly executed all documents; 2) that MERS did not cause the documents to be

---

MERS appears to be correct that this citation would have no relevance to the law of Arizona.

[6] The Court notes Plaintiffs failed to cite or address any of these cases.

recorded; 3) that MERS did not know or have reason to know that any representations were "false"; and 4) that the statements about MERS were not material. (Doc. 1983 at 8-11, 14, 15, 12). Based on the foregoing,

**IT IS ORDERED** that MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s motion for summary judgment against the Mr. Stejic (Doc. 1983 & 53) is granted.

**IT IS FURTHER ORDERED** that the stipulation to dismiss Aurora Loan Services, LLC, (Doc. 2072) is granted.  Aurora Loan Services, LLC, is dismissed, with prejudice, with each party to bear its own fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not enter judgment[7] at this time.  The Clerk of the Court shall file a copy of this Order in both the MD case number, and the member case number listed above.

Dated this 27th day of July, 2016.

_____
James A. Teilborg
Senior United States District Judge

---

[7] This member case remains open because there are still two Defendants outstanding: Quality Loan Service Corporation and Shelter Mortgage, LLC; and no party sought Rule 54(b) language with respect to MERS' motion.  The dispositive motion deadline of November 1, 2016 is confirmed.